# kUNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION – BAY CITY

IN THE MATTER OF:

**INSPIRED CONCEPTS, LLC,**                                     Case No. 20-20034

                                                              **Chapter 11**

                    **Debtor.**                                **Hon. Daniel Opperman**

___

### STIPULATION TO ENTRY OF ORDER REGARDING DOCUMENT PRODUCTION REQUIRED UNDER THE SECOND INTERIM CASH COLLATERAL ORDER

The Official Committee of Unsecured Creditors ("Committee") and the Debtor agree and

stipulate to entry of the proposed Order attached as Exhibit A.


SCHAFER AND WEINER, PLLC                     WERNETTE HEILMAN PLLC

/s/  John J. Stockdale, Jr.                  /s/ Ryan D. Heilman
John J. Stockdale, Jr. (P71561)              Ryan D. Heilman (P63952)
*Attorney for Committee,*                    *Attorney for Debtor*
40950 Woodward Ave., Suite 100               40900 Woodward Ave., Ste 111
Bloomfield Hills, MI 48304                   Bloomfield Hills, MI 48304
(248) 540-3340                               (248) 835-4745
jstockdale@schaferandweiner.com              ryan@wernetteheilman.com

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN THE MATTER OF:

**INSPIRED CONCEPTS, LLC,**                              **Case No. 20-20034**

                                                        **Chapter 11**

                    **Debtor.**                         **Hon. Daniel Opperman**

**ORDER REGARDING DOCUMENT PRODUCTION REQUIRED
UNDER THE SECOND INTERIM CASH COLLATERAL ORDER**

The Court has reviewed the Stipulation of the Debtor and Official Committee of

Unsecured Creditors ("Committee"); and the Court being fully advised in the premises;

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

**A.**      To the extent (A) not already provided and (B) in Debtor's possession, custody,

or control, the Debtor shall provide (i) documents, (ii) information, and (iii) declarations that are

responsive to the Committee's February 4, 2020 (the "Document Requests"),[1] as set forth

below, to counsel for the Committee by Monday, May 11, 2020.

**B.**      Each of the categories of documents listed in the Document Requests (Nos. 1

through 19) are incorporated into this Order as modified below:

    1.  With respect to Request No. 1 and to date, Debtor has not provided all

        information responsive to Request No. 1.  However, with respect to payments

        to the individual insiders, Debtor may provide a declaration stating that each

        individual received only ordinary compensation or draws in the amounts

        previously disclosed to the Committee in lieu of a list of every payment for

---

[1] The Document Requests are incorporated in the Second Interim Cash Collateral Order [DN 69] and are attached as Exhibit A to Committee's Objection to the Second Interim Cash Collateral Objection [DN 95].

2

ordinary compensation. All other responsive information regarding any payment or transfer shall be disclosed. The Committee's right to seek additional information under Request No. 1 is reserved.

2. The Committee's right to seek to compel personal addresses as requested in Request No. 2 is reserved.

3. Debtor shall provide an organization chart showing the ownership (direct and indirect) of all affiliated companies and shall certify the completeness and accuracy of such organizational chart as of the date provided. Debtor shall provide a complete copy of all organizational documents and meeting minutes of any subsidiary of the Debtor or, to the extent such documents are produced by the subsidiary, Debtor waives any objection to admission or authentication of such documents in any proceeding or contested matter to which such documents are relevant. The Committee's right to seek additional information under Request No. 3 is reserved.

4. Debtor shall provide a declaration that it has fully complied with Request No. 4 as of May 11, 2020.

5. Debtor may provide a print out of its general ledger in response to Request No. 5, which shall identify each payee, payor, transferor, and transferee of any payment or transfer made by or received by the Debtor; although Debtor must still provide a list of all responsive transfers, not previously disclosed to the Committee, that are not included in the general ledger.

6. Debtor has provided the information responsive to Request No. 6.

7. Debtor shall provide responsive documents to the Committee within seven (7) calendar days after receipt of a list of specified transferees from the

3

Committee. Debtor shall not be obligated to provide information for more than ten specified transferees during any seven-day period. This does not, however, limit the total number of vendors that may be specified by the Committee.

8. Debtor shall provide a declaration that it has provided all documents responsive to Request No. 8.

9. Debtor shall provide a declaration that it has provided all documents responsive to Request No. 9.

10. Debtor shall provide a declaration that it has provided all documents responsive to Request No. 10 with respect to tax returns of Debtor and Debtor's affiliated companies, and shall identify each and every Debtor and affiliate tax return on extension and the date such return is due. The Committee's right to seek additional information under Request No. 10 is reserved.

11. Debtor will provide responsive financial statements or a declaration that it has provided all responsive financial statements in its possession, custody or control.

12. Debtor will provide the franchise agreements specified in Request No. 12, but to preserve confidentiality, the Committee will abide by the confidentiality provisions set forth in the Second Interim Cash Collateral Order [DN 69] and, if any of the franchise agreements are filed with the Court, they shall be filed under seal except as otherwise provided in any future Order of this Court or by agreement of parties.

13. Debtor represents that, through counsel, it has requested documents responsive to Request No. 10 from Fifth Third Bank and Debtor shall

4

promptly provide any bank statements to the Committee upon receipt of same from Fifth Third Bank.

14. Debtor shall provide a declaration that it has provided all documents responsive to Request No. 14.

15. Debtor will provide responsive financial statements or a declaration that it has provided all responsive financial statements in its possession, custody or control.

16. Debtor will provide a declaration stating that all documents responsive to Request No. 16 have been provided as of May 11, 2020.

17. Debtor will provide a declaration stating that all documents, if any, responsive to Request No. 17 have been provided as of May 11, 2020.

18. Debtor will provide a declaration stating that all documents, if any, responsive to Request No. 18 have been provided as of May 11, 2020.

19. Debtor will provide a declaration stating that all documents responsive to Request No. 19 have been provided as of May 11, 2020.

**C.**      The declarations set forth above shall state that Debtor has performed a full and diligent search of Debtor's records and have provided all required Documents in Debtor's possession, custody or control.

**D.**      If any documents are produced to the Committee with redactions, Debtor will provide such documents to Committee counsel without redactions promptly after request.

**E.**      In the event that the Court determines that Debtor has materially failed to comply with this Order or Debtor's required disclosures under paragraphs 16 or 18 of the Second Interim Cash Collateral Order [DN 69] or this Order, on Committee's request, Debtor shall promptly retain a financial advisor of Committee's choosing for the purpose of reviewing Debtor's books, records and documents to ensure compliance with this Order and all other disclosure obligations of Debtor in this Chapter 11 case. For purposes of this paragraph, a

failure to comply will not be deemed material if the Debtor remedies the failure within one business day after notice of such failure.

      **F.**     To the extent the Committee receives documents or information responsive to the Document Requests from affiliates of Debtor, such documents and information shall be included in any determination of whether Debtor has complied with its obligations under this Order; that is, Debtor and Debtor's affiliates have no obligation to provide the same documents twice. However, with respect to any documents produced by an affiliate of Debtor, Debtor waives any objection to admission or authentication of such document in any proceeding or contested matter to which such documents are relevant.