**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION – BAY CITY**

IN THE MATTER OF:

**INSPIRED CONCEPTS, LLC,**                  **Case No. 20-20034**

                                             **Chapter 11**

                 Debtor.                     **Hon. Daniel Opperman**

## DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT WITH LABELLE LIMITED PARTNERSHIP AND RELATED ENTITIES

Inspired Concepts, LLC ("Debtor") through counsel, Wernette Heilman

PLLC, for its Motion for Approval of Settlement with LaBelle Limited Partnership

and Related Entities ("Motion"), states:

### JURISDICTION

1.      Debtor filed a voluntary petition for relief under Chapter 11 of Title 11

of the United States Code, 11 U.S.C. § 101, et seq. ("Code") on January 10, 2020

("Petition Date").

2.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§

157 and 1334.

3.      This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b).

4.      Venue of this proceeding and the Motion in this District is proper under

28 U.S.C. §§ 1408 and 1409.

1

## RELIEF REQUESTED

5.    Debtor requests that this Court enter an Order substantially similar to the Order attached as Exhibit 1: (A) approving the settlement and compromise as set forth in the settlement agreement attached as Exhibit 6 ("Settlement Agreement") and (B) authorizing Debtor to comply with all the requirements of the Settlement Agreement.

## FACTUAL BASIS FOR RELIEF SOUGHT

### A. The Disputes with LaBelle and Resolutions under the Settlement Agreement.

#### The Lawsuits

6.    Before the Petition Date, Debtor owned and operated a number of restaurants on properties owned by and leased from LaBelle Limited Partnership ("LaBelle LP") or various entities affiliated with LaBelle LP (collectively, the "LaBelle Parties" or "LaBelle")[1], including a number of Ponderosa and Bennigan's restaurants.

7.    As a result of Debtor's closures of many of these restaurants, among other issues, certain of the LaBelle Parties commenced the following lawsuits against Debtor and one of Debtor's owners, Jeffrey Neely ("Mr. Neely"):

   a.  Case No. 19-15901-CB, 21st Circuit Court for the County of Isabella

   b.  Case No. 19-15422-CB, 21st Circuit Court for the County of Isabella

   c.  Case No. 1:19-cv-10855-TLL-PTM, Eastern District of Michigan (*removed to this Bankruptcy Court as A.P. Case No. 20-02024-dob*)

---

[1] The "LaBelle Parties" are LaBelle LP, Hospitality Holdings, LLC ("Hospitality"), Ladco, Inc. ("Ladco"), Ovens, LLC ("Ovens"), Hoss, LLC ("Hoss"), JBT, LLC ("JBT"), Menu Concepts, Inc., and Cindy Belle, LLC ("CB").

2

8.      Debtor and Mr. Neely filed a counterclaim in Case No. 1:19-cv-10855 against Ladco, and Debtor commenced its own lawsuit against Ladco and Menu as well as two non-LaBelle parties, Brent Stockel and The Clark Stampede, LLC: Case No. 19-16069-CB, 21st Circuit Court for the County of Isabella (*removed to this Bankruptcy Court as A.P. Case No. 20-02025-dob*).

9.      On December 6, the Circuit Court for the County of Isabella entered judgments in Case Nos. 19-15901-CB and 19-15422-CB against Debtor Parties and in favor of LaBelle LP, JBT, Hoss, CB and Ovens.  These lawsuits against Debtor and Mr. Neely were largely premised on breach of lease agreements, early termination, and breach of Mr. Neely's guaranty obligations.

10.      The LaBelle claims in Case No. 1:19-cv-10855 are premised on breach of contract, trademark infringement and enforcement of a non-competition covenant.

11.      Debtor's and Mr. Neely's counterclaims are premised in breach of contract, breach of indemnification obligations, intentional interference with a business relationship, and breach of a non-solicitation contract.

12.      Debtor's claims in Case No. 19-16069 are premised in intentional interference with a business relationship, breach of contracts/breach of non-solicitation agreements/breach of con-compete agreements, and civil conspiracy.

13.      Both Case No. 19-16069 and Case No. 1:19-cv-10855 have been removed to this Bankruptcy Court and remain pending.

14.     All of the on-going litigation will be dismissed with prejudice under the terms of the Settlement Agreement. The defendants in Case No. 19-16069 (A.P. Case No. 20-02025) that are not included in the LaBelle parties will also be dismissed contingent on an agreement in the order of dismissal that they will not solicit any of Debtor's employees that are subject to a non-competition agreement.

### The Proofs of Claims

15.      LaBelle LP, Ladco, JBT, Ovens, Hoss, Hospitality and CB have filed proofs of claim against Debtor in the Bankruptcy Case.

16.     Under the Settlement Agreement, Debtor will not file any objections to these proofs of claims.

### The Administrative Expense Claims

17.     After the Petition Date, Debtor has continued to lease five restaurants from LaBelle entities, including an Ovens restaurant and a Ponderosa. Debtor closed the Ovens and Ponderosa restaurants and rejected the leases.

18.     LaBelle asserts administrative expenses for one month's post-petition rent and common area maintenance due under the Italian Ovens lease and real estate taxes due under the Ponderosa lease for total administrative expense claims of $31,200.44.

19.     Debtor disputes the amounts and characterization of LaBelle's administrative claims.

4

20.     Under the settlement agreement, this dispute is resolved by allowing administrative expense claims for LaBelle LP and Hospitality in the aggregate amount of $16,136.20, representing the rent and common area maintenance for the Italian Ovens restaurant and approximately one-third of the real estate taxes asserted by LaBelle under the Ponderosa lease.

### Turnover of the Ponderosa Restaurant FF&E

21.     Debtor closed the Ponderosa restaurant at the commencement of the COVID-19 crisis in compliance with the Governor of Michigan's executive orders, and has not re-opened the restaurant.

22.     Debtor obtained a Court Order rejecting the Ponderosa lease as of June 30, 2020.

23.     Debtor intended to remove all furniture, fixtures and equipment ("FF&E") as well as food, computers and files, that would be useful at Debtor's other restaurants before the June 30 rejection date.

24.     LaBelle, as owner of the Ponderosa premises, requested that the Debtor not remove any of the FF&E.

25.     Under the Settlement Agreement, Debtor agreed (and already has) left all the FF&E at the Ponderosa. The FF&E remains subject to the first-position security interest of Fifth Third Bank. Debtor has agreed that it will work cooperatively with LaBelle's efforts to obtain a release from Fifth Third Bank.

### The Plan of Reorganization

26.     On May 12, 2020, Debtor filed its Plan of Reorganization ("Plan") [DN 156]. Debtor intends to amend the Plan. Under the Settlement Agreement, LaBelle has agreed to support Debtor's Plan so long as any amendments do not make the Plan materially less favorable to LaBelle.

### Mutual Releases and Payments by Mr. Neely

27.     The Settlement Agreement includes mutual releases of all claims and causes of action, by and between Debtor and Mr. Neely on the one hand and the LaBelle Parties on the other, including a release of all judgments entered against Debtor and Mr. Neely, and all avoidance actions by Debtor against the LaBelle Parties under Sections 547 and 548 of the Code, but excluding all obligations under the Settlement Agreement and obligations relating to the continuing leases of restaurants by Debtor from LaBelle LP.

**28.**     Mr. Neely has agreed to pay $50,000 in exchange for the release of the judgments and claims against him in his personal capacity, with $25,000 due upon confirmation of the Plan and the remainder to be paid in monthly payments.

### B. Conditions to the Effectiveness of the Settlement Agreement.

29.     The Settlement Agreement is conditioned on receipt of Bankruptcy Court approval and, with the exception of LaBelle's agreement to support Plan confirmation, on Plan confirmation. However, Debtor has already left the FF&E at

the Ponderosa restaurant and, accordingly, LaBelle has already received a portion of its consideration under the Settlement Agreement.

30.     The Settlement Agreement is also conditioned on there being no conversion of the case to Chapter 7 of the Code, dismissal of the case, or appointment of a Chapter 7 trustee, and LaBelle is prevented from seeking any of these remedies except in the event of a breach or default of Debtor's obligations under the Settlement Agreement.

## LEGAL BASIS FOR RELIEF REQUESTED

31.     Bankruptcy Rule 9019(a) provides that this Court may approve a compromise or settlement after notice and a hearing.

32.     The purpose of a compromise agreement "is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *In re A & C Props.*, 784 F.2d 1377, 1380-81 (9th Cir. 1986). The bankruptcy court is charged with an affirmative obligation to apprise itself "of all facts necessary to evaluate the settlement and make an 'informed and independent judgment'" as to whether the compromise is fair and equitable. *LaSalle Nat'l Bank v. Holland (In re Amer. Reserve Corp.)*, 841 F.2d 159, 162-63 (7th Cir. 1987) (quoting *Protective Commonwealth. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157 (1968)); *In re Batt*, 488 B.R. 341 (Bankr. W.D. Ky. 2013).

7

33. A settlement or compromise should be approved if it is in the best interests of the estate. *Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

34. In addition, the bankruptcy court may exercise its discretion by considering a proposed settlement "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

35. In determining whether to approve a proposed settlement, a bankruptcy court need not decide the numerous issues of law and fact raised by the settlement, but rather should "canvas the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).

36. Debtor submits that the proposed settlement is in the best interests of the bankruptcy estate.

37. Approval of the Settlement Agreement provides for the resolution of two pending adversary proceedings between Debtor and LaBelle without the need for additional costly litigation, compromises administrative expense claims in a manner that is favorable to Debtor and the estate, and provides for support of Debtor's Plan, which Debtor believes will be advantageous to all creditors.

38. If Debtor's Chapter 11 case were to fail, all creditors would be far worse off. In the event of a failure to confirm the Plan, Debtor believes that Debtor's assets

8

would be liquidated for the benefit of secured creditors. Given the current COVID-19 crisis and the well-publicized struggles in the restaurant industry, Debtor does not believe that a liquidation would result in much recovery for any creditor. Further, avoidance actions and other causes of action that might not be subject to security interests or liens would still not reach unsecured creditors. Debtor believes that there is no reasonable likelihood that any recoveries would be sufficient to cover both the administrative expenses that have been incurred through this case and the priority tax claims that have been asserted.

39.     Accordingly, the only path for full recovery for priority claims and a meaningful distribution to unsecured creditors in this case is through confirmation of a Plan and Debtor's ability to perform under a confirmed Plan.

40.     This Settlement Agreement removes two significant hurdles to Plan confirmation.

41.     First, the Settlement Agreement will substantially reduce administrative expense claims in this case. It directly resolves an administrative expense claim favorably to Debtor (where litigation over the amount and characterization of the claims would itself have increased administrative claims).

42.     Additionally, the Settlement Agreement resolves two pending adversary proceedings. If Debtor were to continue litigating these cases, Debtor may have ultimately obtained a favorable result. However, while the ultimate result of the litigation remains speculative, the costs of such litigation would have continued to

9

drain Debtor's resources and severely jeopardized Debtor's ability to obtain Plan confirmation.

43.    The second hurdle to Plan confirmation removed by the Settlement Agreement is the difficulty of obtaining acceptance from the class of general unsecured creditors without support from LaBelle given the size of LaBelle's unsecured claims. An attempt to confirm the Plan over a rejection by the unsecured creditors would be difficult and costly, and could ultimately prove unsuccessful. The Settlement Agreement makes it much less likely that Debtor will be required to attempt a contested confirmation.

26.    Accordingly, Debtor submits that the proposed Settlement Agreement is in the best interests of the bankruptcy estate and should be approved.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit 1**: (A) approving the Settlement Agreement attached as Exhibit 6 and (B) authorizing Debtor to comply with all the requirements of the Settlement Agreement.

Respectfully submitted,

WERNETTE HEILMAN PLLC

Dated:  July 3, 2020          By:___/s/ Ryan D. Heilman_____
                              Ryan D. Heilman (P63952)
                              Attorney for Debtor
                              40900 Woodward Ave., Suite 110
                              Bloomfield Hills, MI  48304
                              (248) 835-4745
                              ryan@wernetteheilman.com

10

## EXHIBIT INDEX

| | |
|---|---|
| EXHIBIT 1 | Proposed Order |
| EXHIBIT 2 | Notice and Opportunity for a Hearing |
| EXHIBIT 3 | N/A |
| EXHIBIT 4 | Certificate of Service to be filed separately |
| EXHIBIT 5 | N/A |
| EXHIBIT 6 | Settlement Agreement |

**Exhibit 1**
**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION – BAY CITY

IN THE MATTER OF:

**INSPIRED CONCEPTS, LLC,**                  **Case No. 20-20034**

                                            **Chapter 11**

              **Debtor.**                   **Hon. Daniel Opperman**

## ORDER APPROVING DEBTOR'S SETTLEMENT WITH
## LABELLE LIMITED PARTNERSHIP AND RELATED ENTITIES

This matter having come before the Court upon the Motion for

Approval of Settlement with LaBelle Limited Partnership and Related

Entities ("Motion")[1]; the Court having reviewed the Motion and the

Concurrence filed by the LaBelle Parties; all parties-in-interest having had

an opportunity to be heard; no objections having been filed; and the Court

being fully advised in the premises;

Based on the foregoing, after due and deliberate consideration, and

there appearing to be good and just cause therefore,

**IT IS HEREBY ORDERED** that:

1.      The Settlement Agreement attached to the Motion is approved.

---

[1] All capitalized terms not defined in this Order have the definitions as set forth in the Motion.

2.    Debtor is authorized to comply with all requirements under the Settlement Agreement.

3.    To clarify ambiguities, (i) Ovens, LLC is included in the definition of the LaBelle Parties in the Settlement Agreement and (ii) Paragraph 9.b refers to the obligations and agreements set forth in paragraphs 1, 2, and 8 of the Settlement Agreement.

4.    This Court will retain jurisdiction over any and all disputes arising or otherwise relating to the construction, performance, and enforcement of the terms of this Order.

**Exhibit 2**
**Notice of Hearing**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION – BAY CITY**

IN THE MATTER OF:

**INSPIRED CONCEPTS, LLC,**              **Case No. 20-20034**

                                            **Chapter 11**

              **Debtor.**                    **Hon. Daniel Opperman**

**NOTICE OF**
**DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT WITH LABELLE LIMITED**
**PARTNERSHIP AND RELATED ENTITIES**

Inspired Concepts, LLC ("Debtor") has filed papers with the Court seeking entry of an Order approving a settlement reached by Debtor and one of Debtor's principals, Jeffrey Neely, with LaBelle Limited Partnership and a number of related entities (collectively, "LaBelle") and to comply with Debtor's obligations under the settlement agreement. Among other things, the settlement agreement compromises LaBelle's administrative claim in the amount of $16,136.20, provides that Debtor will not object to LaBelle's proofs of claims in the bankruptcy case, provides that Debtor will not remove property from the Ponderosa restaurant (as to which Debtor has already rejected the property lease) and will cooperate in transferring the property to LaBelle, and provides for full mutual releases by LaBelle to Debtor and Mr. Neely on the one hand and by Debtor and Mr. Neely to LaBelle on the other. The foregoing is an incomplete summary of the settlement agreement, which contains additional terms and conditions. The Motion and attached settlement agreement may be obtained by contacting Debtor's counsel at the address and telephone number set forth below.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief requested in the Motion, or if you want the court to consider your views on the Motion, within 21 days, you or your attorney must:

1.            File with the court a written response or an answer,[1] explaining your position at:

---

[1]Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

United States Bankruptcy Court
111 First Street
Bay City, MI 48708

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Wernette Heilman PLLC
Attn:  Ryan D. Heilman
40900 Woodward Ave., Suite 111
Bloomfield Hills, MI 48304

2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Respectfully submitted,

WERNETTE HEILMAN PLLC


By:  */s/ Ryan D. Heilman*
Ryan D. Heilman (P63952)
Attorney for Debtor
40900 Woodward Ave., Suite 111
Bloomfield Hills, MI 48304
Phone:  (248) 835-4745
Email:  ryan@wernetteheilman.com

**Exhibit 6**
**Settlement Agreement**

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made as of the date set forth below by Inspired Concepts, LLC ("Debtor"), Jeffrey Neely ("Mr. Neely" and, with Debtor, the "Debtor Parties"), LaBelle Limited Partnership ("LaBelle LP"), Hospitality Holdings, LLC ("Hospitality"), Ladco, Inc. ("Ladco"), Ovens, LLC ("Ovens"), Hoss, LLC ("Hoss"), JBT, LLC ("JBT"), Menu Concepts, Inc., and Cindy Belle, LLC ("CB") (collectively, LaBelle, LP, Ladco, Hoss, JBT, Menu, and CB are referred to herein as the "LaBelle Parties").

### RECITALS

A.      On January 10, 2020 (the "Petition Date"), Debtor filed a voluntary petition for relief, under Chapter 11 of the United States Bankruptcy Code (the "Code"), in the Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") in proceedings that are styled by the Bankruptcy Court as Case No. 20-200034-dob (the "Bankruptcy Case").

B.      Before the Petition Date, Debtor Parties were involved in the following litigation proceedings with one or more of the LaBelle Parties:

   a. Case No. 19-15901-CB, 21st Circuit Court for the County of Isabella

   b. Case No. 19-15422-CB, 21st Circuit Court for the County of Isabella

   c. Case No. 19-16069-CB, 21st Circuit Court for the County of Isabella (*removed as A.P. Case No. 20-02025-dob*)

   d. Case No. 1:19-cv-10855-TLL-PTM, Eastern District of Michigan (*removed as A.P. Case No. 20-02024-dob*)

C.      On December 6, the Circuit Court for the County of Isabella entered judgments in Case Nos. 19-15901-CB and 19-15422-CB against Debtor Parties and in favor of LaBelle LP, JBT, Hoss, CB and Ovens.

1

D.     The other two litigation cases were removed to the Bankruptcy Court and remain pending.

E.     LaBelle LP, Ladco, JBT, Ovens, Hoss and CB have filed proofs of claim against Debtor in the Bankruptcy Case.

F.     LaBelle LP has filed a Reservation of Rights with respect to the rejection by Debtor of the lease for the premises of an Italian Oven restaurant, asserting that Debtor continues to own one month's rent under the lease as an administrative expense in the Bankruptcy Case. DN 111. Hospitality also claims to be owed certain tax obligations under the lease for the Ponderosa (*defined infra*), which it is asserting as an administrative expense in the Bankruptcy Case.

G.     Hospitality leases certain nonresidential real estate to Debtor on which Debtor operates restaurants, including a Ponderosa restaurant located in Mt. Pleasant, Michigan (the "Ponderosa"). Debtor has rejected the lease for the Ponderosa restaurant.

H.     Debtor Parties and LaBelle Parties desire to settle all pending litigation, all claims each has against the other, and all other disputes between all the parties as set forth below.

## AGREEMENTS

Therefore, in order to resolve all outstanding disputes, Debtor Parties and LaBelle Parties agree to the following:

1.     **Ponderosa FF&E.** Debtor shall remove no fixtures, furniture or equipment ("FF&E") from the Ponderosa. For avoidance of doubt, FF&E does not include computers, personnel files or other papers and electronic information, food currently located at the Ponderosa, and any proprietary information located at the Ponderosa, all of which may be removed. FF&E does include the point of sale equipment that is used at the Ponderosa. LaBelle Parties acknowledge that the FF&E is subject to a security interest in favor of Fifth Third Bank, N.A. Debtor Parties have no obligation to obtain

2

the release of the security interest, but agree to reasonably cooperate with LaBelle Parties' efforts to obtain a release from Fifth Third Bank, N.A., including the filing of an appropriate motion or stipulation abandoning the FF&E. Debtor Parties and LaBelle Parties will cooperate in removing or otherwise disposing of all property other than FF&E by 5:00 p.m. on June 30, 2020.

2.　**Possession of the Ponderosa; Condition; Termination Rights.** Debtor shall turn over possession of the Ponderosa to LaBelle Parties by no later than 5:00 p.m. on June 30, 2020. Debtor shall turn over the Ponderosa in a condition reasonably acceptable to Hospitality. Hospitality, through its designees, has inspected the Ponderosa and has made no objections to the condition of the Ponderosa or of the absence of any expected FF&E. A representative of the LaBelle Parties may be present at the Ponderosa on June 30, 2020 to ensure that no FF&E is removed.

3.　**Administrative Claims.** Debtor agrees and acknowledges that LaBelle LP and Hospitality have valid and enforceable claims against Debtor in the Bankruptcy Case, with priority as an administrative claim under 11 U.S.C. § 503, in the amount of $16,136.20, representing one-month's rent for the Italian Oven Lease for April, 2020 and the delinquent and property taxes for the Ponderosa that came due post-petition (the "Administrative Claim"). LaBelle LP and Hospitality shall have all the rights of an allowed administrative claim holder in the Bankruptcy Case and shall be entitled to receive distributions consistent with distributions to all other administrative claim holders without needing to take any additional action.

4.　**Agreement to Not Object to Claims.** Debtor agrees that it will not object to the proofs of claims filed by any of the LaBelle Parties on or before June 30, 2020.

5.　**Cash Payment by Mr. Neely.** Mr. Neely shall make a cash payment to LaBelle LP (or any other one LaBelle Party as designated in writing by the LaBelle Parties) the amount of $25,000 within three business days after confirmation of a plan of reorganization proposed by Debtor

3

("Plan"). Mr. Neely shall make fifteen subsequent monthly payments, due on the first day of each month, commencing on the first day of the first month after the one-month anniversary of the Plan confirmation, each an "Installment Payment." The first ten of the monthly Installment Payments will be in the amount of $2,000 each, and the remaining five shall be in the amount of $1,000 each. The failure of Mr. Neely to make any of the monthly Installment Payments shall constitute an Event of Default. If there is an Event of Default, the LaBelle Parties shall provide written notice to Mr. Neely and he shall have seven (7) days from the date of the notice to cure the Event of Default. If Mr. Neely fails to cure the Event of Default, then Mr. Neely consents to jurisdiction of the Bankruptcy Court and waives all defenses he may have as to liability. In addition, should there be an Event of Default, by entering into this Settlement Agreement Mr. Neely gives his express consent for the Stipulated Consent Judgment attached hereto as **Exhibit 1**, to be entered against him.

6. **Mutual Releases and Waivers of Claims**. The Debtor Parties on the one hand, and the LaBelle Parties on the other, on behalf of themselves and all their respective owners, directors, officers, agents, heirs, transferees, and assigns, hereby waive, release, and forever relinquish all suits, demands, contracts, debts, causes of action, judgments, damages, liabilities or other claims of any nature or kind whatsoever, whenever arising, whether known or unknown, that they have against the other excepting *only*: (i) all the obligations under this Agreement and rights in the event of any breach or default in the performance of such obligations, and (ii) all obligations relating to the continuing leases of restaurants by Debtor from LaBelle LP that are have not rejected in the Bankruptcy Case (i.e,, Bennigan's, Big Apple Bagel, and Pixie restaurants in Mt. Pleasant, Michigan).

7. **Waiver of Section 547 and 548 Claims**. The Debtor hereby agrees to waive all claims and causes of action it may have against the LaBelle Parties, including, but not limited to,

4

those claims arising under 11 U.S.C. §§ 547 and 548. In addition, the Debtor Parties shall not attempt to sell, assign, or transfer, any claims or causes of action it may have against the LaBelle Parties to any third-party entity. These potential claims and causes of action are forever waived and terminated by the execution of this Settlement Agreement.

8. **Support for the Plan.** As additional consideration for the obligations set forth herein, LaBelle Parties agree to support confirmation of Debtor's proposed Plan, as such Plan may be amended from time to time, so long as the Plan as amended is not materially less favorable to the LaBelle Parties than the Plan as proposed on May 12, 2020 [DN 156].

9. **Conditions.**

a. **Bankruptcy Court Approval.** The parties believe that the obligations and agreements set forth in paragraphs 1 and 2 of this Agreement do not require approval by the Bankruptcy Court and Debtor agrees to comply with its obligations under these paragraphs unless and until the Bankruptcy Court issues an Order (i) directing Debtor to not comply with such obligations or (ii) denying Debtor authorization to enter into this Agreement. In all other respects, Debtor's agreements, obligations and releases under this Agreement are subject to Bankruptcy Court approval. Debtor agrees that it will seek authorization for this Agreement promptly after execution.

b. **Plan Confirmation.** With the exception of the obligations and agreements set forth in paragraphs 1, 2, and 7, the agreements, obligations and releases in this Agreement are subject 8 ᵍᵖ to and conditioned on confirmation of a Plan proposed by Debtor.

c. **No Dismissal, Conversion, or Appointment of a Chapter 11 Trustee.** In the event the Bankruptcy Case is dismissed, converted, or a Chapter 11 Trustee is appointed, this Agreement shall be of no further force or effect. The LaBelle Parties agree to not seek dismissal, conversion or appointment of a Chapter 11 Trustee except in the event of a default by Debtor under

this Agreement (and Debtor does not agree that a default, by itself, would be sufficient grounds for any of these actions).

10. **Dismissal of Pending Litigation.** The parties along with Brent Stockel and The Clark Stampede, LLC (the "Additional Litigants") will request that the Bankruptcy Court hold the pending litigation (A.P. Case Nos. 20-02024 and 20-02025) that has been removed to the Bankruptcy Court in abeyance pending confirmation of a Plan consistent with this Agreement. Promptly after Plan confirmation, the parties together with the Additional Litigants shall stipulate or move for dismissal of the pending litigation with prejudice and with each party to bear its own costs. Also, in the agreed order of dismissal, the LaBelle Parties and Additional Litigants will agree that they will not take any action to recruit or solicit employees of Debtor in violation of any non-compete agreement between Debtor and such employees. However, if the Additional Litigants do not agree to the terms of this paragraph, the Debtor Parties will not be required to dismiss the pending litigation as to the Additional Parties and the dismissal will be effective only as to the LaBelle Parties.

11. **Specific Performance.** All parties acknowledge that specific performance is an appropriate remedy for any breach this Agreement other than failure to make payments when due and, if the Court finds a breach, the breaching party agrees that it will not object to entry of an order compelling specific performance.

12. **Acknowledgments.**

a. None of the parties are relying on any statements or promises other than what is said in this Agreement.

b. The persons executing this Agreement are fully authorized to do so by their respective principals.

6

c.    A facsimile or scanned signature shall be as enforceable as an original for execution of this Agreement, and it may be executed in multiple counterparts.

d.    The parties agree that the Bankruptcy Court shall maintain exclusive jurisdiction over any dispute related to this Agreement. In the event a dispute involving this Agreement arises after the Bankruptcy Case has been closed, either party may (i) seek to reopen the Bankruptcy Case and have the Bankruptcy Court resolve the dispute, or (ii) commence an action to enforce this Agreement with any other court of competent jurisdiction located in the State of Michigan.


Jeffrey Neely

_____
Jeffrey Neely
Dated: 6/30/20


Inspired Concepts, LLC

_____
By:   JEFFREY NEELY
Its:   CEO
Dated: 6/30/20


LaBelle Limited Partnership

_Bradley L. Hansen_
By:
Its:   MEMBER
Dated: 6-30-2020


Hospitality Holdings, LLC

_Bradley L. Hansen_
By:
Its:   member
Dated: 6-30-2020


Ladco, Inc.

_Bradley L. Hansen_
By:
Its:   member
Dated: 6-30-2020


Ovens, LLC

_Bradley L. Hansen_
By:
Its:   Member
Dated: 6-30-2020


7

Eoss, LLC

Bradley L. Hansen

By: _____
Its: Member
Dated: 6-30-2020

Cindy Belle, LLC

Bradley L. Hansen

By: _____
Its: MEMBER
Dated: 6-30-2020

JBT, LLC

Bradley L. Hansen

By _____
Its: Member
Dated: 6-30-2020

Menu Concepts, Inc.

Bradley L. Hansen

By: _____
Its: MEMBER
Dated: 6-30-2020

8

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN THE MATTER OF:

INSPIRED CONCEPTS, LLC,                     Case No. 20-20034

                                            Chapter 11

              Debtor.                       Hon. Daniel Opperman

---

## STIPULATED CONSENT JUDGMENT

Inspired Concepts, LLC ("Debtor"), Jeffrey Neely ("Mr. Neely" and, with Debtor, the "Debtor Parties"), LaBelle Limited Partnership ("LaBelle LP"), Hospitality Holdings, LLC ("Hospitality"), Ladco, Inc. ("Ladco"), Ovens, LLC ("Ovens"), Hoss, LLC ("Hoss"), JBT, LLC ("JBT"), and CindyBelle, LLC ("CB") (collectively, LaBelle, LP, Ladco, Hoss, JBT and CB are referred to herein as the "LaBelle Parties") represent to the Court that Jeffery Neely, has defaulted under the terms of the Settlement Agreement entered into between the parties on June 30, 2020. The parties, through counsel, hereby stipulate and agree to the entry of an order substantially in the form attached hereto as Exhibit A.

                                    Respectfully submitted,

**VARNUM LLP**                          **WERNETTE HEILMAN PLLC**

By: */s/ William L. Thompson*           By: */s/ Ryan D. Heliman*
William L. Thompson (P80123)            Ryan D. Heilman (P63952)
Brendan G. Best (P66370)                Attorney for Debtor
Attorneys for Hospitality Holdings, LLC 40900 Woodward Ave., Ste. 111
160 W. Fort St., 5th Floor              Bloomfield Hills, MI 48304
Detroit, MI 48226                       Telephone: (248) 835-4745
(313) 481-7326                          ryan@wernetteheilman.com
wlthompson@varnumlaw.com

       Dated: June 29, 2020

1

**[EXHIBIT A]**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN THE MATTER OF:

INSPIRED CONCEPTS, LLC,                             Case No. 20-20034

                                                    Chapter 11

            Debtor.                                 Hon. Daniel Opperman

---

## STIPULATED ORDER FOR
## CONSENT JUDGMENT

This matter having come before the Court on upon the Parties Stipulated Consent Judgment, and the Court having reviewed the Stipulation and being otherwise fully advised in the premises thereof:[1]

**IT IS HEREBY ORDERED** Jeffery Neely has defaulted under the terms of the Settlement Agreement entered into between the parties on June 30, 2020, by committing an Event of Default.

**IT IS FURTHER ORDERED** that judgment is entered in favor of the LaBelle Parties and against Jeffery Neely in the principal amount of $50,000, less payments made to date pursuant to the Settlement Agreement.

**IT IS FURTHER ORDERED** that interest shall accrue from the date of the breach of the Settlement Agreement at an interest rate of 0.5% per month, and the LaBelle Parties are entitled to their collection costs, including attorney fees, incurred in the enforcement of the

---

[1] Terms not defined herein have been defined in the parties Settlement Agreement.

2

Settlement Agreement and the entry of this Consent Judgment. Additional interest and collection costs shall continue to accrue.

**IT IS FURTHER ORDERED** that the LaBelle Parties shall have all remedies available for enforcement of this Consent Judgment, and it is acknowledged that Jeffery Neely has no defenses to such action.

**IT IS SO ORDERED.**

16584873_2.docx