# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION – BAY CITY

IN THE MATTER OF:

INSPIRED CONCEPTS, LLC,        Case No. 20-20034

      Chapter 11

      Debtor.       Hon. Daniel Opperman

## CORRECTED[1] DEBTOR'S OBJECTION TO MOTION BY GORDONG FOOD SERVICE, INC. FOR ORDER REQUIRING IMMEDIATE PAYMENT OR ADEQUATE PROTECTION OF PACA CLAIM

Inspired Concepts, LLC ("Debtor") hereby objects to the Motion for Order Requiring Immediate Payment or Adequate Protection of PACA Claim ("Motion") brought by Gordon Food Services, Inc. ("GFS"), and states:

## BACKGROUND

The Debtor commenced this Chapter 11 bankruptcy case on January 10, 2020 ("Petition Date"). Debtor operates quick-serve and casual dining restaurants in central and southeast Michigan.

On January 27, 2020, the Court appointed an Official Committee of Unsecured Creditors ("Committee"). DN 41. Since the appointment of the Committee, GFS has been one of three creditors serving on the Committee. GFS has also been active throughout this case in its role as a creditor of Debtor. GFS is a food service provider of Debtor both before and after the Petition Date. Although the exact contractual

---

[1] Due to an unforeseen computer issue, Debtor was previously able to file this Objection, but was unable to compile and attach exhibits. This corrected version attaches the exhibits and makes additional changes and revisions to further explain and support Debtor's objections.

arrangements are not entirely clear and may be in disputed, it appears that GFS provided food distribution services to some of Debtor's locations under various Master Distribution Agreements (see documents attached to the Motion) and also provided food distribution services to other locations that may not have been governed by a Master Distribution Agreement. The Master Distribution Agreements are attached to GFS' Motion.

Debtor scheduled GFS as a non-priority unsecured creditor in the amount of $997,095.00. GFS did not file a proof of claim. Until the present Motion, GFS took no action to assert or enforce any claims under the Perishable Agricultural Commodities Act ("PACA"), and first provided informal notice to Debtor on July 23, 2020, three days after Debtor had commenced mediation proceedings with the Committee on an amended plan.

Through its Motion filed on August 21, 2020, GFS asserts a claim under PACA in the amount of $147,389.52, allegedly consisting of $116,630.81 for the value of perishable agricultural commodities ("PAC") supplied by GFS not paid as of the Petition Date, plus interest of $25,612.21 accruing at 18% per annum, plus attorneys' fees of $5,146.50. Motion, ¶ 12; Exhibit 6.A, ¶ 5; Exhibit 6.E.

Debtor objects to the Motion because:

A. Debtor is not a dealer subject to licensing under PACA.

B. Even if Debtor were a dealer, GFS' failed to properly preserve any PACA rights both before and after the Petition Date:

1. GFS failed to preserve its rights pre-petition by permitting payments in excess of the thirty-day limitations under PACA;

2. GFS failed to preserve its rights by including invoice terms beyond the statutory ten-day terms without an express written agreement between the parties setting the alternative terms as required by 7 CFR 46.2(aa)(11) and 7 CFR 46.46(f)(3);

3. GFS failed to file a proof of claim;

4. GFS is barred by res judicata because it failed to file a proof of claim asserting a PACA trust or object in any way to cash collateral orders permitting the use of Debtor's cash collateral, recognizing the first priority liens of Debtor's secured creditors, and granting first-position replacement liens to Debtor's secured lenders; and

5. GFS' PACA claim is barred by laches due to GFS' failure to take action within a reasonable time both pre and post-petition to the prejudice of Debtor and all Debtor's other creditors.

C. Even if GFS is entitled to the protections of a PACA trust and has properly preserved these rights, the amounts sought by GFS are greatly inflated by:

1. Inclusion of many non-PACA items;

2. Inclusion of items already paid by Debtor or not shipped to Debtor;

3. Improper inclusion of attorneys' fees and grossly excessive interest rates.

D. Any interest of GFS in Debtor's assets are adequately protected.

## **THE PACA STATUTORY AND REGULATORY SCHEME**

PACA applies to perishable agricultural commodities. In short, these are fresh (or frozen), unprocessed (or very lightly processed) fruits and vegetables.

> The term "perishable agricultural commodity"—
> **(A)** Means any of the following, whether or not frozen or packed in ice: Fresh fruits and fresh vegetables of every kind and character; and

3

**(B)** Includes cherries in brine as defined by the Secretary in accordance with trade usages.

7 U.S.C. § 499a(b)(4).

The definition of PAC is further defined by US Department of Agriculture (USDA) regulations:

> Fresh fruits and fresh vegetables include all produce in fresh form generally considered as perishable fruits and vegetables, whether or not packed in ice or held in common or cold storage, but does not include those perishable fruits and vegetables which have been manufactured into articles of food of a different kind or character.

7 CFR 46.2(u) (further giving a list of operations that do not change a commodity into a food of a different type or character such as steaming, cutting, fumigating, and color adding).

PACA applies to dealers, commission merchants and brokers and requires each to obtain licenses from the USDA. GFS alleges only that Debtor is a dealer:[2]

> The term "dealer" means any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce[.]

7 U.S.C. § 499a(b)(6) (also listing various exceptions to the definition of "dealer").

---

[2] Other provisions of the USDA regulations apply the trust remedy against only entities that are licensed or subject to license. E.g. 7 CFR 46.46(d)(1). Dealers, as defined in PACA, are required to obtain licenses and are, thus, subject to license. 7 U.S.C. § 499(c) ("[N]o person shall at any time carry on the business of a commission merchant, dealer, or broker without a license valid and effective at such time. Any person who violates any provision of this subdivision shall be liable to a penalty of not more than $1,000 for each such offense and not more than $250 for each day it continues.). Debtor is not licensed and has never been informed by USDA that it is subject to license. See also *In re The Italian Oven, Inc.,* 207 B.R. 839 (Bankr. W.D. Pa. 1997) (holding that restaurants are generally not dealers or otherwise subject to license under PACA); *contra In re Magic Restaurants Inc.,* 205 F.3d 108 (3rd. Cir. 2000).

4

The USDA defines "wholesale or jobbing quantities":

> Wholesale or jobbing quantities, as used in paragraph (6) of the first section of the Act, means aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received.

7 CFR 46.2(x).

PACA makes it unlawful for any dealer to fail or refuse to make full payment promptly in connection with the sale of produce. 7 U.S.C. § 499b(4). Full payment promptly is defined as payment for produce purchased by a buyer, within ten days after the day on which the PAC is accepted. 7 CFR 46.2(aa)(5). Parties may modify the ten-day terms by *express agreement in writing* to up to 30 days, and payment in the agreed time shall then constitute "full payment promptly." 7 CFR 46.2(aa)(11).

As a remedy for a violation of PACA obligations, including the full payment promptly requirements of 7 U.S.C. § 499b(4), PACA creates a trust for the benefit of unpaid suppliers and sellers to dealers and other PACA licensees:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2).

The regulations further describe the PACA trust assets:

5

> The trust is made up of perishable agricultural commodities received in all transactions, all inventories of food or other products derived from such perishable agricultural commodities, and all receivables or proceeds from the sale of such commodities and food or products derived therefrom. Trust assets are to be preserved as a nonsegregated "floating" trust. Commingling of trust assets is contemplated.

7 CFR 46.46(b).

If a seller or supplier agrees, prior to a transaction, to any payment term longer than 30 days from receipt of PAC, the seller or supplier loses the protection of the PACA trust. 7 CFR 46.46(e)(2).

Licensees may preserve trust benefits by providing notice through invoices or billing statements. To qualify, the invoice must be given to the buyer[3] and "must contain" both (i) required notifice language and (ii) the terms of payment if they differ from the ten-day rule set out in 7 CFR 46.2(aa) *and* "the parties have expressly agreed to such terms in writing before the affected transactions arose." 7 CFR 46.46(f)(3).

## THE REQUESTS FOR RELIEF

GFS seeks a declaratory judgment finding that GFS has a valid PACA claim, payment by Debtor of "all amounts due and owing on its PACA Claim," and, in the alternative, adequate protection of its PACA trust rights.

The requested declaratory relief and recovery of money are not available by motion. Fed. R. Bankr. P. 7001. PACA itself requires enforcement through either the filing of a lawsuit or by complaint to the USDA for reparations. 7 U.S.C. § 499e(b).

---

[3] Debtor continues to investigate whether each invoice was provided by GFS.

6

GFS is already statutorily time-barred from bringing a complaint for reparations. 7 U.S.C. § 499f(a)(1) (setting a nine-month limitations period). Nevertheless, to limit fees and costs, Debtor consents to this Court determining the threshold issues by motion practice, but reserves the right to seek setoffs for pre and post-petition rebates, deposits, and preference recoveries, and to seek an accounting to ensure GFS does not "double dip" or "triple dip" by recovering two or three times for PAC through its unsecured claim and asserted rights under 11 U.S.C. § 503(b)(9).

To the extent this is a motion seeking adequate protection of GFS' interest in the *res* of the PACA trust, GFS bears the burden of proof on the issue of the validity, priority, or extent of its interest in Debtor's property. 11 U.S.C. § 363(p); *In re Cherry Growers, Inc.*, 576 B.R. 569, 574 (Bankr. W.D. Mich. 2017).

## ARGUMENT

### A. The Debtor is Not a Dealer.

To be a "dealer" under PACA and the USDA regulations, Debtor must be a "person engaged in the business of buying or selling in wholesale or jobbing quantities," that is, Debtor must be engaged in the business of buying or selling in any day one ton or more in weight of PAC. 7 U.S.C. § 499a(b)(6); 7 CFR 46.2(x).

GFS bears the burden of proving that the buyer meets the "wholesale or jobbing quantities." *Abraham Produce Corp. v. MBS Bros.*, 19-cv-2638, 2020 U.S. Dist. LEXIS 35836, *8 (EDNY 2020) (refusing to enter a default judgment because plaintiff had produced no evidence showing defendant was a "dealer.") [Exhibit A],

7

report and recommendation adopted at 2020 U.S. Dist. LEXIS 35836 (E.D.N.Y.,

March 23, 2020); *Bandwagon Brokerage, Inc. v. Mafolie Foods Co.*, 168 F. Supp. 2d 506

(D.V.I. 2001) (dismissing complaint for failure to provide proof that buyer "bought in

quantities of perishable agricultural commodities totaling one ton (2,000 pounds) per

transaction."). *A&J Produce Corp. v. Chang*, 385 F. Supp. 2d 354, 360 (SDNY 2005).

The one-ton requirement must be met in a single day. *Cent. Produce Corp. v. 32-18 M&M Corp.*, No. 17-CV-3841, 2018 U.S. Dist. LEXIS 114731, *9, fn 4 (EDNY July 9, 2018) [attached as Exhibit B], report and recommendation adopted sub nom. *Cent. Produce Corp. v. 34-18 M&M Corp.*, 2018 U.S. Dist. LEXIS 114731 (E.D.N.Y. Sept. 10, 2018). Further, one-off transactions or occasional days in which a buyer exceeds the one-ton amount do not qualify – the buyer must be engaged in the business of dealing with PAC in qualifying daily amounts. *Id.*

Debtor is *not* in the business of buying or selling 2,000 pounds of PAC in a day. Debtor is still investigating the exact weight received on a daily basis (not all PAC is measured in weight), but Debtor's daily PAC receipts from all food providers averages considerably less than 1,000 pounds and are spread throughout the week.

Because GFS makes only a conclusory allegation that Debtor is a dealer with no supporting documentation or evidence, GFS has failed to meet its burden and the Motion must be denied.[4]

---

[4] If this were a complaint as required under Fed. R. Bankr. P. 7001, the failure to allege anything more than conclusory statements would be grounds for a motion to dismiss.

8

**B. GFS Failed to Preserve Any Rights to a PACA Trust.**

**1. GFS Agreed to a Payment Term Longer than 30 Days.**

PACA is intended to protect only short-term credit arrangements. *Overton Distribs., Inc. v. Heritage Bank*, 340 F.3d 361, 365 (6th Cir. 2003). Accordingly, a seller loses any rights it may otherwise have as a PACA trust beneficiary if it agrees to any payment terms, before the transaction, in excess of 30 days. 7 CFR 46.46(e)(2).

Under the clear language of the regulations, a seller fails to preserve PACA trust rights if it agrees to payment terms in excess of 30 days – whether or not that agreement is in writing. *Spada Props. v. Unified Grocers, Inc.*, 38 F. Supp. 3d 1223, 1232 (D. Or. 2014); *Heeren, LLC. v. Cherry Growers, Inc.,* Case No. 1:15-cv-47, 2015 U.S. Dist. LEXIS 171068, *19-20 (W.D. Mich. Dec. 23, 2015) ("a seller who enters into a pre-transaction, non-written agreement permitting the buyer to make payments outside of 30 days fails to preserve its trust rights under PACA".) [Exhibit C].[5]

The limitation on credit terms is significant because the creation and enforcement of a PACA trust necessarily impacts and prejudices the rights of all Debtor's non-PACA creditors – including secured creditors that advance funds with the expectation that they are secured by Debtor's receivables and deposit accounts. A PACA trust upsets these rights and expectations. A PACA trust that includes old invoices going back twenty-two months upsets these rights and expectations in an

---

[5] The *Heeren* opinion cites to numerous opinions that require such an agreement be in writing and that reject this requirement. Because the statute and regulations do not mention any writing requirement, the rule set forth in *Spada* and *Heeren* is the better reasoned opinion.

extreme way. *See Heeren,* 2015 U.S. Dist. LEXIS 171068, *6 (noting that, in return for the protections of the trust, the seller must comply with strict eligibility requirements).

In this case, GFS agreed to extend payment terms beyond 30 days. Debtor and GFS have a long-standing business in which Debtor has consistently paid well beyond 30 days. Debtor was orally informed by GFS that Debtor had a $1 million credit line and that GFS would continue selling to Debtor as long as it remained below that limit. The attached March 14, 2019 email shows that Debtor had, at that time, payables in excess of $1 million and 90 days out, and GFS sought to bring the payables back into 60-day terms. Exhibit D. In accord with their oral agreements, GFS knew at this time that Debtor had no intention or ability to make any payments within 30 days, but GFS still agreed to continue selling product to Debtor. *See Heeren, LLC v. Cherry Growers, Inc.*, Case No. 1:15-cv-47, 2016 U.S. Dist. LEXIS 69683, *5-9 (May 27, 2016) (finding that a similar long-standing relationship with payment made well in excess of 30 days from delivery supported a finding that the seller failed to preserve its trust rights) [Exhibit E].

Because GFS agreed, before delivery, to permit payments in excess of 30 days, GFS has forfeited any PACA trust rights it might otherwise have had. 7 CFR 46.46(e)(2); *Overton*, 340 F.3d at 368.

### 2. GFS' Invoices Include Incorrect Payment Terms.

Under USDA's PACA regulations, payment terms between 10 and 30 days are permissible ___only___ **if expressly agreed to by the parties in writing**. 7 CFR

46.2(aa)(11); 7 CFR 46.46(f)(3)(ii); *Overton*, 340 F.3d at 365 (an agreement for payment terms between 10 and 30 days must be in writing).

Each GFS invoice states terms beyond ten days, either Weekly Term 15 Days or 15 Day WKLY. Exhibit D. GFS, however, has not provided any writing by which GFS and Debtor agreed to these payment terms. GFS has produced only an account application and invoice terms. The Master Distribution Agreements indicate that GFS will unilaterally assign credit terms to Debtor, which does not constitute an express agreement in writing by the parties as required by the regulations.

Further, by September of 2019, Debtor and GFS had agreed on new payment terms in which Debtor was paying current on a weekly basis, i.e., ten days or less. See September 11, 2019 email correspondence, attached as Exhibit F. These revised payment terms were also not reflected on GFS' invoices.

Under PACA, to preserve trust rights, a seller must provide proper notice, including terms of payment. 7 CFR 46.46(f)(ii). **Because GFS failed to comply with the written agreement requirement, the payment terms on every invoice are incorrect**. Accordingly, GFS failed to meet the strict eligibility requirements under PACA and did not properly preserve any trust rights.

### 3. GFS Failed to File a Proof of Claim.

A PACA claim is a right to payment asserted against Debtor and property of the estate and is, therefore, a "claim" as defined in 11 U.S.C. § 101(5). A PACA trust grants the trust beneficiaries equitable, but not legal, rights to all Debtor's assets that

are subject to the trust. 11 U.S.C. § 541(d); *Cherry Growers*, 576 B.R. at 573 (stating that equitable interests in trust property were not part of debtor's estate, but the legal interests are). Further, as a "charge against or interest in property to secure payment of a debt," a PACA trust meets the definition of a lien under 11 U.S.C. § 101(37). *Cherry Growers,* 576 B.R. at 578.

The time for filing a proof of claim asserting any secured or priority claim has long since passed. Debtor scheduled GFS only as a non-priority unsecured creditor. GFS has identified no entitlement now, well over eight months into the case, to assert any lien or priority claim against Debtor's property.

### 4. GFS Failed to Preserve the PACA Trust Post-petition and Is Now Barred by Res Judicata.

> Under the doctrine of res judicata and/or collateral estoppel, a judgment on the merits in a prior or related suit involving the same parties bars a second suit based on the same cause of action. Thus, the principles of res judicata and/or collateral estoppel bar not only those claims or defenses that were litigated in an earlier action, but also those claims arising out of the same transactions which the plaintiff could have raised, but did not.

*J & S Produce v. Bahadur, Balan & Kazerski, Ltd.*, 1989 U.S. Dist. LEXIS 17737, *15 (E.D. Mich. 1989) (citations omitted) [Exhibit G].

The facts of *J & S Produce* are similar to the present case. In *J & S Produce*, the alleged PACA trust beneficiary sat on its rights while the case proceeded, cash collateral orders were entered and professionals accrued administrative expense

claims. The District Court found that the automatic stay applies to PACA trust fund property and further stated:

> [P]laintiffs' failure to seek the necessary order from the Bankruptcy Court lifting the automatic stay precludes them from collaterally attacking the Bankruptcy Court's orders in this proceeding. Plaintiffs received several opportunities to object to that court's orders but did not do so. Finding that all the prerequisites for the application of the doctrines of res judicata and/or collateral estoppel have been met the Court rules that plaintiffs' claims are therefore barred.

*Id.* at *14.

In this case, two cash collateral orders have been entered without any objection by GFS. Docket Nos. 28 and 69. Under the cash collateral orders, the prepetition liens of Fifth Third Bank, N.A. and Mercantile Bank ("Secured Creditors") were recognized, and any challenges were waived on behalf of the Estate and all creditors other than the Committee. DN 28, par. 5; DN 69, par. 6, 7. The cash collateral orders also permitted Debtor's use of cash collateral, granted replacement liens in all post-petition assets to the Secured Creditors, and permitted payment of operating and Chapter 11 expenses – all without regard to any potential overriding PACA trust. These orders are incompatible with the existence of a PACA trust.

GFS, as one of the largest 20 creditors and a member of the Committee, had full notice of the cash collateral orders and their impact on this case. Notwithstanding such notice, GFS filed no proof of claim, took no action to obtain relief from the stay, adequate protection, or to otherwise protect any PACA trust rights or put parties on notice of these purported rights. As a result, all then-existing pre-petition PAC, and

13

the resulting receivables and proceeds, have all been expended on post-petition

administrative expenses and adequate protection payments to the Secured Creditors.

Res judicata applies because (i) the cash collateral orders constitute judgments

on the merits; (ii) they were not appealed; (iii) they involved the same parties; and (iv)

GFS had every opportunity to raise its PACA claims in a timely manner before entry

of the cash collateral orders. In the alternative, claim preclusion and law of the case

apply to bar GFS' claims for essentially the same reasons.

### 5. GFS Failed to Assert its PACA Trust Claims in a Timely Manner and Is Now Time-Barred by Laches.

> The doctrine of laches is applicable if: (1) the plaintiffs delay filing
> suit, (2) the delay results in prejudice or harm to the defendant, and (3)
> the delay is not excusable.

*J & S Produce v. Bahadur, Balan & Kazerski, Ltd.*, 1989 U.S. Dist. LEXIS 17737, *15

(E.D. Mich. 1989), citing *Detroit Audobon Society v. City of Detroit*, 696 F.Supp. 249, 253

(E.D. Mich. 1988).

As stated above, GFS sat on its rights while cash collateral orders were entered

and as administrative expenses continued to build-up in this case. GFS never asserted

a PACA trust claim until filing this Motion on August 21 – more than eight full

months after the Petition Date. GFS did not file a proof of claim, object to cash

collateral, or seek adequate protection or relief from stay; GFS made no effort to

prevent dissipation of trust assets; and GFS gave no public notice and took no other

action to preserve its alleged PACA rights until filing this Motion. As a result of GFS'

14

inaction, Debtor and all other creditors and parties-in-interest had no notice of the purported trust. Debtor expended prepetition PACA trust assets in accordance with the cash collateral orders, and the Secured Creditors agreed to the cash collateral orders in reliance on the protections granted to them in those orders.

GFS may argue that it provided informal notice to Debtor, which should absolve it for filing late. However, the very first time Debtor was aware that GFS may assert a PACA claim until July 23, 2020, long after Debtor's first plan or reorganization had been filed and three days after intensive mediation sessions with the Committee regarding an amended plan had already begun. And the informal notice included only the alleged principal balance – no supporting documents or information, and no alleged interest or attorneys' fees. By that time, Debtor was not in a position to change its negotiating position with the Committee and other creditors (some of whom already had agreements with Debtor relating to plan confirmation) to accommodate this new and unexpected claim.

Besides Debtor, other parties will be prejudiced: allowance of the PACA claim would remove cash availability that the Debtor requires to stay in business and complete its payments under the proposed Plan – allowance will make confirmation and successful completion of the Plan less likely. Further, other administrative expense claimants and Secured Creditors relied on the cash collateral orders and will be prejudiced by GFS' unexplained delay.

15

GFS has provided no excuse whatsoever for its long delay. It is a member of the Committee and has been active throughout this case. The delay was fully in the control of GFS – GFS has known since the Petition Date that it may have PACA a trust fund claim but withheld from filing that claim for over 8 months.

Not only has GFS' delayed for eight-months during this bankruptcy case, but as of the Petition Date, many of the invoices allegedly protected by the PACA trust were already well over a year old – going back to October of 2018. GFS is seeking now to recover interest on these invoices at 18% per annum accruing over a twenty-two-month period. All other creditors are prejudiced by GFS' sitting on its rights while receivables and interest protected by a purported PACA trust continued to build up. Every dollar of recovery by GFS is money that is not available for other creditors or Debtor's continued operations.

A PACA trust claimant may seek to enforce trust remedies by bringing a complaint before the USDA or by suit in a court of competent jurisdiction. Although the statute does not specify a time limit for bringing suit in court, it sets a strict **nine-month** limitations period for seeking damages by complaint to the USDA. 7 U.S.C. § 499f(a)(1); 7 CFR 47.3(a)(1). This statutory nine-month period provides, at minimum, an indication of the reach-back period Congress determined would be reasonable for trust claims. *See also Overton*, 340 F.3d at 367 ("Congress's purpose in enacting PACA was to protect sellers delivering their produce on essentially cash terms, not to provide protection to sellers who are willing to extend payment terms beyond the statutory

16

maximum."). In light of the statutory purpose and nine-month limitation for reparation complaints, it is neither reasonable nor excusable for GFS to seek payment for receivables (with interest) that became due 22 months before the Motion was filed, more than twice the statutory limit for reparations.

Therefore, laches applies due to both GFS' prepetition and post-petition failure to take timely action to preserve its rights, and the Motion must be denied.

## C. Even if GFS is Entitled to the Protections of a PACA Trust and has Properly Preserved these Rights, the Amounts Sought by GFS are Greatly Inflated.

### 1. Items not Eligible for PACA.

Debtor's review of GFS' PACA claim shows that many items are not eligible for PACA, including syrup, pickles, onion rings and other processed food appetizers. Attached is a list of processed food items included in GFS's PACA claim that are not eligible for PACA. Exhibit E. GFS has charged $31,135.68 for these items and added $6,861.47 in interest. These charges are improper and must be deducted from any allowed PACA claim. Exhibit H.

### 2. Other Improper Charges.

Debtor has identified items charged by GFS which were not delivered ($1,230.97, plus interest of $271.79) [Exhibit I; which were paid ($1,032.56, plus interest of $133.94) [Exhibit J]; or which were delivered to JK Endeavors, LLC, a non-Debtor entity ($88.73, plus interest of $16.49) [Exhibit K]. None of these amounts are recoverable against any PACA trust.

17

### 3. GFS is Not Entitled to Interest or Attorneys' Fees.

A PACA claimant may be entitled to interest and attorneys' fees *only if* such fees are permitted in the underlying contract. All seven cases cited by GFS for interest and attorneys' fees relies on underlying contractual rights. GFS' Brief, ¶ 10; e.g. *E. Armata Inc. v. Platinum Funding Corp.*, 887 F.Supp. 590, 594 (S.D.N.Y. 1995) ("Attorneys fees are not available under the PACA statute where a contractual basis for the fees is lacking."). Further, PACA itself does not provide for interest and any award of pre-judgment interest rests on the Court's discretion. *Id.* at 595.

GFS has not identified any contractual provision permitting attorneys' fees or interest. GFS' Brief, ¶ 10. Reviewing the attachments to the Motion, there appear to be no enforceable attorneys' fee or interest provisions. Section 5.1(d) of each of the Master Distribution Agreements includes attorneys' fee language, but only for Claims relating to inventory subject to government recall – thus, showing that the parties had considered attorneys' fees as part of the Master Distribution Agreement and chose to include them only in this section.

The General Provisions and Security Agreement document attached to the 2014 Customer Account Application do provide for attorneys' fees and interest. However, this document, if ever enforceable,[6] was superseded by the 2015 and 2018 Master Distribution Agreements. Both agreements include "Entire Agreement;

---

[6] It is notable that GFS has never attempted to enforce a security agreement purportedly granted in these terms, and has not perfected any such security agreement.

Amendment" provisions stating that the agreement is the final complete and exclusive agreement and that: "All previous oral, written, or electronic communications between Customer and GFS for the sale of the Products to the Locations are superseded by this Agreement, except as otherwise stated in this Agreement." The Customer Account Application is not a document incorporated by reference into the Master Distribution Agreements. The same clause also prevents amendment except by agreement of Debtor and GFS. Accordingly, the 18% interest provision included in the invoices cannot become part of the parties' contract.[7]

Finally, given the timing of this Motion and the prejudice caused to all parties, this Court should exercise its discretion to deny all pre-judgment interest. GFS inexplicably sat on its rights and should not now be permitted to collect interest at 18% per annum for accounts that are now more than twenty-two months overdue.

## D.  **Any Interest of GFS is Adquately Protected**.

*If* GFS has a valid PACA trust claim against Debtor and *if* the trust extends to post-petition acquired assets of Debtor and takes priority over secured claims, including replacement liens granted in accordance with the cash collateral orders, then the assets of Debtor subject to the trust far exceed the amount sought by GFS through its Motion. Accordingly, GFS' interests are adequately protected and GFS is entitled to no further relief.

---

[7] The invoices that were signed by Debtor employees were signed by restaurant employees with no actual or apparent authority to bind Debtor with respect to an amendment to a Master Distribution Agreement.

If the above qualifications do not apply, then there is no current PACA trust res that can be protected, and the Motion must still be denied.

## **CONCLUSION**

As set forth above, GFS has not met its burden regarding basic threshold issues: GFS has provided no information indicating that Debtor is a dealer; GFS has not preserved its PACA rights as required by statute; and GFS' inexcusable delay in bringing this Motion to the prejudice of Debtor and all other creditors bars GFS from any relief under the doctrines of res judicata and laches. In the event that the Court nevertheless permits GFS to proceed beyond these threshold issues, an evidentiary hearing or adversary proceeding will be required to determine the correct amount of GFS' PACA claim, including which items are properly eligible under PACA.

For all these reasons, GFS' Motion must be denied.


Respectfully submitted,

WERNETTE HEILMAN PLLC


By:____/s/ Ryan D. Heilman_____
Ryan D. Heilman (P63952)
Attorney for Debtor
40900 Woodward Ave., Suite 111
Bloomfield, MI 48304
(248) 835-4745
ryan@wernetteheilman.com

# EXHIBIT A

✛ Positive

As of: September 7, 2020 7:36 PM Z

## *Abraham Produce Corp. v. MBS Bros.*

United States District Court for the Eastern District of New York

February 28, 2020, Decided; February 28, 2020, Filed

19-CV-2638 (NGG) (ST)

**Reporter**

2020 U.S. Dist. LEXIS 35836 *

ABRAHAM PRODUCE CORP., Plaintiff, -against- MBS BROTHERS INC. t/a BIG TREE MARKET and YOUNG CHUL AHN, Defendants.

**Subsequent History:** Adopted by, Motion denied by, Dismissed by *Abraham Produce Corp. v. Mbs Bros., 2020 U.S. Dist. LEXIS 50110 (E.D.N.Y., Mar. 20, 2020)*

## Core Terms

default, dealer, quantities, wholesale, commodities, seller, Recommendation, perishable, merchant, broker, agricultural, license

**Counsel: [*1]** For Abraham Produce Corp., Plaintiff: Gail Ellen Spindler, Trop and Spindler, Esqs, Whitestone, NY.

Young Chul Ahn, Defendant, Defendant, Pro se, Flushing, NY.

**Judges:** Steven L. Tiscione, United States Magistrate Judge.

**Opinion by:** Steven L. Tiscione

## Opinion

### REPORT AND RECOMMENDATION

**TISCIONE, United States Magistrate Judge**:

Plaintiff Abraham Produce Corp. ("Abraham Produce") filed this suit against Defendants MBS Brothers Inc. trading as Big Tree Market ("Big Tree") and Young Chul Ahn ("Ahn"), asserting claims under *Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq.* ("PACA") and claims for breach of contract and failure to pay for goods sold. *See* Compl., ECF No. 1. Plaintiff alleges that Defendants failed to maintain sufficient assets in a statutory trust to pay Plaintiff for wholesale quantities of produce that were sold by Plaintiff and accepted by Defendants. Compl. ¶¶ 8, 11. The Clerk of Court entered default after the Defendants failed to respond in any fashion to the Complaint. I respectfully recommend that Plaintiff's Motion for Default Judgment be DENIED and the case be DISMISSED for lack of subject-matter jurisdiction.

### A. Factual Background

The following facts are drawn from the plaintiff's complaint and are **[*2]** accepted as true for purposes of deciding this motion. Abraham Produce is a buyer and seller of produce and is based in the Bronx, New York. Compl. ¶ 3. Defendant Big Tree is a buyer of produce for retail sale and is based in Brooklyn, New York; Ahn is one of its principal officers, directors, or shareholders. Compl. ¶¶ 4, 5.

From June 11, 2018 to November 21, 2018, Abraham Produce sold and delivered to Defendants produce with a total value of approximately $180,000. Compl. ¶ 7. Defendants accepted the produce and tendered partial

payment for it. Compl. ¶ 8. Despite repeated demands, Defendants have failed to make full payments on the amount due. Compl. ¶ 8. Plaintiff alleges that Defendants owe the principal amount of $27,104.02. Compl. ¶ 8.

Plaintiff believes that, under PACA, it is the beneficiary of a statutory trust created by its sale to Big Tree. Compl. ¶ 9. Because Defendants allegedly breached its obligation to dissipating trust assets, Plaintiff argues that it is entitled to judgment in the amount of the debt. Plaintiff further argues that it is entitled to recover from Ahn in his individual capacity because of his failure to direct Big Tree to maintain PACA trust assets. Compl. [*3] ¶¶ 20-24 (stating allegations relating to Plaintiff's third cause of action).

Plaintiff filed this action on May 5, 2019. *See* Compl. A process server duly executed service of the summons and complaint on Ahn on May 10, 2019 and on MBS Brothers Inc. (Big Tree's registered name) on May 13, 2019. *See* Summonses Returned Executed, ECF Nos. 5 & 6. Neither defendant has filed anything in the case. On July 17, 2019, Plaintiff filed a Motion for Default Judgment. *See* Mot. Default J., ECF No. 10. That Motion was referred to me by the Honorable Nicholas G. Garaufis on July 25, 2019 for a Report and Recommendation. *See* Order Referring Mot.

**B. Applicable Law**

A defending party who fails to adequately respond to a complaint risks default. Courts are directed to engage in a two-step process for the entry of a judgment against a party who fails to defend: first, the Clerk of Court enters default, and second, a judgment is entered on the default. *See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). Rule 55(a) of the Federal Rule of Civil Procedure* sets forth the first step as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

*Fed. R. Civ. P. 55(a).* While a "typical" [*4] default is entered "because a defendant failed to file a timely answer[,] . . . a district court is also empowered to enter a default against a defendant that has failed to 'otherwise defend.'" *Mickalis Pawn Shop, 645 F.3d at 129* (citing *Fed. R. Civ. P. 55(a)*) (other citation and

bracket omitted).

When a court enters a default judgment, it "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled . . . ." *Id. at 128.* Simply because the Clerk enters a default, however, does not entitle the plaintiff to a default judgment. *See Scottsdale Ins. Co. v. Priscilla Properties, LLC, 254 F. Supp. 3d 476, 484 (E.D.N.Y. 2017).* A default judgment should be considered only as a "last resort." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc., 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010)* (citing *Meehan v. Snow, 652 F.2d 274, 277 (2d Cir.1981)).* "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).*

Defendants were duly served, *see Fed. R. Civ. P. 4(e)(2)(B), (h)(1)(B),* and have been on actual notice of the litigation for approximately nine months. Nonetheless, they have consistently failed to participate in this case despite repeated opportunities to do so. Accordingly, upon a demonstration of liability, the entry of judgment by default would be [*5] warranted. As set forth below, however, the Court finds that the Complaint does not set forth allegations supporting a valid claim under PACA.

**C. Analysis**

Following the Clerk's entry of default, this court considers as true all factual allegations in Plaintiff's Complaint relating to liability. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012).* But the court still must determine whether the factual allegations, taken as true, establish the defendant's liability as a matter of law. *See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)* (following entry of default, the court is "required to determine whether the [plaintiff's] allegations establish [defendant's] liability as a matter of law").

Plaintiff alleges that Defendants have violated *section 5(c) of PACA. See* Compl. ¶ 6. *Section 5(c)* was added in 1984 to provide greater security for sellers by requiring dealers to hold perishable commodities and sales proceeds in trust for the benefit of unpaid sellers.

*See Am. Banana Co. v. Republic Nat. Bank of N.Y., N.A., 362 F.3d 33, 37 (2d Cir. 2004)* (discussing history of PACA). *Section 5(c)*, codified at *7 U.S.C. § 499e*, states:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by **[*6]** such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. Payment shall not be considered to have been made if the supplier, seller, or agent receives a payment instrument which is dishonored.

*7 U.S.C. § 499e(c)(2)*.

To establish a violation of *§ 499e(c)*, a plaintiff must show:

> (1) The commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser within the time provided by law.

*New Son Yeng Produce NY LLC v. New A & N Food Mkt., Inc., No. 13-CV-5012 (RJD) (VVP), 2014 U.S. Dist. LEXIS 102017, 2014 WL 3725874, at \*4 (E.D.N.Y. July 25, 2014)* (quoting *A&J Produce Corp. v. Chang, 385 F. Supp. 2d 354, 358 (S.D.N.Y. Apr. 4, 2005))*. A plaintiff suing under PACA may also seek to establish personal liability by showing a breach of fiduciary duty by "[a]n individual who is in a position to control the assets of PACA trust and fails to **[*7]** preserve them[.]" *Id.* (quoting *Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705-06 (2d Cir. 2007))*.

Accepting Plaintiff's factual allegations as true, this Court finds that Plaintiff has not alleged a claim under PACA because it has not shown that Big Tree was a "commission merchant, dealer or broker" during the relevant time period. This Court finds that Plaintiff has not established that Big Tree was a dealer, subject to PACA, for at least three reasons: (1) there is no evidence that Big Tree was dealing in wholesale or jobbing quantities totaling one ton or more in weight; (2) the total invoice cost of purchases for the entire period in question is less than \$230,000; and (3) Defendant was not licensed under PACA.

In order to establish liability under PACA, a plaintiff must show that a defendant is a "commission merchant, dealer or broker." *See 7 U.S.C. § 499e(c)*. PACA defines a "dealer" as "any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce." *7 U.S.C. § 499a(b)(6)*.[1] "'Wholesale or jobbing quantities' are 'aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to **[*8]** be shipped or received.'" *A & J Produce Corp. v. Chang, 385 F. Supp. 2d 354, 360 (S.D.N.Y. 2005)* (quoting *7 C.F.R. § 46.2(x)*).

Plaintiff does not meet its initial burden of showing that Big Tree is engaged in the business of buying wholesale or jobbing quantities. Plaintiff does not offer any evidence about the weight of its produce deliveries. In *Bandwagon Brokerage, Inc. v. Mafolie Foods Co., 168 F. Supp. 2d 506, 510 (D.V.I. 2001)*, the district court dismissed a PACA action where the Plaintiff "provided no evidence that the transactions in question met the 'wholesale or jobbing quantities' requirement[.]" *Id. at 510*; *see also A&J Produce Corp., 385 F. Supp. 2d at 360* (citing *Bandwagon Brokerage* and dismissing for lack of jurisdiction where Plaintiff failed to allege any evidence to meet the "wholesale or jobbing quantities" requirement). As in *Bandwagon Brokerage* and *A & J*

---

[1] It is clear that Big Tree is not a "commission merchant" or a "broker." A "commission merchant" is defined as "any person engaged in the business of receiving in interstate or foreign commerce any perishable agricultural commodity for sale, on commission, or for or on behalf of another." *7 U.S.C. § 499a(b)(5)*. There is no allegation that Big Tree accepted the shipment of produce as part of an arrangement where the produce would be sold on commission or on behalf of a third-party entity. A "broker" is "any person engaged in the business of negotiating sales and purchases of any perishable agricultural commodity in interstate or foreign commerce for or on behalf of the vendor or the purchaser[.]" *7 U.S.C. § 499a(b)(7)*. Like before, there is no allegation that Big Tree negotiated produce shipments on behalf of another. Instead, Plaintiff alleged that Big Tree [was] engaged in the business of buying . . . produce . . . for sale at retail . . . ." Compl. ¶ 4.

*Produce*, in this case the Plaintiff has not met its burden of showing that Big Tree is a dealer because it has not offered any evidence to show that it meets the "wholesale or jobbing quantities" requirement.

Even if Plaintiff had alleged "wholesale or jobbing quantities" sufficient to meet its initial burden of showing that Big Tree was a "dealer," it still fails to show why Big Tree is not subject to the exception for unlicensed retail dealers doing business in a total amount of less than $230,000. PACA's definition of a "dealer" is **[*9]** subject to 3 exceptions, and the exception listed under *clause (B)* applies here: "no person buying any such commodity solely for sale at retail shall be considered as a 'dealer' until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000[.]"[2] *7 U.S.C. § 499(b)(6)(B)*. Plaintiff states in its Complaint, and re-affirms in its Declaration in Support of Default Judgment, "Plaintiff sold and delivered to Defendants wholesale quantities of produce . . . having an aggregate value of approximately $180,000.00." Compl. ¶ 7; *see also* Chun Decl. ¶ 11 ("Plaintiff sold Defendants approximately $180,000.00 of produce within a six month period . . ."). There is no evidence that Defendants total invoice costs during a calendar year exceeded $230,000, which is required for PACA to apply to an unlicensed buyer. *See Bandwagon Brokerage, 168 F. Supp. 2d at 510* ("[E]xception *499a(b)(6)(B)* merely excludes a person who buys in wholesale or jobbing lots and whose invoice costs during any calendar year do not exceed $230,000.").

PACA also contains an exclusion to *clause (B)* that applies PACA to *licensed* retail buyers irrespective of the total amount of their purchases in a calendar year. *See 7 U.S.C. § 499a(b)(6)* ("Any person **[*10]** not considered as a 'dealer' under clause[] . . . *(B)* . . . may elect to secure a license under the provisions of *section 499c* of this title, and in such case and while the license is in effect such person shall be considered as a 'dealer.'"). This exception does not apply (again, assuming that the "wholesale or jobbing quantities" prong had been met) because Plaintiff concedes that "Big Tree never obtained a PACA license." Chun Decl. ¶ 11.

_____

[2] This Court has every indication that Big Tree was engaged in the business of buying produce exclusively for retail sale, which means that *clause (B)* applies as an exception. *See* Compl. ¶ 4 ("Defendant Big Tree . . . [was] engaged in the business of buying . . . produce . . . for sale at retail . . . .").

==As a result, since PACA only imposes liability upon commission merchants, dealers, and brokers, and since Big Tree is none of the prior, this Court lacks subject matter jurisdiction over Plaintiff's claims against Big Tree and Ahn.== *See A&J Produce Corp., 385 F. Supp. 2d at 360* (dismissing for lack of subject matter jurisdiction where defendant was not a commission merchant, dealer, or broker); *Bandwagon Brokerage, Inc., 168 F. Supp. 2d at 510* (same).[3]

## D. Conclusion

This Court respectfully recommends that Plaintiff's Motion for Default Judgment be DENIED and Plaintiff's claims against Defendants be DISMISSED for lack of subject matter jurisdiction. Counsel for Plaintiff shall immediately forward a copy of this Report and Recommendation to Defendants and file proof of service with this Court.

## E. Objections to this Report and Recommendation

Pursuant **[*11]** to *28 U.S.C. § 636(b)(1)* and *Rule 72(b)(2) of the Federal Rules of Civil Procedure*, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc., 743 F. App'x 486, 487 (2d Cir. 2018)*; *McConnell v. ABC-Amega, Inc., 338 F. App'x 24, 26 (2d Cir. 2009)*; *Tavarez v. Berryhill, No. 15-CV-5141 (CS) (LMS), 2019 U.S. Dist. LEXIS 73591, 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019)*; *see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)*.

_____

[3] This Court respectfully recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims for breach of contract and failure to pay for goods sold. *See Jacob's Vill. Farm Corp. v. Yusifov, No. 14-CV-4109 (PKC), 2015 U.S. Dist. LEXIS 130925, 2015 WL 5693706, at *10 (E.D.N.Y. Sept. 28, 2015)* ("Plaintiffs' PACA claims are dismissed for failure to state a claim under *FRCP 12(b)(6)*, and the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims."). This Court recommends dismissing those state law claims without prejudice to refiling them in state court. *See id.* (citing *Oneida Indian Nation of New York v. Madison Cty., 665 F.3d 408, 439-40 (2d Cir. 2011)).*

**SO ORDERED**.

/s/ Steven L. Tiscione

Steven L. Tiscione

United States Magistrate Judge

Eastern District of New York

Dated: Brooklyn, New York

February 28, 2020

---

End of Document

# EXHIBIT B

◆ Positive

As of: September 7, 2020 7:37 PM Z

## *Cent. Produce Corp. v. 32-18 M&M Corp.*

United States District Court for the Eastern District of New York

July 9, 2018, Decided; July 9, 2018, Filed

17-CV-3841 (LDH)

**Reporter**

2018 U.S. Dist. LEXIS 114731 *

CENTRAL PRODUCE CORP., Plaintiff, -against- 32-18 M&M CORP. t/a MET FRESH SUPERMARKET, FRANK'S CABALLITO #2 MARKET PLACE, INC. t/a SUPER PIONEER MARKET PLACE, and FRANK RODRIGUEZ, Defendants.

**Subsequent History:** Adopted by, Motion granted by, in part, Motion denied by, in part *Cent. Produce Corp. v. 34-18 M&M Corp., 2018 U.S. Dist. LEXIS 154092 (E.D.N.Y., Sept. 10, 2018)*

**Prior History:** *Cent. Produce Corp. v. 34-18 M&M Corp., 2017 U.S. Dist. LEXIS 109720 (E.D.N.Y., July 14, 2017)*

## Core Terms

invoice, default, fresh, commodities, recommends, fruits, vegetables, dealer, perishable, proffer, agricultural, quantities, buying, evidentiary, outstanding, interstate, commerce, hourly, notice, pounds, egos, prejudgment, wholesale, jointly, travel

**Counsel:** **[*1]** For Central Produce Corp., Plaintiff: Gregory Adam Brown, LEAD ATTORNEY, McCarron & Diess, Melville, NY.

**Judges:** ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** ROANNE L. MANN

## Opinion

**REPORT AND RECOMMENDATION**

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Central Produce Corp. ("plaintiff") brings this action to enforce the trust provision of the *Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e*, and for common law breach of contract. See Complaint (June 27, 2017) ("Compl.") ¶¶ 1, 7, 28-33, Electronic Case Filing ("ECF") Docket Entry ("DE") #1. Plaintiff filed this suit on June 27, 2017, against 32-18 M&M Corp., trading as Met Fresh Supermarket ("Met Fresh"), and Caballito #2 Market Place, Inc., trading as Super Pioneer Market Place ("Super Pioneer") (together, the "corporate defendants"), along with Frank Rodriguez ("Rodriguez") (collectively, with the corporate defendants, "defendants"). See id. at 1. Having failed to answer or otherwise defend this case, defendants defaulted, as noted by the Clerk of the Court on November 17, 2017. See Clerk's Entry of Default (Nov. 17, 2017) ("Entry of Default"), DE #12. Plaintiff subsequently moved for default judgment under *Rule 55(b)(2) of the Federal Rules of Civil Procedure.* See Motion for Default **[*2]** Judgment (Nov. 17, 2017) ("Default J. Mot."), DE #13; see also Memorandum in Support (Nov. 17, 2017) ("Pl. Mem."), DE #15; Memorandum in Support (June 22, 2018) ("Pl. Supp. Mem."), DE #26. On December 11, 2017, the Honorable LaShann DeArcy Hall referred plaintiff's motion to the

undersigned magistrate judge for a report and recommendation. See Order (Dec. 11, 2017).

For the reasons set forth below, this Court respectfully recommends that plaintiff's motion be granted in substantial part. This Court concludes that, considering plaintiff's evidentiary proffer, plaintiff plausibly alleges a claim against defendants for enforcement of the trust provision under PACA, and, with minor exceptions, its evidentiary proffer largely supports its request for monetary relief.

## THE UNDERLYING FACTS AND PROCEDURAL POSTURE

Plaintiff is a New York corporation located in the Bronx. See Compl. ¶ 3. As a licensed PACA dealer, plaintiff buys and sells produce. See id. Between February 9, 2015 and May 19, 2017, plaintiff sold $233,624.50 worth of produce to Met Fresh, a New York corporation located in Long Island City, and Super Pioneer, a New York corporation located in Brooklyn. See id. ¶¶ 4-5, 8. Plaintiff [*3] conducted these transactions through Rodriguez, the corporate defendants' owner and plaintiff's "point of contact . . . ." See id. ¶ 40. As of the filing of the Complaint on June 27, 2017, defendants still owed plaintiff "the principal amount of $154,454.50" for the sale of produce. Id. ¶ 9.

On the same day that this lawsuit was filed, the Honorable Pamela K. Chen issued an Order to Show Cause, wherein she granted plaintiff's request for a temporary restraining order; scheduled a hearing for July 12, 2017; directed that plaintiff serve on defendants a copy of its Order to Show Cause, together with a copy of the Summons and Complaint, via Federal Express; and ordered that such service "shall be deemed good and sufficient thereof[.]" See Order To Show Cause (June 27, 2017), DE #6. On June 28, 2017, plaintiff's attorney, Gregory Brown, declared under penalty of perjury that, on June 27, 2017, he mailed via Federal Express a copy of the Summons and Complaint to each of the defendants, see Summons (June 28, 2017), DE #7, and, on September 29, 2017, filed proof of service with receipts from Federal Express reflecting that such documents had in fact been delivered to Met Fresh and Rodriguez [*4] on June 28, 2017, see Declaration (Sept. 29, 2017) ("Proof of Service Decl.") ¶ 4, DE #11; Proof of Service Decl. Exhibit A (Sept. 29, 2017) at 3-4,

DE #11-1.[1]

On July 14, 2017, Judge DeArcy Hall entered a preliminary injunction, directing defendants not to dissipate any funds to third parties, to supply plaintiff with various financial statements relevant to this action, and to deposit with plaintiff's counsel the full balance owed to plaintiff; she also authorized plaintiff's counsel "to collect all outstanding accounts receivable" of the corporate defendants, up to the amount still owed to plaintiff, and to transfer that money to plaintiff. See Minute Entry and Order (July 14, 2017) at 3-4, DE #8. As defendants failed to answer or otherwise defend this case, the Clerk of Court entered their default on November 17, 2017, see Entry of Default, at which point plaintiff moved for default judgment, see Default J. Mot.

## DEFAULT JUDGMENT STANDARD

Where the "plaintiff's claim is [not] for a sum certain[,]" the plaintiff seeking default judgment against a defendant who failed to answer or otherwise defend the case "must apply to the court" after [*5] "the clerk enter[s] the [defendant's] default." Fed. R. Civ. P. 55(a)-(b). A defendant's "default is deemed to constitute a concession of all well pleaded allegations of liability[.]" Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). A default does not, however, establish "that the alleged facts constitute a valid cause of action[.]" See TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd., 536 F.App'x 45, 46 (2d Cir. 2013) (internal quotation marks and citations omitted). Indeed, "before a district court enters a default judgment, it must determine whether the allegations in a complaint establish the defendant's liability as a matter of law." Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas, 509 F.App'x 54, 56 (2d Cir. 2013) (citing Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)). To the extent that the plaintiff's allegations are

---

[1] Although Federal Express was unable to deliver the Summons and Complaint directly to Super Pioneer, see Proof of Service Decl. ¶ 4; see generally Proof of Service Decl. Exhibit B (Sept. 29, 2017), DE #11-2, given that service was made on Rodriguez, Super Pioneer's owner, and Met Fresh, Super Pioneer's alter ego, see infra pp.12-14, each of whom are co-defendants in this case, this Court concludes that, per Judge Chen's order regarding service, service on Super Pioneer was, for purposes of this uncontested motion for default judgment, proper. See Kohler Co. v. Bold Int'l FZCO, 17-CV-4233 (LDH), 2018 U.S. Dist. LEXIS 103430 at *13-15 (E.D.N.Y. June 19, 2018).

inadequate, "a district court has discretion under *Rule 55(b)(2)* . . . to require proof of necessary facts" to satisfy itself that there is "a valid cause of action[.]" *Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)*; accord *Finkel, 577 F.3d at 87*.[2]

"When deciding a [defendant's liability on a] motion for default judgment, courts have . . . looked to recent precedent with regard to surviving a *Rule 12(b)(6)* motion to dismiss[.]" *Chanel, Inc. v. Jean-Louis, No. 06-cv-5924 (ARR)(JO), 2009 U.S. Dist. LEXIS 113910, 2009 WL 4639674, at *3 (E.D.N.Y. Dec. 7, 2009)*. On a *Rule 12(b)(6)* motion, courts follow a two-prong approach. See *Ashcroft v. Iqbal, 556 U.S. 662, 677-80, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*. First, the complaint's conclusions of law and formulaic recitations of elements of a cause of action should be disregarded. See id. Second, where the complaint contains **[*6]** "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id. at 679*. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. at 678* (citing *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))*. While "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing *Twombly, 550 U.S. at 556*). The Supreme Court has invited courts, in assessing the sufficiency of a pleading, to use their "judicial experience and common sense." *Iqbal, 556 U.S. at 679*.

Although, in deciding motions for default judgment, courts assume the truth of the pleading's well-pled facts as they relate to liability, the facts alleged in the pleading are not assumed to be true in assessing a plaintiff's right to the relief requested. See *Au Bon Pain, 653 F.2d at 65*. In other words, even if the defendant is found to be liable, the defendant's default is not

considered an admission of the plaintiff's entitlement to an award of damages or requested injunction. See *Greyhound Exhibitgroup, 973 F.2d at 158*; *S.E.C. v. Mgmt. Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975)*. Instead, the relief requested must "be established by the plaintiff" **[*7]** with evidence, *Greyhound Exhibitgroup, 973 F.2d at 158*, and may not exceed "what is specified in the [complaint's] 'demand for judgment,'" *Silge v. Merz, 510 F.3d 157, 160 (2d Cir. 2007)*. In this regard, the court may rely on "detailed affidavits and documentary evidence" and need not conduct an evidentiary hearing on the appropriateness of the relief requested. See *Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 39-40 (2d Cir. 1989)*.

## DISCUSSION

### I. Met Fresh's and Super Pioneer's Liability under PACA

Plaintiff alleges a violation of the trust provision under PACA, *7 U.S.C. § 499e(c)(4)*. See Compl. ¶¶ 1, 7; Pl. Mem. at 2-4. In order to state a claim under this provision, the plaintiff must allege facts supporting that

(1) the commodities sold were perishable agricultural commodities;

(2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker;

(3) the transaction occurred in interstate or foreign commerce;

(4) the seller has not received full payment on the transaction; and

(5) the seller preserved its trust rights by giving written notice to the purchaser within the time provided by the law.

*A & J Produce Corp. v. Chang, 385 F.Supp.2d 354, 358 (S.D.N.Y. 2005)* (collecting authorities); see *G & P Warehouse, Inc. v. Cho's Church Ave Fruit Mkt. Inc., No. 15 CV 6174 (NG)(CLP), 2016 U.S. Dist. LEXIS 107935, 2016 WL 5802747, at *5 (E.D.N.Y. Aug. 12, 2016)*, adopted, *2016 U.S. Dist. LEXIS 136021, 2016 WL 5716819 (E.D.N.Y. Sept. 30, 2016)*. Here, the pleading, together with the uncontroverted evidence, alleges sufficient facts to plausibly support the **[*8]** corporate defendants' liability under PACA. See supra p.4 n.2.

---

[2] Accordingly, in upholding a district court's refusal to vacate a default judgment, the Second Circuit has observed that a finding of liability on default may be based on "the factual allegations in the complaint, combined with uncontroverted documentary evidence submitted by plaintiffs . . . ." *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015)*; see id. at 188; *Herrera v. Tri-State Kitchen & Bath, Inc., No. 14-CV-1695 (ARR)(MDG), 2015 U.S. Dist. LEXIS 51809, 2015 WL 1529653, at *5 n.1 (E.D.N.Y. Mar. 31, 2015)*.

First Element: PACA defines "perishable agricultural commodities" as "[f]resh fruits and fresh vegetables of every kind and character[,]" whether or not they are "frozen or packed in ice[.]" *7 U.S.C. § 499a(b)(4)(A)*. The Second Circuit interprets this definition such that "fresh" excludes from the ambit of PACA "fruits and vegetables" that have been processed in such a way that changes their natural form or essential nature. See *Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc., 67 F.3d 1063, 1070 (2d Cir. 1995)*; see also *In re Fleming Cos., Inc., 316 B.R. 809, 812-14 (D. Del. 2004)* (holding that canned fruits and vegetables, even if canned when otherwise "fresh," are not "fresh" for purposes of PACA because canning prolongs their preservation); *7 C.F.R. § 46.2(u)* (defining "fresh fruits and fresh vegetables" as "all produce in fresh form generally considered as perishable fruits and vegetables").

While the Complaint in this action merely alleges that plaintiff sold unspecified "produce" to the corporate defendants, plaintiff's evidentiary proffer includes invoices reflecting the sale of a variety of fruits and vegetables—including oranges, tomatoes, cucumbers, and carrots—with no notation that these fruits and vegetables were canned or otherwise materially processed. See generally Declaration in Support (Jan. 8, [*9] 2018) ("Brown Supp. Decl.") Exhibit A ("Ex. A"), DE #20-1; Brown Supp. Decl. Exhibit B ("Ex. B"), DE #20-2. Under these circumstances, it is reasonable to infer from this proffer that these fruits and vegetables were "fresh," in that they were sold in their natural form or essential nature.

Second Element: Subject to exclusions, a purchaser of such commodities is a "dealer"[3] where the purchaser "engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the [Secretary of Agriculture], any perishable agricultural commodity in interstate or foreign commerce[.]" *7 U.S.C. § 499a(b)(5)*. The Secretary defines "wholesale or jobbing quantities" as "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." *7 C.F.R. § 46.2(x)*. Thus, in order to fall within PACA's general dealer definition, each

corporate defendant must have been (1) "engaged in the business" of buying (2) at least 2,000 pounds of fresh fruits and fresh vegetables "in any day" received.[4]

Aside from conclusory assertions, see Compl. ¶¶ 4-5 (noting that defendants "engaged in the business of buying and selling [*10] wholesale quantities of produce in interstate commerce, and [were] at all relevant times subject to the provisions of PACA"), the Complaint is devoid of facts in support of defendants' status as dealers. When confronted with this Court's Order to address this apparent deficiency, see Supp. Briefing Order at 2-3, plaintiff directed the Court's attention to two invoices, see Declaration of Neldin Castro (June 22, 2018) ("Castro Supp. Decl.") ¶¶ 5-6, DE #25. Specifically, "on April 21, 2015, Met Fresh purchased 3,519 pounds of fresh produce," and "on March 3, 2017, Super Pioneer purchased 3,861 pounds of fresh produce[.]" Castro Supp. Decl. ¶ 5; see Brown

---

[3] Plaintiff does not argue in the alternative that defendants are "commercial merchants" or "brokers" within the meaning of PACA. Compare Order (June 18, 2018) ("Supp. Briefing Order") at 2-3, DE #23 (directing plaintiff to "address whether each corporate defendant was a 'commission merchant, dealer or broker'"), with Pl. Supp. Mem. at 2-4 (arguing only that defendants are "dealers").

---

[4] Courts have not addressed the tension between the statute's use of the phrase "engaged in the business" and the regulation's use of the phrase "in any day." See J. L. Weinstein Co., Inc., 40 Agric. Dec. 1603, 1605, 1981 WL 32103, at *2 (U.S.D.A. Oct. 14, 1981) (relying on a single day's transaction in concluding that the defendant was a dealer within the meaning of PACA); see also *Arava USA, Inc. v. Karni Family Farm, LLC, 474 F.App'x 452, 453-54 (6th Cir. 2012)* (holding that "an entity does not become a 'dealer' . . . until the entity buys, sells, or contracts for 2,000 pounds or more of produce in a single day"); *Anthony Marano Co. v. Glass, No. 05 C 6403, 2007 U.S. Dist. LEXIS 5739, 2007 WL 257630, at *3 (N.D. Ill. Jan. 24, 2007)* (relying on transactions conducted over "several days").

The regulation's reference to "in any day" appears to clarify that, although the weight of a single day's order for a shipment of produce may be aggregated, the weight of shipments over several days may not. A purchaser who, once a week, receives a fifty-pound shipment of lemons, for example, would not be a "dealer" under PACA, despite the total weight of a year's shipments amounting to over 2,000 pounds. Further, the statute's reference to "engaged in the business" appears to clarify that the purchasing of such quantities must take place over the regular course of business, as opposed to one-off purchases that happen to amount to "wholesale or jobbing quantities." The aforementioned purchaser would thus not become a dealer simply because, on one occasion, it received a 3,000 pound shipment of lemons. Such a reading is consistent with PACA's purpose of protecting sellers from non-payment of goods that very quickly lose their value, and in the context of such significant shipments that contract law alone would be unable to adequately protect the seller's interest—a concern not implicated where a purchaser either never or very infrequently purchases significant quantities of produce.

Supp. Decl. Ex. B at 31. Thus, the evidentiary proffer reflects the sale of more than 2,000 pounds worth of perishable agricultural commodities on at least one occasion for each corporate defendant, thus satisfying the second prong of the general dealer definition.

These weight figures are—as plaintiff concedes—based on the most expensive transactions between the parties and, relative to the other invoices, also consist of a disproportionally increased amount of heavier fruits. See Castro Supp. Decl. ¶ 6. For example, although the March **[*11]** 3, 2017 invoice amounted to over $8,500 worth of produce, the typical invoice was much closer to $2,000, with several invoices totaling even less. See generally Brown Supp. Decl. Ex. A & Ex. B. It is thus unclear whether, although the corporate defendants purchased wholesale quantities on at least one occasion each, they were "engaged in the business of buying" such quantities. See supra p.8 n.4 Indeed, it may be that the corporate defendants were "engaged in the business of buying" below wholesale quantities but that, on two occasion over the course of nearly two and a half years, they purchased just over the threshold amount. See id.

Nevertheless, plaintiff declares, "upon information and belief," that defendants purchase perishable agricultural commodities from other vendors, see Castro Supp. Decl. ¶ 7, presumably at similar volumes. Although this assertion is devoid of contextual information supporting plaintiff's ultimate belief, this Court concludes that, on a motion for default judgment, where defendants have opted not to challenge the plausibility of that belief with information readily accessible to them but not to plaintiff, there is more than a mere possibility that defendants are "engaged **[*12]** in the business of buying[,]" 7 U.S.C. § 499a(b)(5), "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day . . . received," 7 C.F.R. § 46.2(x).

That said, the statute excludes certain retailers from the definition of a "dealer": "(B) no person buying any such commodity solely for sale at retail shall be considered as a 'dealer' until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000[.]" 7 U.S.C. § 499a(b)(5); see Muir Enters. Inc. v. Deli Nation LLC, 998 F.Supp.2d 1220, 1226-29 (D. Utah 2014). Plaintiff's pleading and evidentiary proffer reflect that each corporate defendant is a grocery store with a single location in New York City. See Compl. ¶¶ 3-4; see generally Brown Supp. Decl. Ex. A & Ex. B. Even assuming that the corporate defendants are alter egos of each other, neither the

pleading nor the evidentiary proffer supports that defendants' invoice cost for fresh fruits and vegetables exceeded $230,000 in any given calendar year. Indeed, the pleading alleges that the corporate defendants' total invoice amount from February 2015 until May 2017 was just over $230,000, or approximately $100,000 per year, for the corporate defendants combined. Plaintiff recognizes that, in and of itself, this allegation **[*13]** is insufficient to bring defendants within the statute's definition of a "dealer." See Pl. Supp. Mem. at 2-4. Nevertheless, as noted earlier, plaintiff avers that, "upon information and belief, Defendants purchased produce from other suppliers during the relevant time period." Castro Supp. Decl. ¶ 7. For the reasons discussed above, this Court concludes that, given defendants' default, there is more than a mere possibility that the corporate defendants fall outside the retail exclusion, such that they are dealers and, as a result, are subject to PACA's trust provision.[5]

Third Element: Plaintiff, a New York corporation, alleges that it sold its produce to Met Fresh and Super Pioneer, both New York corporations. See Compl. ¶¶ 3-5, 8. It is thus reasonable to infer that these transactions took place within New York. Cf. Henry Avocado Corp. v. Z.J.D. Brother, LLC, 17-cv-4559 (ARR), 2017 U.S. Dist. LEXIS 208509, 2017 WL 6501864, at *5 (E.D.N.Y. Dec. 19, 2017) (holding that the complaint's allegation that the plaintiff and defendant were from different states supported a reasonable inference that the sale of produce between the parties occurred within interstate commerce); see generally Brown Supp. Decl. Ex. A & Ex. B (noting on invoice **[*14]** plaintiff's and defendants' New York addresses). Nevertheless, given that at least some of the sold produce originated from states outside of New York, see Pl. Supp. Mem. at 4-5, the transactions are deemed to have taken place within

---

[5] Plaintiff does not dispute that it bears the burden of showing that defendants fall outside the scope of the retail exclusion to the general dealer definition. See Pl. Supp. Mem. at 2-4; see also Muir Enters., 998 F.Supp.2d at 1228 ("In order for any one of the DN Restaurants to be subject to PACA, as dealers purchasing produce 'solely for sale at retail,' Plaintiff must show the restaurant purchased more than $230,000 in a single year." (emphasis added)); E.E.O.C. v. Chicago Club, 86 F.3d 1423, 1429-31 (7th Cir. 1996) (noting difference between statutory exceptions from liability and statutory exclusions from the scope of a definition, and the impact such differences have on which party bears the burden of proof on the issue); accord Donatello v. Cty. of Niagara, No. 15-CV-39V, 2016 U.S. Dist. LEXIS 71951, 2016 WL 3090552, at *9 (W.D.N.Y. June 2, 2016).

interstate commerce, see *Maspeth Trading Inc. v. New A & N Food Mkt., Inc., No. CV 13-6454(RJD)(VVP), 2014 U.S. Dist. LEXIS 105195, 2014 WL 3762694, at *5 (E.D.N.Y. June 10, 2014)* (purely intrastate sale of produce in New York satisfies interstate commerce element where it is "part of the usual stream of commerce that includes other interstate transactions"), adopted, *2014 U.S. Dist. LEXIS 104814, 2014 WL 3762965 (E.D.N.Y. July 30, 2014)*.

Fourth Element: Plaintiff sufficiently alleges that it has not received full payment for its transactions of produce. Although defendants "tendered at least 15 checks to Plaintiff[,]" those checks "were returned by Defendants' banks for insufficient funds[,]" Compl. ¶ 12, such that defendant has an outstanding principal balance of $154,454.50, see id. ¶ 9.

Fifth Element: With the exception of Invoice 484, plaintiff preserved its trust rights by affixing each page of its tendered invoices with the full language of *section 499e(c)(4)*. See Compl. ¶ 11; see generally Brown Supp. Decl. Ex. A & Ex. B. That said, Invoice 484 does not include this notice, see Brown Supp. Decl. Ex. A at 2-3, and plaintiff **[*15]** does not argue that notice as to that transaction was otherwise valid, see Pl. Mem. at 3-4. Indeed, after this Court alerted plaintiff to this deficiency, see Supp. Briefing Order at 3, plaintiff conceded that it had failed to preserve its PACA trust rights with respect to that invoice, see Pl. Supp. Mem. at 6, for produce in the amount of $2,644.79, see Brown Supp. Decl. Exhibit C ("Ex. C") at 2, DE 20-3.[6]

Alter Egos: Finally, plaintiff argues that Met Fresh and Super Pioneer are alter egos of each other, and should thus be jointly and severally liable under PACA.[7] "Alter ego liability exists when a parent or owner uses the

corporate form to achieve fraud, or when the corporation has been so dominated by an individual or another corporation (usually a parent corporation), and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own." *Chiquita Fresh, 2018 U.S. Dist. LEXIS 34763, 2018 WL 1786991, at *9* (citing *Liberty Synergistics, Inc. v. Microflo Ltd., 50 F.Supp.3d 267, 296 (E.D.N.Y. 2014)* (quoting *OOO "Garant—S" v. Empire United Lines Co., Inc., 557 Fed.Appx. 40, 45 (2d Cir. 2014))*; see also *S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 138-39 (2d Cir. 2010)* (upholding district court's denial of motion to dismiss challenging adequacy of pleading alter ego status where the complaint, together with declarations and deposition testimony, supported that various entities operated as a single economic unit controlled **[*16]** by the same person). Aside from vaguely asserting that, "[u]pon information and belief," the corporate defendants "guaranty the obligations of one another[,]" Compl. ¶ 42; see also *Hop Hing Produces Inc. v. X & L Supermarket, Inc., No. CV 2012-1401 ARR MDG, 2013 U.S. Dist. LEXIS 43533, 2013 WL 1232948, at *6-8 (E.D.N.Y. Mar. 26, 2013)*, plaintiff alleges that Rodriguez represented that he was the owner of both corporate defendants, see Compl. ¶ 40. Moreover, plaintiff proffers a New York UCC financing statement filed on September 16, 2016, see Brown Supp. Decl. Exhibit E ("Ex. E") at 2, DE #20-5, and an amendment to that financing statement filed on May 15, 2017, see id. at 3. The initial financial statement reflects that "Corporation Service Company" served as a secured party to debtor "Frank Caballito #2 Market Place, Inc.," whose additional legal name is "Super Pioneer Market Place" and address is that of Super Pioneer. See id. at 2; Declaration in Support (Nov. 17, 2017) ("First Decl.") Exhibit G ("Ex. G") at 2, DE #14-7. The amendment changed the debtor from Super Pioneer to "34-18 M&M Corp.," at the address of Met Fresh in whose name it was trading, see Brown Supp. Decl. Ex. E at 3; First Decl. Ex. G at 2. It is thus **[*17]** plausible that the corporate defendants are alter egos of each other.

Accordingly, this Court recommends that the District Court enter default judgment against the corporate defendants for violating PACA's trust provision, and, as to Invoice 484, for breach of contract, and hold them jointly and severally liable.

## II. Rodriguez's Liability under PACA

Plaintiff also alleges that Rodriguez is personally liable

---

[6] Although the corporate defendants' failure to disburse trust assets to pay this particular invoice thus does not violate PACA, it nevertheless constitutes a common law breach of contract, as charged in the Complaint. See Compl. ¶¶ 28-33.

[7] Plaintiff asserts alter ego liability as a separate cause of action. See Compl. ¶¶ 39-48. However, "alter ego liability is not a separate cause of action, 'rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners[,]' or on another entity." *Chiquita Fresh N. Am., LLC v. Long Island Banana Corp., 14-982 (ADS) (AKT), 2018 U.S. Dist. LEXIS 34763, 2018 WL 1786991, at *9 (E.D.N.Y. Feb. 28, 2018)* (citing ***Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.,*** 655 F.Supp.2d 177, 194 (E.D.N.Y. 2009)*), adopted, *293 F.Supp.3d 305 (E.D.N.Y. 2018)*.

for violation of the trust provision under PACA. See Compl. ¶¶ 1, 6-7; Pl. Mem. at 4-6. "An individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty." Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705-06 (2d Cir. 2007) (collecting cases). The failure to preserve the assets in a PACA trust occurs where the person in a position to control such assets acts in a manner "inconsistent with this responsibility," and fails to make such assets "freely available" to the beneficiary of the trust. See id. at 706 (quoting 7 C.F.R. § 46.46(d)(1)).

Rodriguez not only "represented to Plaintiff that he was the owner" of the corporate defendants, see Compl. ¶ 40, but he is listed as the chief executive officer [*18] of Met Fresh on New York Department of State Division of Corporations documents, see First Decl. Ex. G at 2-3.[8] It is thus reasonable to infer that Rodriguez had control over the PACA trust assets. See Coosemans Specialties, 485 F.3d at 705 (parties did not dispute that President of close corporation had sufficient control over trust assets). "By failing to turn over the trust assets to Plaintiff when payment became due, [Rodriguez] breached [his] fiduciary duty." A & J Produce Corp. v. Borough Park Food Mart LLC, No. 17-CV-2337 (JPO), 2018 U.S. Dist. LEXIS 12271, 2018 WL 566458, at *4 (S.D.N.Y. Jan. 25, 2018).

Accordingly, this Court recommends that the District Court enter default judgment against Rodriguez for breach of his fiduciary duty arising out of plaintiff's PACA trust.

### III. Plaintiff's Requested Relief

#### A. Principal Balance

Plaintiff's attorney, Gregory Brown, declares that defendants still have an outstanding balance of $154,402.29. See First. Decl. ¶¶ 12-14. Plaintiff supports this assertion with a spreadsheet that incorporates the amount due from each invoice that was exchanged between the parties. See Brown Supp. Decl. Ex. C at 4. Plaintiff also proffers a copy of each invoice. See generally Brown Supp. Decl. Ex. A & Ex. B. This Court has reviewed the spreadsheet and invoices and confirms plaintiff's calculation, but notes that of that amount, $2,644.79, [*19] the outstanding sum reflected on Invoice 484, is not recoverable under PACA. See supra p.12. While plaintiff is entitled to breach of contract damages in that amount from the corporate defendants, see generally Compl. ¶¶ 28-33, plaintiff has stated no viable claim against Rodriguez based on that invoice. Therefore, Rodriguez is liable for the principal amount of **$151,757.50**, and the corporate defendants are liable for **$154,402.29**. See generally G & P Warehouse, 2016 U.S. Dist. LEXIS 107935, 2016 WL 5802747, at *6.

#### B. Prejudgment Interest

Although not expressly provided for under PACA, courts, on uncontested motions for default judgment, routinely award prejudgment interest of 1.5 percent per month, or 18 percent per year, on any outstanding balance where, as in this case, the PACA trust notice in the parties' contractual invoices provided for prejudgment interest at that rate. See id. at 7-8 (collecting cases). On Invoice 484, for which there is no PACA notice, plaintiff is entitled, under New York law regarding breach of contract, to prejudgment interest at a rate of 9 percent per year, see N.Y. C.P.L.R. § 5004 (McKinney 2018), or half of the interest rate sought by plaintiff for the amount due on that invoice.

Accordingly, with respect to the corporate defendants, plaintiff's request for $43,136.53 [*20] in interest through January 8, 2018 should be reduced by $687.35 (half of $1,374.71 on Invoice 484) to **$42,449.18**. Further, as to those defendants, this Court recommends that, for each day after January 8, 2018, until judgment is entered, plaintiff be awarded an additional **$75.49**: $74.84 per day on the outstanding PACA balance ($151,757.50 multiplied by 18 percent and divided by 365), plus $0.65 per day on the outstanding Invoice 484 balance ($2,644.79 multiplied by 9 percent and divided by 365). However, because Rodriguez is not liable for breach of contract in relation to Invoice 484, he is only liable for prejudgment interest in the amount of **$41,761.83** through January 8, 2018, plus **$74.84** per day through entry of judgment.

#### C. Attorney's Fees

---

[8] Contrary to plaintiff's assertion, see Pl. Mem. at 5 (citing generally First Decl. Ex. G.), the documents cited by plaintiff do not reflect that Rodriguez is in any way affiliated with Super Pioneer, see First Decl. Ex. G at 4-5. However, in light of the documentary evidence establishing the corporate defendants' alter ego status, see Brown Supp. Decl. Ex. E at 2-3; First Decl. Ex. G at 2, the record evidence does support Rodriguez's control over Super Pioneer's assets.

### 1. *Governing Law*

"There are two separate grounds for recovering attorney's fees under PACA," only one of which plaintiff invokes: "when a contract between the parties provides for the recovery of attorney's fees." *Chiquita Fresh, 2018 U.S. Dist. LEXIS 34763, 2018 WL 1786991, at *10* (collecting cases); see Pl. Mem. at 6-7. Specifically, the Second Circuit has held that, where, as in this case, the plaintiff's invoices include, as part of the PACA trust notice, a provision for attorney's fees, the plaintiff may **[*21]** recover those fees as "'sums owing in connection with' perishable commodities transactions under PACA." See *Coosemans Specialties, 485 F.3d at 709* (collecting authorities); see generally Brown Supp. Decl. Ex. A ("Buyer agrees to pay all costs of collection, *including attorneys' fees* and costs as additional sums owed in connection with this transaction" (emphasis added)) & Ex. B (same).

That said, plaintiff bears the burden of proving the reasonableness of the fees sought. See *Savoie v. Merchants Bank, 166 F.3d 456, 463 (2d Cir. 1999)*; see also *Brigiotta's Farmland Produce & Garden Ctr., Inc. v. Przykuta, Inc., No. 05-CV-273S, 2006 U.S. Dist. LEXIS 48004, 2006 WL 3240729, at *6 n.6 (W.D.N.Y. July 13, 2006)* (opining that the better approach in PACA cases is to limit invoiced contractual fee-shifting arrangements only to reasonable fees so as to avoid an invalid contract). In considering an application for attorney's fees, the Court must first determine the presumptively reasonable fee. See *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008)*. This presumptively reasonable fee—or lodestar[9]—is essentially "'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009)* (quoting *Arbor Hill, 493 F.3d at 112, 118)*.

Courts can and should exercise broad discretion in determining a reasonable fee award. See *Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)* ("The court necessarily has discretion in making this equitable judgment."); *Arbor Hill, 522 F.3d at 190* (referencing the court's "considerable discretion"). **[*22]** The method for determining

reasonable attorney's fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. See *Arbor Hill, 522 F.3d at 186 n.3, 190*. In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in which the reviewing court sits. This is known as the "forum rule." See *Simmons, 575 F.3d at 174-75* (recounting history of the forum rule); see also *Arbor Hill, 522 F.3d at 191* ("We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally.").

Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee. See *Arbor Hill, 522 F.3d at 190*. With very limited exceptions, "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983)*. The Court must review these time records and the hours an attorney billed in order to determine the reasonableness of such and, in doing so, should **[*23]** examine the value of the work product and "exclude excessive, redundant or otherwise unnecessary hours." *Concrete Flotation Sys., Inc. v. Tadco Constr. Corp., No. 07-CV-319 (ARR)(VVP), 2010 U.S. Dist. LEXIS 60560, 2010 WL 2539771, at *5 (E.D.N.Y. Mar. 15, 2010)* (quoting *Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999))*, adopted, *2010 U.S. Dist. LEXIS 60562, 2010 WL 2539661 (E.D.N.Y. June 17, 2010)*; see *Hensley, 461 U.S. at 434*; *Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994)*.

### 2. *Reasonable Hourly Rate*

Plaintiff requests an hourly rate of $375 for Gregory Brown's services and $400 for Louis Diess' services. See Brown Decl. ¶¶ 18-19. Mr. Brown has twelve years of experience and Mr. Diess has twenty-six. See id. Within the past several years, courts in this District have approved a rate of $365 per hour for Mr. Brown's services in PACA cases, and one has approved $375 per hour for Mr. Diess' services. See *E. Armata, Inc. v. E. End Produce, Inc., CV 15-44(ADS)(ARL), 2016 U.S. Dist. LEXIS 32102, 2015 WL 10457210, at *5 (E.D.N.Y. Jan. 7, 2015)* (awarding $365 for Mr. Brown and $375 for Mr. Diess in a PACA case), adopted, *2016 U.S. Dist. LEXIS 30798, 2016 WL 917935 (E.D.N.Y. Mar. 9,*

---

[9] The lodestar is the product of the number of hours reasonably expended on the litigation and a reasonable hourly rate. See *Arbor Hill, 522 F.3d at 183*.

*2016);* *G & P Warehouse, 2016 U.S. Dist. LEXIS 107935, 2016 WL 5802747, at \*10-11* (collecting cases). This Court has found no PACA case in this District that approved an hourly rate in excess of $375. Therefore, this Court concludes that the time charges for work performed by Mr. Brown as well as Mr. Diess should be compensated at an hourly rate of $375.

### 3. *Reasonable Number of Hours and Tasks*

Plaintiff's attorneys claim that they spent a total of 46.80 hours working on this case, amounting to $17,080.00 in fees. [*24] See Brown Supp. Decl. Exhibit D ("Ex. D") at 4, DE #20-4. This Court has reviewed plaintiff's contemporaneous records, which accompany plaintiff's attorney's declaration affirming that such records are accurate and that the work was actually incurred, *see* First. Decl. ¶ 20, and finds them to be reasonable, with two exceptions. First, on June 27, 2017, plaintiff block-billed five hours and fifteen minutes, amounting to nearly $2,000, for traveling to and from this Courthouse to "file pleadings and submit [an] order to show cause[,]" Brown Supp. Decl. Ex. D at 2, all of which could have been done in a matter of seconds electronically. And even if it were reasonable to file such documents in person, it is unreasonable to charge $375 per hour for such a purely administrative task. This $1,968.75 entry should be stricken in its entirety.

Second, on July 12, 2017, plaintiff block-billed three hours and forty-eight minutes, totaling $1,425, for both an in-court proceeding as well as travel to and from this Courthouse. *See id.* at 3. In this Circuit, courts generally reduce attorney fees by fifty percent for travel time. *See,* *e.g.,* *Trustees of Pavers & Rd. Builders v. Triple H Concrete Corp., 15 Civ. 6687 (ARR) (VMS), 2018 U.S. Dist. LEXIS 27128, 2018 WL 1178036, at \*12 (E.D.N.Y. Feb. 16, 2018)* [*25] (collecting cases), adopted, *2018 U.S. Dist. LEXIS 36490, 2018 WL 1175151 (E.D.N.Y. Mar. 6, 2018)*. According to Google maps, it should take approximately one hour and thirty minutes each way to travel by car between this Courthouse and plaintiff's attorney's law firm. This entry is thus reduced to $862.50—$562.50 for travel time (3 hours at $187.50 per hour) plus $300 for any remaining in-court proceedings (0.8 hours at $375 per hour).

### 4. *Aggregate Assessment of Attorney's Fees*

In light of the above, this Court recommends a total award of **$14,216.25** in attorney's fees: specifically, plaintiff's requested $17,080.00 should be reduced by $2,831.25 for the above-discussed unreasonable tasks, and should be further reduced by $32.50 for Mr. Diess'

1.3 hours of work, compensated at $375 per hour (instead of $400 per hour).

### D. Costs

As with fees, "PACA does not require an award of . . . costs, but does permit the court to enforce the parties' contractual agreement by granting such relief." *G & P Warehouse, 2016 U.S. Dist. LEXIS 107935, 2016 WL 5802747, at \*12* (internal quotation marks and citation omitted). Here, plaintiff's notice provision expressly provided for the recovery of costs. *See generally* Brown Supp. Decl. Ex. A ("Buyer agrees to pay all costs of collection, including attorneys' fees and *costs* as additional [*26] sums owed in connection with this transaction" (emphasis added)) & Ex. B (same). Plaintiff requests an award of $1,029.14 in costs. *See generally* Brown. Supp. Decl. Ex. D. These costs include the court filing fee, out-of-office photocopy charges, Federal Express postage, and service processing fees, as well as parking expenses at the Courthouse and legal research on Lexis. *See generally id.* In addition to its attorney invoice, plaintiff submitted Federal Express documents and a sworn statement from its attorney, Mr. Brown, affirming that these costs are correct and were actually incurred. *See* First Decl. ¶ 20; *see generally* Proof of Service Decl. & attached exhibits. Under very similar facts, courts in this Circuit have awarded all such costs. *See* *E. Armata, LLC v. Brachs Five Towns, LLC, 16cv2894 (GDB) (DF), 2016 U.S. Dist. LEXIS 163162, 2016 WL 11281384, at \*11 (S.D.N.Y. Nov. 23, 2016)* (collecting cases), adopted, *2017 U.S. Dist. LEXIS 6939, 2017 WL 213068 (S.D.N.Y. Jan. 18, 2017)*. Accordingly, this Court recommends that plaintiff be awarded the full amount requested of **$1,029.14**.

### CONCLUSION

For the foregoing reasons, this Court respectfully recommends that plaintiff's motion for default judgment be granted in substantial part. More specifically, the District Court should enter default judgment against defendants for violation of PACA's [*27] trust provision (as well as common law breach of contract), and hold the corporate defendants jointly and severally liable for a total award of **$212,096.86**. In addition, the corporate defendants should be adjudged jointly and severally liable for an additional **$75.49** for each day after January 8, 2018, until judgment is entered. However, because defendant Rodriguez is not liable for breach of contract in relation to Invoice 484, he should be adjudged jointly and severally liable with the corporate defendants for the lesser sum of **$208,764.72**, plus **$74.84** for each day

between January 8, 2018 and entry of judgment.

Any objections to this Report and Recommendation must be filed with the Honorable LaShann DeArcy Hall on or before **July 26, 2018**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See *28 U.S.C. § 636(b)(1)*; *Fed. R. Civ. P. 6(a)*, *6(d)*, *72*.

The Clerk is respectfully requested to docket this Report and Recommendation into the ECF court file and to transmit copies to defendants, by overnight courier, at the following addresses:

    34-18 M&M Corp., t/a Met Fresh Supermarket
    34-18 Steinway Street
    Long Island City, New York 11101

    Frank's Caballito #2 Market Place, Inc., t/a Super Pioneer **[*28]** Martket Place
    4209 Avenue D
    Brooklyn, New York 11203
    Frank Rodriguez
    91-25 82nd Street, First Floor
    Woodhaven, New York 11421

**SO ORDERED**.

**Dated: Brooklyn, New York**

**July 9, 2018**

**/s/ Roanne L. Mann**

**ROANNE L. MANN**

**CHIEF UNITED STATES MAGISTRATE JUDGE**

End of Document

# EXHIBIT C

⚠ Caution

As of: September 7, 2020 7:37 PM Z

# *Heeren, LLC v. Cherry Growers, Inc.*

United States District Court for the Western District of Michigan, Southern Division

December 23, 2015, Decided; December 23, 2015, Filed

File No. 1:15-cv-47

**Reporter**

2015 U.S. Dist. LEXIS 171068 *; 2015-2 Trade Cas. (CCH) P79,414

HEEREN, LLC d/b/a RIDGEKING APPLE PACKAGING AND STORAGE, a Michigan limited liability company, Plaintiff, v. CHERRY GROWERS, INC., a Michigan corporation, Defendant.

**Subsequent History:** Costs and fees proceeding at *Heeren, LLC v. Cherry Growers, Inc., 2016 U.S. Dist. LEXIS 69683 (W.D. Mich., May 27, 2016)*

## Core Terms

seller, buyer, commodities, invoices, prompt, crop, pre-transaction, eligibility, maximum, lading, waived, perishable, supplier, non-written, shipment, defaulted, notice, target, agricultural, Growers

## Case Summary

### Overview

HOLDINGS: [1]-Where a buyer of apples defaulted on payments owed to the seller, if the seller entered into a pre-transaction, non-written agreement permitting the buyer to make payments outside of 30 days, it failed to preserve its trust rights under the *Perishable Agricultural Commodities Act (PACA)*, *7 U.S.C.S. § 499a et seq.*; [2]-Neither party was entitled to summary judgment because there was a question of fact as to whether there was a non-written agreement permitting the buyer to make payments outside of 30 days; [3]-Given the court's finding that a question of fact existed as to whether the seller had brought a meritorious *PACA*

claim, and the fact that the amount of interest would differ depending on the amount that the buyer was found to owe the seller, an analysis of attorney's fees, costs, and interest associated with the *PACA* claim was premature.

### Outcome

Motions for summary judgment denied.

## LexisNexis® Headnotes

Civil Procedure > Judgments > Summary Judgment > Entitlement as Matter of Law

*HN1*[⤓] **Summary Judgment, Entitlement as Matter of Law**

The Federal Rules of Civil Procedure require the court to grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(a)*. In evaluating a motion for summary judgment the court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial.

Civil Procedure > Judgments > Summary Judgment > Evidentiary Considerations

*HN2*[⬇]] **Summary Judgment, Evidentiary Considerations**

In considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. Nevertheless, a plaintiff must do more than rely merely on the allegations of her pleadings or identify a metaphysical doubt or hypothetical plausibility based on a lack of evidence; a plaintiff is obliged to come forward with specific facts, based on discovery and disclosure materials on file, and any affidavits. *Fed. R. Civ. P. 56(c)*. The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party.

Civil Procedure > ... > Summary Judgment > Motions for Summary Judgment > Cross Motions

*HN3*[⬇]] **Motions for Summary Judgment, Cross Motions**

The fact that both parties make motions for summary judgment does not require the court to rule that no fact issue exists. When parties file cross-motions for summary judgment, the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.

Business & Corporate Compliance > ... > Governments > Agriculture & Food > Perishable Agricultural Commodities Act

*HN4*[⬇]] **Agriculture & Food, Perishable Agricultural Commodities Act**

The *Perishable Agricultural Commodities Act (PACA)*, *7 U.S.C.S. § 499e(c)*, was enacted to protect unpaid sellers of perishable agricultural commodities. Due to the need to sell perishable commodities quickly, sellers of perishable commodities are often placed in the position of being unsecured creditors of companies whose creditworthiness the seller is unable to verify. One way the statute protects these sellers is through the creation of a non-segregated, floating statutory trust in the sellers' favor. Ordinary principles of trust law apply to trusts created under *PACA*, so that for instance the trust assets are excluded from the estate should the dealer go bankrupt. Through this trust, the sellers of the commodities maintain a right to recover against the purchasers superior to all creditors, including secured creditors. The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received. In return for its protections, *PACA* establishes strict eligibility requirements.

Business & Corporate Compliance > ... > Governments > Agriculture & Food > Perishable Agricultural Commodities Act

*HN5*[⬇]] **Agriculture & Food, Perishable Agricultural Commodities Act**

The first "strict eligibility requirement" requires a seller to provide notice to the buyer that it intends to preserve its trust benefits. A seller can do this in one of two ways. First, a seller may file a written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker as set forth in the regulations issued by the Secretary of the Treasury Department. *7 U.S.C.S. § 499e(c)(3)*; *7 C.F.R. § 46.46(a)(1)*. Alternatively, the seller may preserve trust benefits using ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve the trust. *7 U.S.C.S. § 499e(c)(4)*. When using the second method, the bill or invoice statement must contain on the face of the statement the following: The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by *section 5(c) of the Perishable Agricultural Commodities Act, 1930* (*7 U.S.C.S. 499e(c)*). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. The purpose of *§ 499e(c)* is to ensure that the buyer is aware that its purchase is subject to the *PACA* trust provisions.

Business & Corporate Compliance > ... > Governments > Agriculture & Food > Perishable Agricultural Commodities Act

*HN6*[⬇]] **Agriculture & Food, Perishable Agricultural**

**Commodities Act**

Bills of lading provide sufficient notice to the buyer to comply with *7 U.S.C.S. § 499e(c)(4)* and to properly preserve its *Perishable Agricultural Commodities Act, 7 U.S.C.S. § 499e(c)*, trust rights.

Business & Corporate
Compliance > ... > Governments > Agriculture & Food > Perishable Agricultural Commodities Act

*HN7*[⬇] Agriculture & Food, Perishable Agricultural Commodities Act

A principal justification given by Congress for providing *Perishable Agricultural Commodities Act (PACA), 7 U.S.C.S. § 499e(c)*, trust benefits to sellers of produce is the need to protect small dealers who require prompt payment to survive. As such, the second requirement imposed on sellers intending to preserve *PACA* trust eligibility is that a *PACA* supplier must be selling produce on a cash or short-term credit basis. Congress's purpose in enacting *PACA* was to protect sellers delivering their produce on essentially cash terms, not to provide protection to sellers who are willing to extend payment terms beyond the statutory maximum.

Business & Corporate
Compliance > ... > Governments > Agriculture & Food > Perishable Agricultural Commodities Act

*HN8*[⬇] Agriculture & Food, Perishable Agricultural Commodities Act

The time for prompt accounting and prompt payment set out in *7 C.F.R. § 46.2(z)* and *(aa)* is 10 days. If the parties agree to payment terms greater than 10 days after acceptance, but in no event more than 30 days after acceptance, this agreement must be in writing.

Business & Corporate
Compliance > ... > Governments > Agriculture & Food > Perishable Agricultural Commodities Act

*HN9*[⬇] Agriculture & Food, Perishable Agricultural Commodities Act

After the buyer has defaulted, sellers who otherwise

meet the *Perishable Agricultural Commodities Act (PACA), 7 U.S.C.S. § 499e(c)*, trust eligibility requirements will not forfeit eligibility under the trust by agreeing in any manner to a schedule for payment of the past due amount or by accepting a partial payment. *7 C.F.R. § 46.46(e)(3)*. This is a result of the significant difference between the relative positions of buyers and sellers before a transaction, versus their positions after a buyer defaults on payments. The trust is intended to provide protection to the unpaid seller whose bargaining position has changed for the worse after delivering its produce to a buyer. A seller's perfected trust rights should not be lost because the seller enters into a payment arrangement, in an attempt to collect a debt, after the buyer has violated the *PACA's* prompt payment requirement.

Business & Corporate
Compliance > ... > Governments > Agriculture & Food > Perishable Agricultural Commodities Act

*HN10*[⬇] Agriculture & Food, Perishable Agricultural Commodities Act

A seller who enters into a pre-transaction, non-written agreement permitting the buyer to make payments outside of 30 days fails to preserve its trust rights under *Perishable Agricultural Commodities Act, 7 U.S.C.S. § 499e(c)*.

Business & Corporate
Compliance > ... > Governments > Agriculture & Food > Perishable Agricultural Commodities Act

*HN11*[⬇] Agriculture & Food, Perishable Agricultural Commodities Act

In a *Perishable Agricultural Commodities Act (PACA), 7 U.S.C.S. § 499e(c)*, case, where the parties' contracts include a right to attorneys' fees, they can be awarded as sums owing in connection with perishable commodities transactions under *PACA*. *7 U.S.C.S. § 499e(c)(2)*). Invoices can create an enforceable contract providing for attorneys' fees. Further, a plaintiff may also collect prejudgment interest in connection with its *PACA* claim.

**Counsel:** [*1] For Heeren, LLC, doing business as, Ridgeking Apple Packaging and Storage, identified on initiating document as Heeren Bros., Inc., Plaintiff: David E. Bevins, Rhoades McKee P.C., Grand Rapids, MI.

For Cherry Growers, Inc., a Michigan Corporation, mediator, Facilitative Mediator, Defendant: Gina A. Bozzer, LEAD ATTORNEY, Joseph E. Quandt, Kuhn Rogers PLC, Traverse City, MI; Frederick D. Dilley, LEAD ATTORNEY, Foster Swift Collins & Smith PC (GR), Grand Rapids, MI.

**Judges:** HON. ROBERT HOLMES BELL, UNITED STATES DISTRICT JUDGE.

**Opinion by:** ROBERT HOLMES BELL

# Opinion

Plaintiff Heeren, LLC's business involves selling and shipping perishable agricultural commodities such as fruits and vegetables. Defendant Cherry Growers, Inc. (CGI) has purchased apples from Heeren since 2009, when CGI's president and general manager Eric MacLeod entered into negotiations with Bruce Heeren, the vice president of Heeren, LLC responsible for negotiating the sale of fruit on Heeren, LLC's behalf. Both Heeren, LLC and CGI are licensed under the *Perishable Agricultural Commodities Act*, *7 U.S.C. § 499a, et seq.* (*PACA*).

When Heeren makes a shipment, it provides a bill of lading at the time of delivery, "which is the ordinary and usual billing method used by the parties." [*2] (Compl. ¶ 11, ECF No. 1.) The bill of lading provides that CGI must make payments within 10 days. It further states:

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by *section 5(c) of the Perishable Agricultural Commodities Act, 1930* (*7 U.S.C. 499e(c)*). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these

commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. Buyer agrees that interest shall accrue on past due balances at 1.5% per month (18% per annum). Buyer agrees to pay all costs of collections including attorney fees.

(Bill of Lading, ECF No. 25-4, PageID.184.) No other writing between the parties exists evidencing payment terms.

MacLeod stated he never discussed the terms listed on the bill of lading with any Heeren employee, (MacLeod Dep. 39-40, ECF No. 25-2), and that despite the terms listed on the bill of lading, payments were routinely made outside of the 10-day period. Bruce Heeren stated that, normally within two weeks, Heeren, LLC would receive a "progress payment" from CGI. (B. Heeren Dep. 50, [*3] ECF No. 26-2.) The progress payments were less than the full price of the apples. It would take much longer than 10 days for Heeren to receive the full payments. For instance, during the 2010 crop season, Heeren did not receive full payment until 19 months had passed. Bruce Heeren stated that the "terms were still ten days," but "[a]s long as payments kept coming, I was accepting that they were working on paying off their bill." (*Id.* at 56.)

In 2013, CGI was still making payments on apples purchased during the 2011 crop season. Still, Bruce Heeren called MacLeod to inquire as to whether CGI planned to purchase apples for the 2013 crop year. MacLeod's notes state:

Bruce asked about our program. I told him we do not yet have a price, due to unsettled market conditions . . . I also told him it could be 15-16 months before we pay off this crop, due to our need to replenish our cash flow . . . .

(MacLeod Notes, ECF No. 26-7, PageId.426.) Heeren, LLC nevertheless sent CGI apples for the 2013 crop year. While the parties dispute the amount that CGI owes for these apples, CGI "admits that it still owes Heeren a balance." (Def.'s Resp. to Pl.'s Mot. Summ. J. 2, ECF No. 26.)

As a result of CGI's failure to pay, [*4] Heeren, LLC filed a complaint in this Court alleging (1) that CGI has violated its *PACA* obligations and, therefore, Heeren's *PACA* trust claim is superior to any of CGI's other non-*PACA* creditors' rights, and (2) that CGI's failure to pay constitutes a breach of the agreement between the parties. Heeren, LLC filed a motion for summary judgment. CGI has filed a response (ECF No. 26), contending that Heeren, LLC is not entitled to summary

judgment, and, moreover, that CGI is itself entitled to summary judgment on the *PACA* claim. For the reasons that follow, each party's motion will be denied.

## I. Standard of Review

*HN1*[↑] ] The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)*. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)*.

*HN2*[↑] ] In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co., 561 F.3d 439, 443 (6th Cir. 2009)* (citing *Jones v. Potter, 488 F.3d 397, 403 (6th Cir. 2007))*. Nevertheless, a "plaintiff [*5] must do more than rely merely on the allegations of her pleadings or identify a 'metaphysical doubt' or hypothetical 'plausibility' based on a lack of evidence; [a plaintiff] is obliged to come forward with 'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits[.]'" *Chappell v. City of Cleveland, 585 F.3d 901, 912 (6th Cir. 2009)* (quoting *Fed. R. Civ. P. 56(c)*; *Matsushita, 475 U.S. at 586-87*). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)*; *see generally Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476-80 (6th Cir. 1989)*.

The Sixth Circuit has held that "'*HN3*[↑] ] [t]he fact that both parties make motions for summary judgment . . . does not require the Court to rule that no fact issue exists.'" *B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 592 (6th Cir. 2001)* (quoting *Begnaud v. White*, 170 F.2d 323, 327 (6th Cir. 1948)). "When parties file cross-motions for summary judgment, 'the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.'" *Id.* (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 270 (3d ed. 1998)).

## II. The *Perishable Agricultural Commodities Act*

*HN4*[↑] ] The *Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)*, was enacted "to protect unpaid sellers [*6] of perishable agricultural commodities." *Overton Distribs. v. Heritage Bank, 340 F.3d 361, 364 (6th Cir. 2003)*. "[D]ue to the need to sell perishable commodities quickly, sellers of perishable commodities are often placed in the position of being unsecured creditors of companies whose creditworthiness the seller is unable to verify." *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1067 (2d Cir. 1995)*.

One way the statute protects these sellers is through the creation of a non-segregated, floating statutory trust in the sellers' favor. *Id.* "Ordinary principles of trust law apply to trusts created under *PACA*, so that for instance the trust assets are excluded from the estate should the dealer go bankrupt." *Sunkist Growers Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997)*. "Through this trust, the sellers of the commodities maintain a right to recover against the purchasers superior to all creditors, including secured creditors." *Endico Potatoes, 67 F.3d at 1067 (2d Cir. 1995)*. "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *In re Milton Poulos, Inc., 947 F.2d 1351, 1352 (9th Cir. 1991)* (citations omitted). "In return for its protections, *PACA* establishes strict eligibility requirements." *Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc., 307 F.3d 666, 669 (7th Cir. 2002)*.

## A. Heeren, LLC Satisfied *PACA's* Notice Requirement

*HN5*[↑] ] The first "strict eligibility requirement" requires a seller to provide notice [*7] to the buyer that it intends to preserve its trust benefits. *Overton, 340 F.3d at 365*. A seller can do this in one of two ways. First, a seller may file a "written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker . . . as set forth in the regulations issued by the Secretary [of the Treasury Department]." *7 U.S.C. § 499e(c)(3)*; *7 C.F.R. § 46.46(a)(1)*. Alternatively, the seller may preserve trust benefits using "ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve the trust." *7 U.S.C. § 499e(c)(4)*. When using the second method, the bill or invoice statement must contain on the face of the

statement the following:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by *section 5(c) of the Perishable Agricultural Commodities Act, 1930* (*7 U.S.C. 499e(c)*). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

*Id.* "The purpose of *section 499e(c)* is to ensure that the buyer is aware that its purchase is subject to the *PACA* trust provisions." *Atlantic Coast Produce, Inc. v. McDonald Farms, Inc., No. Civ.A.5:04, 2005 U.S. Dist. LEXIS 14992, 2005 WL 1785137, at *1 (W.D. Va. 2005)* **[*8]** .

Heeren, LLC has satisfied this requirement. The bills of lading sent by Heeren, LLC, which were the "ordinary and usual billing or invoice statements," contained the required language providing CGI with notice that Heeren, LLC intended to preserve the trust. *See id.* ("**HN6**[⬆️] [B]ills of lading provide sufficient notice to the buyer to comply with *section 499e(c)(4)* and to properly preserve its *PACA* trust rights."). Further, "CGI does not dispute that the bills of lading include the requisite statutory language indic[a]ting the produce sold is subject to *PACA* . . . CGI also does not dispute that Heeren sent a bill of lading to CGI for each shipment of appl[e]s for the 2013 crop year." (Def.'s Resp. to Pl.'s Mot. Summ. J. 6.)

## B. *PACA's* Prompt Payment Requirement

**HN7**[⬆️] ] A principal justification given by Congress for providing *PACA* trust benefits to sellers of produce is "the need to protect small dealers who require prompt payment to survive." *Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc., 307 F.3d 666, 669 (7th Cir. 2002)*. As such, the second requirement imposed on sellers intending to preserve *PACA* trust eligibility is that a "*PACA* supplier must be selling produce on a cash or short-term credit basis." *Id.*; *see also Overton, 340 F.3d at 367* ("Congress's purpose in enacting *PACA* was to protect sellers **[*9]** delivering their produce on essentially cash terms, not to provide protection to sellers who are willing to extend payment terms beyond the statutory maximum.").

The prompt payment requirement provides:

> **(1)** The times for prompt accounting and prompt payment are set out in *§ 46.2(z)* and *(aa)*. Parties who elect to use different times for payment must reduce their agreement to writing before the transaction and maintain a copy of their agreement in their records, and the times of payment must be disclosed on invoices, accountings, and other documents relating to the transaction.
>
> **(2)** The maximum time for payment for a shipment to which a seller, supplier, or agent can agree, prior to the transaction, and still be eligible for benefits under the trust is 30 days after receipt and acceptance of the commodities . . . .

*7 C.F.R. 46.46(e)*. **HN8**[⬆️] ] The time for prompt accounting and prompt payment set out in *§ 46.2(z)* and *(aa)* is 10 days. The Sixth Circuit has stated, "if the parties agree to payment terms greater than 10 days after acceptance, *but in no event* more than 30 days after acceptance, this agreement must be in writing." *Overton Distribs., 340 F.3d at 365* (emphasis added).

In April 2011, the United States Department of Agriculture (USDA) amended its regulations interpreting **[*10]** *PACA*. *See 76 Fed. Reg. 20217*-01 (Apr. 12, 2011). The amendment explicitly distinguishes between post-default agreements extending payment terms outside of 30 days and pre-transaction agreements doing the same. Prior to the amendment, interpreting *7 C.F.R. § 46.46(e)(2)*, "several federal courts" had held that sellers waived their *PACA* trust rights by agreeing—*after* the buyer had defaulted on payments—to extend payment terms outside of the 30-day statutory maximum. *See 76 Fed. Reg. 20217 n.1* (collecting cases). The USDA, explaining the amendment, stated that "[i]t is our interpretation that *§ 46.46(e)(2)*, like *paragraph (e)(1)* of the regulations (*7 CFR 46.46(e)(1)* and *(e)(2)*), addresses pre-transaction agreements only." *Id. at 20217*. Accordingly, **HN9**[⬆️] ] after the buyer has defaulted, sellers who otherwise meet the *PACA* trust eligibility requirements "will not forfeit eligibility under the trust by agreeing *in any manner* to a schedule for payment of the past due amount or by accepting a partial payment." *7 C.F.R. § 46.46(e)(3)* (emphasis added). This is a result of the "significant difference between the relative positions of buyers and sellers before a transaction, versus their positions after a buyer defaults on payments." *76 Fed. Reg. 20218*. "The trust is intended to provide protection to the unpaid seller whose bargaining position has

changed for the worse **[\*11]** after delivering its produce to a buyer. We do not believe that a seller's perfected trust rights should be lost because the seller enters into a payment arrangement, in an attempt to collect a debt, *after* the buyer has violated the *PACA's* prompt payment requirement." *Id. at 20219* (emphasis added).

The amendment did not otherwise discuss the effect of pre-transaction agreements extending payment terms outside of the 30-day statutory maximum, which is the primary issue in this case. CGI argues that, despite the 10-day payment term on the invoices, "the parties did not agree to payment terms required by *PACA*" and, therefore, that Heeren, LLC waived its *PACA* trust benefits. CGI bases this argument on (1) the parties' course of dealing, wherein CGI routinely made, and Heeren routinely accepted, payments after 30 days; and (2) the allegation that, prior to the 2013 crop year, Heeren agreed to send apples to CGI after being informed that it could take 15-16 months for CGI to make payments, "and by doing so, implicitly acquiesced to payment terms . . . well past the 30 day maximum permitted under *PACA*." (Def.'s Resp. to Pl.'s Mot. Summ. J. 15-6, ECF No. 26.) Heeren, on the other hand, argues that it complied **[\*12]** with the prompt payment requirement by listing a 10-day payment period on its invoices. Further, Heeren argues that neither an oral agreement nor the parties' course of conduct can cause a seller to waive its trust rights, stating "only written agreements can cause a seller to lose its *PACA* trust rights." (Pl.'s Mot. Summ. J. 15 (citing *La Grasso Bros., Inc. v. Am. Foodservice, L.L.C., No. 10-10711, 2011 U.S. Dist. LEXIS 25213, 2011 WL 891221, at \*5 (E.D. Mich. Mar. 11, 2011)*.)

## 1. Effect of Non-Written, Pre-Transaction Agreements

The primary issue in this case is whether—in the absence of a written agreement extending the payment terms—Heeren's course of dealing (routinely accepting payments outside of 30 days) and Heeren's willingness to send apples to CGI, after allegedly being informed that CGI would not be able to make payments within 30 days, waived Heeren's *PACA* trust rights. The Sixth Circuit has not yet addressed whether a non-written, pre-transaction agreement to extend payment terms outside of the 30-day statutory maximum waives a seller's *PACA* trust rights. *La Grasso Bros., 2011 U.S. Dist. LEXIS 25213, 2011 WL 891221, at \*6 n.3*.

Although not specifically addressing pre-transaction agreements, four circuit courts, which made their holdings prior to the 2011 *PACA* regulation amendments, have found that non-written agreements, including course of conduct, do not cause a *PACA* trust beneficiary **[\*13]** to lose its *PACA* rights.[1] *See Bocchi Americas Assocs., Inc. v. Commerce Fresh Mktg., 515 F.3d 383, 390-91 (5th Cir. 2008)* ("[W]aiver or forfeiture of *PACA* trust rights by entering into an extension agreement requires an agreement in writing."); *Patterson Frozen Foods, 307 F.3d at 669-70* ("[A]n oral agreement for an extension or a course of dealing allowing more than 30 days will not abrogate a *PACA* trust."); *Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197, 205 (3d Cir. 1998)* ("[A] supplier's failure to reduce to writing an agreement to extend the payment term does not disqualify that supplier as a *PACA* trust beneficiary."); *Hull Co. v. Hauser's Foods, Inc., 924 F.2d 777, 781-82 (8th Cir. 1991)* ("[O]ral agreements have no effect on produce sellers' trust protection."). The Third Circuit made clear, however, that its decision did not reach "the issue of what would happen if the oral extension provided for a payment period *in excess of 30 days* because that situation is not before us in this case." *Idahoan Fresh, 157 F.3d at 205 n.8.*

The Eighth Circuit is the only circuit that provided substantial reasoning for this interpretation. **[\*14]** There, the court stated:

> [A] buyer who enters into oral agreements to extend the time for payment beyond ten days makes arrangements to commit violations of the prompt payment provisions of *PACA*. Consequently, when [the buyer] entered into agreements with [the sellers] to pay for perishables not in ten days but in forty-five days and thirty days, respectively, it engaged in violations of *PACA*. It would be incongruous to disregard oral agreements for purposes of enforcing *PACA* but recognize them for the purpose of voiding the sellers' protection under the trust."

*Hull, 924 F.2d at 782.* The court also noted that a "liberal construction" of the statute is appropriate because it is remedial legislation. *Id.* The court framed

---

[1] As Heeren, LLC notes, these cases "pre-date the amendment to the regulations clarifying that post-default written agreements will not cause a seller to lose its *PACA* trust rights. Thus, the portions of the cited cases addressing whether *PACA* trust rights are lost due to a post-default written agreement have been rendered 'obsolete' by the 2011 rule changes." (Pl.'s Mot. Summ. J. 14 n.1.)

the purpose of *PACA* in a general manner so as to protect sellers and their agents. *Id.*

The Second Circuit, however, adopted a narrower view of *PACA's* purpose, stating that "Congress's clearly expressed intention [is] to extend trust protection solely to cash and short-term credit transactions." *Am. Banana Co., Inc. v. Republic Nat'l Bank of N.Y., N.A., 362 F.3d 33, 46 (2d Cir. 2004)* (citing *7 U.S.C. § 499e(c)*; *7 C.F.R. §§ 46.46(e), 46.2(aa)*). Based on this express purpose, the court stated that it "cannot interpret this regulation to mean that parties are free to enter into agreements that violate *PACA's* prompt payment rules **[*15]** as long as they do not reduce their agreements to writing." *Id.* "[A] failure to reduce to writing an agreement that violates *PACA*, should not result in the preservation of the trust, where the same agreement, if memorialized, would have resulted in forfeiture of such protection." *Id. at 46-47*. Accordingly, the court found that where a seller "agrees—orally or in writing—to a payment period exceeding thirty days, it forfeits trust protection." *Id. at 47*.

Further, after the 2011 amendment to *PACA's* regulations, two district courts have held that a *pre-transaction*, non-written agreement extending payment terms outside of the 30-day statutory maximum waives the seller's *PACA* trust rights.

In *Spada Properties, Inc. v. Unified Grocers, Inc., No. 3:13-cv-1760, 121 F. Supp. 3d 1070, 2015 U.S. Dist. LEXIS 103104, 2015 WL 4662930 (D. Or. Aug. 6, 2015)*, the buyer and seller had a written agreement stating that payment was due within 10 days of delivery. *2015 U.S. Dist. LEXIS 103104, [WL] at \*24*. The buyer argued that the seller's longstanding practice of accepting late payments "constitutes a continuing series of *pre-default* agreements in violation of *7 C.F.R. § 46.46(e)*." *Id.* (emphasis in original). The court stated that the "relevant question is whether [the buyer and seller] 'agreed,' *pre-default*, through their course of dealing or otherwise, that payments could **[*16]** be made after the 30-day statutory maximum." *Id.* (citing *A&J Produce Corp. v. City Produce Operating Corp., No. 10 Civ. 5610, 2011 U.S. Dist. LEXIS 148719,2011 WL 6780614 (S.D.N.Y. Dec. 23, 2011))* (holding that the parties' course of dealing created a question of fact as to whether the seller had "agreed" to payment terms in violation of *PACA*). The court's determination that a seller's *PACA* trust rights can be waived through pre-transaction, non-written agreements relied on the USDA's interpretation of its own regulation, which states:

"In the context of the *PACA* trust, the rights to make a claim against the trust are vested in the seller, supplier, or agent, *who has met the eligibility requirements* of *paragraph (e)(1)* and *(e)(2) § 46.46*. The seller, supplier, or agent remains a beneficiary of the trust *until the debt owed is paid in full* as stated in section 5(c)(4) of the statute. An agreement to pay the antecedent debt in installments is not considered payment in full. Thus, we do not believe that a post-default payment agreement should constitute a waiver of a seller's *previously protected trust rights.*"

*2015 U.S. Dist. LEXIS 103104, [WL] at \*12* (quoting *76 Fed. Reg. 20217*-18) (alterations in original). The court stated,

> [T]he emphasized text . . . indicates . . . the 2011 amendments limited post-default *PACA* protection to those *PACA* sellers with previously protected trust rights who had met the eligibility requirements under **[*17]** *§ 46.46* . . . *PACA* sellers may still lose *PACA* trust rights through pre-default agreements that do not meet *§ 46.46*'s requirements.

*Spada, 2015 U.S. Dist. LEXIS 103104, 2015 WL 4662930, at \*12*.

### 3. This Court Adopts the Second Circuit's Position

While the Sixth Circuit has yet to address whether a pre-default, oral agreement can waive a seller's *PACA* trust rights if the payment terms are extended outside of 30 days, it has adopted a similar viewpoint of *PACA's* purpose as the courts in *Spada* and *American Banana. See Overton Distribs., 340 F.3d at 367* ("Congress's purpose in enacting *PACA* was to protect sellers delivering their produce on essentially cash terms, not to provide protection to sellers who are willing to extend payment terms beyond the statutory maximum."). In *Overton*, the seller's invoices originally provided for payment within 25 days of the buyer's receipt of the produce. Four years later, the seller unilaterally changed the invoice "to provide that payment was to be received within 10 days after the end of each calendar month." *Id. at 364*. This allowed for payments to be made as late as 40 days after the buyer received the goods. The court noted that the parties clearly agreed in writing to a 25-day payment period originally, and that those terms—rather than the terms unilaterally added **[*18]** by the seller—were required to be listed on the invoices: "[The seller] cannot have it both ways. It cannot, on the one

hand, list terms on the invoices that are not only different from those mutually agreed upon, but also permit payment outside of *PACA's* requirements, and then on the other hand argue that it has substantially complied with *PACA*." *Id. at 366-67*. The court noted that the seller "was of course free as a business matter to provide lenient payment terms to [the buyer], but by doing so it failed to preserve its trust benefits under *PACA*." *Id. at 367*.

Given *Overton*'s indication that the Sixth Circuit interprets *PACA* to protect only those sellers who deliver their produce on essentially cash terms, *340 F.3d at 367*, the Court "cannot interpret [*PACA*] to mean that parties are free to enter into" pre-transaction "agreements that violate *PACA's* prompt payment rules as long as they do not reduce that agreement to writing." *Am. Banana, 362 F.3d at 46*. Such an interpretation "amounts to a claim that, as long as *PACA* buyers and sellers include *PACA*-compliant language in their invoices, any *de-facto* agreements to other than short-term credit arrangements based on a long-standing course of conduct are still protected by *PACA*." *Spada, 2015 U.S. Dist. LEXIS 103104, 2015 WL 4662930, at *12*.

As the court in **[*19]** *Spada* recognized, this position is consistent with the USDA's interpretation of *PACA* regulations. *2015 U.S. Dist. LEXIS 103104, 2015 WL 4662930, at *12*. "In the context of the *PACA* trust, the rights to make a claim against the trust are vested in the seller, supplier, or agent *who has met the eligibility requirements of paragraph (e)(1) and (2) of § 46.46*." *76 Fed. Reg. 20217* (emphasis added). A seller who agrees, *prior to the transaction*, to accept payments more than 30 days after receipt and acceptance of the commodities has not met the eligibility requirements of *7 C.F.R. 46.46(e)(2)*; *see also Overton, 340 F.3d at 365* ("[I]f the parties agree to payment terms greater than 10 days, *but in no event* more than 30 days after acceptance, this agreement must be in writing.") (emphasis added). While "[a]ny agreement reached after default is not an arm's length transaction," *76 Fed. Reg. 20219*, a seller who agrees, before the buyer has defaulted, to accept payments outside of 30 days makes a knowing and voluntary decision, while in an equal bargaining position with produce purchasers. As the *Overton* court noted, sellers are "of course free as a business matter to provide lenient payment terms" to buyers, but by doing so, they fail to preserve their trust rights under *PACA*. *340 F.3d at 367*.

Accordingly, the Court finds the Second Circuit's interpretation of *PACA* most persuasive: **[*20]** HN10[⬆️] a seller who enters into a pre-transaction, non-written agreement permitting the buyer to make payments outside of 30 days fails to preserve its trust rights under *PACA*.

**4. Application**

A question of fact exists regarding whether Heeren and CGI entered into a non-written agreement permitting CGI to make payments outside of 30 days. Bruce Heeren acknowledged that payments were often made outside of 30 days, but stated that this never changed Heeren, LLC's payment terms:

> Q: . . . During this process, did Eric [MacLeod] communicate to you when they would expect to have these shipments paid for, for this particular crop year? Did he indicate any projected timeframe in which they would have those shipments paid off?
> A: He said they were having some difficulties and they would keep trying to make payments. As long as payments kept coming, I was accepting that they were working on paying off their bill.
> Q: But you would agree —
>
> A: *But it didn't change my terms. My terms were still ten days.*
> Q: Your terms were ten days?
> A: Correct.
> Q: But you would agree —
> A: I wasn't—I wasn't going to run down and sue Cherry Growers to collect my money as long as they were making payments.

(B. Heeren Dep. 56, ECF No. **[*21]** 25-9) (emphasis added). Similarly, he stated, "We have ten days. That's our terms. So do I race down to the courthouse if I am not paid in ten days? No, because there is a lot of customers that don't pay in ten days." (*Id. at 90*.)

CGI, on the other hand, argues that "[a]ny assertion by Heeren that ten-days controlled the payment terms between the parties is completely without merit and is contradicted by the parties' course of conduct." (Def.'s Resp. to Pl.'s Mot. Summ. J. 16.) Further, CGI argues that for the 2013 crop year, Bruce Heeren "was told that CGI would not be making payments within 10 days of each shipment as per the bills of lading well prior to the time that any shipments were made for the 2013 season, and agreed to ship CGI the apples with this knowledge." (*Id.* at 17.)

Because a reasonable fact finder could conclude that

the parties' conduct and conversation prior to the 2013 crop year established a pre-transaction agreement to extend the payment terms outside of 30 days, Heeren's motion for summary judgment on this issue will be denied.

Given Bruce Heeren's testimony that he never agreed to extend payment terms outside of the ten-day statutory maximum, and that he only agreed to accept payments [*22] outside of 30 days *after* CGI had defaulted, CGI's motion for summary judgment on the issue will also be denied.

### III. Heeren's Damages Claim

CGI does not dispute that it owes Heeren, LLC for the unpaid apples. CGI contends, however, that it owes $112,840.70. Heeren, LLC argues that it is owed $151,772.32. Throughout the business relationship, CGI would set a "target price" for the apples, which is "established by known and expected market conditions, by competitive intel." (MacLeod Dep. 42, ECF No. 26-1.) The target price would sometimes change over the course of the year. (B. Heeren Dep. 72, ECF No. 26-2.) There was no deadline for CGI to set the target price. It was established "whenever [its] board met and made their final determination." (*Id. at 85*.)

The final target price for the 2013 crop year was set on April 24, 2014. On July 3, 2014, CGI sent a grower statement informing Heeren, LLC that CGI owed a net balance of $120,903.21, in addition to a $30,869.11 capital call charge. (Grower Statement, ECF No. 26-8.) CGI then sent a "revised statement" that removed the $30,869.11 charge. The revised statement also lowered the net balance owed to $112,840.70. "That was a reflection of the target [*23] pricing of 7 and 9 cents respectively for soft and hard varieties compared to the previous statement where [CGI] used a bookmark number of 8 and 10 cents." (MacLeod Dep. 61, ECF No. 26-1.) MacLeod stated that June 2014 "was a very traumatic month" and "putting the target pricing in [the first statement] that was approved at the April meeting was not a priority, given everything else." (*Id. at 62*.)

Heeren, LLC argues that "CGI's claim of mistake is dubious, at best." (Pl.'s Mot. Summ. J. 16.) That may be true. But given the record before the Court, it is not clear whether the original grower statement was, as Heeren contends, the final contract between the parties or, as CGI contends, an oversight that did not include the finalized crop pricing. Accordingly, this issue is also best

left for trial.

### IV. Attorney Fees, Costs, and Interest

Heeren next contends that "this Court should award Heeren interest and attorney's fees as part of the *PACA* claim." *HN11*[⬆] In a *PACA* case, "where the parties' contracts include a right to attorneys' fees, they can be awarded as 'sums owing in connection with' perishable commodities transactions under *PACA*." *Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 709 (2d Cir. 2007)* (citing *7 U.S.C. § 499e(c)(2)*). Invoices can create an enforceable contract providing [*24] for attorneys' fees. *See id.* Further, a plaintiff may also collect prejudgment interest in connection with its *PACA* claim. *La Grasso Bros., 2011 U.S. Dist. LEXIS 25213, 2011 WL 891221, at *6*.

Given the Court's finding that a question of fact exists as to whether Heeren has brought a meritorious *PACA* claim, and the fact that the amount of interest will differ depending on the amount that CGI is found to owe Heeren, an analysis of attorney's fees, costs, and interest associated with the *PACA* claim is premature.

### V. Breach of Contract

Lastly, Heeren argues that "Count II of Plaintiff's Complaint seeks a money judgment for breach of the contract between the parties. For all of the reasons set forth above, summary judgment is warranted on that claim as well in the amount of $237,376.17." The figure provided by Heeren consists of the $151,772.32 Heeren argues it is owed in damages, as well as the interest, costs, and attorney's fees Heeren argues it is owed.

As stated by the Court, issues of fact remain as to the total amount in damages owed to Heeren and whether Heeren is entitled to interest, costs, and attorney's fees related to the *PACA* claim. Accordingly, Heeren's motion for summary judgment on this issue will be denied.

### VI.

For the reasons stated, both Plaintiff's [*25] and Defendant's motions for summary judgment will be denied. An Order will enter consistent with this opinion.

Dated: December 23, 2015

/s/ Robert Holmes Bell

ROBERT HOLMES BELL

UNITED STATES DISTRICT JUDGE

---

**End of Document**

# EXHIBIT D

20-20034-dob    Doc 287    Filed 09/07/20    Entered 09/07/20 17:03:26    Page 50 of 93

**From:** Bill Denhof <bill.denhof@gfs.com>
**Sent:** Thursday, March 14, 2019 9:19 AM
**To:** Jeff Neely <jneely@inspiredcpts.com>; Sharon Murphy <sharon.vet@gfs.com>; Tim Churnesky <tim.churnesky@gfs.com>
**Subject:** A/R Balance / Update

Jeff,

I wanted to follow up as we have not been able to set up a follow up date to meet. I know it has been busy for both so I wanted to reach out.

I did look at the account and we are getting to a critical stage as the overall <mark>balance is now over 1,000,000 and we are over 90 days out</mark>. At those amounts there is another level at GFS that needs to review so it is important to have a plan. <mark>We have to figure out a short term plan to get this to 60 days.</mark> We were at 60 days the last time we met so we have gone significantly backwards. We also need to discuss a plan to bring the account in credit terms over time. A copy of the most recent financial statements are requested since the balance is so significant as well.

I know the weather, closings and other factors have made the winter difficult. You did indicate you received or are working on financing so hopefully that will help make this process easier. Can you let us know your thoughts on getting some catch up payments and potential dates. I am available Monday or Tuesday (18th & 19th) of next week to meet live or could set up a conference call as well. If those do not work let me know. If you could update on more aggressive payments that would be great. Thank you Jeff

--



**Bill Denhof** | bill.denhof@gfs.com
Credit Manager | 616-717-6372
8040 Kensington Ct. | Brighton, MI 48116


--



**Bill Denhof** | bill.denhof@gfs.com
Credit Manager | 616-717-6372
8040 Kensington Ct. | Brighton, MI 48116

# EXHIBIT E

A Neutral

As of: September 7, 2020 7:38 PM Z

## *Heeren, LLC v. Cherry Growers, Inc.*

United States District Court for the Western District of Michigan, Southern Division

May 27, 2016, Decided; May 27, 2016, Filed

Case No. 1:15-cv-47

**Reporter**

2016 U.S. Dist. LEXIS 69683 *

HEEREN, LLC d/b/a RIDGEKING APPLE PACKAGING AND STORAGE, Plaintiff, v. CHERRY GROWERS, INC., Defendant.

**Prior History:** *Heeren, LLC v. Cherry Growers, Inc., 2015 U.S. Dist. LEXIS 171068 (W.D. Mich., Dec. 23, 2015)*

## Core Terms

lading, crop, seller, target, commodities, Buyer, accrue

**Counsel:** [*1] For Heeren, LLC, doing business as Ridgeking Apple Packaging and Storage, identified on initiating document as Heeren Bros., Inc., plaintiff: David E. Bevins, Rhoades McKee P.C., Grand Rapids, MI.

For Cherry Growers, Inc., a Michigan Corporation, defendant: Gina A. Bozzer, LEAD ATTORNEY, Joseph E. Quandt, Kuhn Rogers PLC, Traverse City, MI.

For Facilitative Mediator, mediator: Frederick D. Dilley, Foster Swift Collins & Smith PC (GR), Grand Rapids, MI.

**Judges:** HON. ROBERT HOLMES BELL, UNITED STATES DISTRICT JUDGE.

**Opinion by:** ROBERT HOLMES BELL

## Opinion

This case involves a claim under the Perishable Agricultural Commodities Act, *7 U.S.C. § 499a et seq.* ("PACA") and an accompanying breach of contract claim. On December 23, 2015, the Court issued an opinion denying both parties' motions for summary judgment. (12/23/2015 Op., ECF No. 29.) The parties' motions for summary judgment centered on an issue of statutory interpretation: whether, under PACA, a pre-default, non-written agreement to extend payment terms outside of 30 days waives a seller's PACA trust rights. The Sixth Circuit has not weighed in on the issue. This Court, adopting the position of the Court of Appeals for the Second Circuit, determined that "a seller who enters into a pre-transaction, [*2] non-written agreement permitting the buyer to make payments outside of 30 days fails to preserve its trust rights under PACA." (12/23/2015 Op. 16.) The Court found that a question of fact existed as to whether such an agreement was entered into between Plaintiff Heeren, LLC and Defendant Cherry Growers, Inc. A bench trial was held on February 3, 2016, to resolve this question, as well as questions concerning the amount of damages resulting from the breach of contract.

### I. The Parties' Contractual Relationship

This case arises out of Defendant's failure to pay Plaintiff for apples purchased during the 2013 crop year. Defendant does not dispute that it owes Plaintiff money. The issues of contention concern how much money Defendant owes, and whether the contractual agreement between the parties resulted in a waiver of

Plaintiff's PACA trust rights.

The parties had done business together since 2009. The parties' obligations to each other were not, however, spelled out neatly in a written contract. The parties instead operated on a more informal basis. Typically, prior to entering into an agreement to buy and sell apples, the parties would discuss a "target price" for the apple shipments. After **[\*3]** the target price was agreed on, Plaintiff would ship the apples to Defendant. With each shipment, Plaintiff provided a bill of lading. The bill of lading states the shipping method, an order number, the quantity of the crop, the total weight, the payment terms, and a product description. The bill of lading also contains language designed to preserve Plaintiff's PACA trust rights:

> Any claims for shortage, damage or condition will not be honored unless the problem is reported in writing to seller within 48 hours (forty eight) of receipt of the product and a timely U.S.D.A. Inspect is performed on the product when requested by seller. The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by *Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c))*. The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. Buyer agrees that Interest shall accrue on past due balances at 1.5% (18% per annum). Buyer agrees to pay all costs of collections including **[\*4]** attorney fees.

(3/20/2014 Bill of Lading, ECF No. 25-4.) The payment terms on the bill of lading state: "NET 10 DAYS." (*Id.*) After receiving the apples, Defendant performs an inspection and issues a settlement statement to Plaintiff that states the grade of the apples, how many pounds were delivered, and how much is owed based on the target price. Later in the year, the target price is finalized.

Throughout the course of the parties' relationship, payments on the apples were rarely, if ever, made within 10 days of receipt. In fact, Defendant regularly made payments months, or even years, after receiving the apples. Prior to this lawsuit, Plaintiff never once attempted to enforce a 10-day payment period or collect interest on payments made after 10 days.

By 2013, the crop year at issue, Defendant was still making payments on crops received in 2011. Bruce Heeren, of Plaintiff Heeren, LLC, approached Eric MacLeod, the president and general manager of Defendant Cherry Growers, Inc., to see whether Defendant was interested in purchasing crops in 2013. MacLeod explicitly told Heeren that Defendant was interested, but would not be able to make payments for fourteen to sixteen months. Subsequently, **[\*5]** the parties agreed on a target price and agreed that Plaintiff would sell Defendant apples for the 2013 crop year. When Defendant shipped the apples to Plaintiff, as was customary, Defendant attached a bill of lading. The bill of lading, as it always did, stated that payment terms were "Net 10 days." And as was always the case, the parties never discussed the payment terms on the bill of lading.

## II. PACA Trust Rights

The first issue before the Court is whether Plaintiff preserved its PACA trust rights. The parties do not dispute that, because the contract is for the sale of goods—apples, to be specific—the terms of the contract are governed by Article 2 of Michigan's Uniform Commercial Code ("UCC"), *Mich. Comp. Laws § 440.2101*. Thus, to determine whether Plaintiff preserved its PACA trust rights, the Court must determine whether, under the UCC, the payment terms agreed upon by the parties were in compliance with PACA's "prompt payment" requirement. The Sixth Circuit has noted:

> Thirty days is the maximum allowable payment term under PACA regulation *7 C.F.R. 46.46(e)(2)*, which provides as follows: "The maximum time for payment for a shipment to which a seller, supplier, or agent can agree and still qualify for coverage under the trust **[\*6]** is 30 days after receipt and acceptance of the commodities. . . ." This limitation exists because the statute is intended to protect only those produce sellers making short-term credit arrangements. H.R. Rep. No. 98-543 at 7 (1983), *reprinted in* 1984 U.S.C.C.A.N. 405, 410 ("[T]he committee does not intend the trust to apply to any credit transaction that extends beyond a reasonable period.").

*Overton Distribs., Inc. v. Heritage Bank, 340 F.3d 361, 365 (6th Cir. 2003)*. The "relevant question is whether [the buyer and seller] 'agreed,' *pre-default*, through their course of dealing or otherwise, that payments could be made after the 30-day statutory maximum." *Spada*

*Props., Inc. v. Unified Grocers, Inc., 121 F. Supp. 3d 1070, 2015 WL 4662930, at *13 (D. Or. 2015)*.

Defendant argues that the prompt payment requirement was not met because the parties' course of dealing in prior transactions (where Plaintiff never enforced nor discussed a 10-day payment period) and the conversation between Bruce Heeren and MacLeod (where MacLeod informed Heeren that payments would not be made for 14 to 16 months) show that the parties entered into a pre-transaction, non-written agreement to extend payment terms outside of the 30-day window set forth in *7 C.F.R. § 46.46(e)(2)*. Plaintiff, on the other hand, contends that the language set forth in the **[*7]** bill of lading governs and, therefore, Plaintiff satisfied the prompt payment requirement. Plaintiff contends that it always understood the payment terms to be 10 days.

The Court agrees with Defendant. "A valid contract requires a meeting of the minds on all essential terms." *FLF Co., Inc. v. Parry, No. 264397, 2006 Mich. App. LEXIS 3177, 2006 WL 3020257, at *1 (Mich. Ct. App. Oct. 24, 2006)* (citing *Kamalnath v. Mercy Mem'l Hosp. Corp., 194 Mich. App. 543, 487 N.W.2d 499, 503 (Mich. Ct. App. 1992))*. "A meeting of the minds is judged by an objective standard, *considering the express words of the parties and their visible acts* rather than their subjective states of mind." *Ocequera v. Seaway Cmty. Bank, No. 298174, 2011 Mich. App. LEXIS 1395, 2011 WL 3115786, at *2 (Mich. Ct. App. July 26, 2011)* (emphasis added) (citing *Kloian v. Domino's Pizza, LLC, 273 Mich. App. 449, 733 N.W.2d 766 (Mich. Ct. App. 2006))*.

First, the express words of the parties favor a finding that the payment terms agreed upon were 14 to 16 months rather than 10 days. Plaintiff does not dispute that MacLeod expressly told Bruce Heeren that payments would not be made for 14 to 16 months. After hearing testimony from both Heeren and MacLeod at trial and examining the record in its entirety, the Court finds that the agreement to engage in a business relationship during the 2013 crop year was contingent on a 14 to 16 month payment period. (*See, e.g.,* MacLeod Dep. 40 ("I wanted to put it out on the table now, instead of later and risk disappointing him later, that we would take at least 14 to 16 months to pay for this [2013] crop.")). This payment **[*8]** period was agreed upon and understood before the parties agreed to a target price or agreed to the quantity of apples. The inclusion of boilerplate language on the bill of lading, which expressly contradicts the payment terms agreed upon, and which the parties never discussed, does not change the fact that the parties had agreed upon

payment terms outside of 30 days prior to entering into the transaction.

Second, the visible acts of the parties also indicate that the payment terms agreed upon were 14 to 16 months rather than 10 days. Plaintiff, after being informed that Defendant would not be able to make payments for 14 to 16 months, shipped apples to Defendant anyway. Plaintiff was free to do so, but Plaintiff was not free to agree to payment terms outside of 30 days, and then argue that it is still entitled to the protections of PACA. *See Overton Distribs., 340 F.3d at 367* ("Overton was of course free as a business matter to provide lenient payment terms to Quality, but by doing so it failed to preserve its trust benefits under PACA."); *see also Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc., 307 F.3d 666, 669 (7th Cir. 2002)* (noting that a principal justification given by Congress for providing PACA trust benefits to sellers of produce is "the need to product small dealers who require prompt **[*9]** payment to survive"). Moreover, Plaintiff never once discussed a 10-day payment term or attempted to collect payments within 10 days. Only after more than 14 to 16 months had passed did Plaintiff attempt to collect payments. This action (or lack thereof) also indicates that the parties had agreed to payment terms outside of 10 days.

Bruce Heeren's subjective belief that the payment terms were always 10 days conflicts with the express words spoken and agreed upon between the parties and with the parties' visible actions. Accordingly, the Court finds that the pre-default, non-written agreement to payment terms outside of 30 days, which occurred during the conversation between MacLeod and Heeren, waived Plaintiff's PACA trust rights.[1]

_____

[1] Plaintiff has expressed concern that such a holding will alter its industry, and require produce sellers to immediately rush to court if a late payment is made, rather than attempt to work out a compromise with the buyer. The Court does not foresee such a result. This Court's holding stands for the proposition that a seller who, *before* entering into a transaction, is told that a buyer will not make payments within 30 days, yet agrees to do business anyway, **[*10]** is not entitled to PACA's protections. The law is clear that, *after* a buyer has defaulted, the seller can agree to accept late payments and to accommodate the buyer. When a buyer and seller have an understanding that payments will be made within 30 days, and the buyer does not live up to its end of the bargain, the seller does not have to rush to the courtroom on day 31. But that is not what happened in this case. Here, Plaintiff was explicitly informed that Defendant would not be making payments for up

### III. Breach of Contract Damages

The parties also dispute the amount of damages owed to Plaintiff for apples received by Defendant during the 2013 crop year. Defendant does not dispute that it breached the contract and owes money, but does dispute the amount owed.

On July 3, 2014, Defendant issued what was intended to be a finalized "Grower Statement" for the 2013 crop year. (7/3/2014 Statement, ECF No. 25-1.) This Grower Statement was based on a price of 8 cents for soft apples and 10 cents for hard apples. It also included a **[*11]** "PUR" charge, described as a "capital call charge," of $30,869.11. (*Id.* at PageID.154.) Based on these numbers, the "net balance due" from Defendant to Plaintiff was set at $120,903.21. (*Id.* at PageID.156.)

On February 2, 2015, Defendant issued a "Revised Grower Statement" for the 2013 crop year. (2/5/2015 Grower Statement, ECF No. 25-12.) The Revised Grower Statement was based on a price of 7 cents for soft apples and 9 cents for hard apples. It also removed the PUR charge that was imposed on Plaintiff. As a result, the "net balance due" from Defendant to Plaintiff was set at $112,841.70. (*Id.* at PageID.235.)

Plaintiff contends that Defendant owes $151,772.32. This amount reflects the removal of the PUR charge, but utilizes the initial target price of 8 cents for soft apples and 10 cents for hard apples. Plaintiff does not dispute that, per the terms of the agreement, Defendant was able to unilaterally adjust the target price. Plaintiff contends, however, that the July 2014 Grower Statement included the finalized price, and that Defendant only reduced that price after litigation began in this matter, resulting in a lesser figure owed by Defendant. At trial, however, Eric MacLeod stated **[*12]** that the decision to reduce the target price occurred in April 2014—three months prior to the erroneous July 2014 Grower Statement's issuance. MacLeod also stated that the July 2014 Grower Statement's failure to reflect the reduced price was a simple oversight that resulted from internal trauma the company had gone through. MacLeod did not realize that the July 2014 Grower Statement did not reflect the price that Defendant's board of directors had agreed upon in April, and when he realized the mistake, he adjusted the price in the February 2015 Grower Statement.

As Plaintiff does not dispute Defendant's assertion that Defendant had the ability to unilaterally set and adjust the final price, the amount of damages largely comes down to an issue of credibility. The Court finds that MacLeod's testimony that the pricing included in the July 2014 Grower Statement was a result of an oversight, and that the board of directors determined that the target price should be reduced in April 2014 to be credible. Accordingly, the Court will award Plaintiff damages in the amount reflected in the February 2015 Grower Statement.

### IV. Interest and Attorney's Fees

Lastly, as mentioned, the bill of lading also **[*13]** provided that: "Buyer agrees that Interest shall accrue on past due balances at 1.5% (18% per annum). Buyer agrees to pay all costs of collections including attorney fees." Unlike the payment terms—which were expressly discussed and agreed upon between the parties, and conflicted with the bill of lading—interest and attorney's fees were never discussed at all. Thus, Plaintiff never agreed to waive the interest and attorney's fees provision, as it did the 10-day payment term provision.

"Although PACA does not explicitly provide for attorney's fees, interest, and costs, the circuit courts have determined that the broad language of *7 U.S.C. § 499e(c)(2)*, specifically the phrase 'sums owing in connection with,' includes a right to attorney's fees, interest, and costs, provided there exists a contractual right to such fees." *La Grasso Bros. Inc. v. Am. Foodservice, L.L.C., No. 10-10711, 2011 U.S. Dist. LEXIS 25213, 2011 WL 891221, at *4 (E.D. Mich. Mar. 11, 2011).* In *La Grasso*, the court upheld an award of interest when an invoice contained language identical to the bill of lading in this case. *2011 U.S. Dist. LEXIS 25213, [WL] at *6.* As in *La Grasso*, the Court finds that an award of interest and attorney's fees is proper in this matter.

Plaintiff will be directed to provide an updated statement of the interest that has accrued and the attorney's fees incurred. Interest shall accrue from **[*14]** 16 months after the date of the transaction, and shall be based upon a principal amount of $112,841.70. Defendant will have an opportunity to respond.

### V. Conclusion

In sum, the Court finds that Plaintiff did not preserve its

---

to 16 months. Even if Plaintiff had attempted to rush to the courtroom on day 31, it would still have had no remedy because the payment was not due at that point.

PACA trust rights. The PACA "is intended to protect only those produce sellers making short-term credit arrangements." *Overton Distribs., 340 F.3d at 365*. The arrangement between Plaintiff and Defendant was not a short-term credit arrangement. It allowed Defendant to make payments whenever possible. Plaintiff agreed to do business with Defendant anyway, thus taking the risk that these payments would not be made. Doing so resulted in a waiver of the PACA trust rights. *Id. at 367*. Moreover, the Court finds Eric MacLeod's testimony that the price listed on the July 2014 Grower Statement was the result of an oversight to be credible. Accordingly, the damages owed to Plaintiff for Defendant's breach of contract will be based on the prices reflected in the February 2015 Grower Statement. Plaintiff is also entitled to attorney's fees and interest, which shall accrue based on the net balance due in the February 2015 Grower Statement.

A separate order shall issue in accordance with this Opinion.

Dated: May 27, 2016

/s/ **[*15]** Robert Holmes Bell

ROBERT HOLMES BELL

UNITED STATES DISTRICT JUDGE

**End of Document**

# EXHIBIT F



**From:** Sharon Murphy <sharon.vet@gfs.com>
**Sent:** Wednesday, September 11, 2019 3:20 PM
**To:** Jeff Neely <jneely@inspiredcpts.com>
**Cc:** Bill Denhof <bill.denhof@gfs.com>; Josh Neely <joshneely@inspiredcpts.com>
**Subject:** Re: Update / Status

Jeff,

Appreciate the updates and the status of your direction regarding the refinancing of your debt structure. As of today, GFS is caring an outstanding balance due totaling $1,041,048.41 both on open and closed locations.

I have attached for you a summary copy of your accounts by location, along with the number of days past the due date for each. Excluding the non delivery locations, the range of these balances start at 161 up to 303 days beyond the due date, and while we acknowledge the fact that we are receiving weekly payments on the current purchases, no additional funds have been carved out to begin to pay down these balances.

Refinancing can be tedious and lengthy but we do need to have a better understanding with a defined timeline in which you are planning to start adding additional funds against the past due balances. Without access to your financials as we had requested, it is difficult to see where additional funds could not be allocated toward the past due balance. Due to the age and the amount outstanding we will need to see

additional funds added to your weekly payment to GFS.  This can be a percentage of the past due balance or a flat amount, but will need to be at a minimum of $10,000 per week.

I believe in prior conversations, Bill Denhof had requested copies of prior year financials and YTD for 2019, however those have not been provided as of yet.  We can certainly meet if necessary, nonetheless additional funds are a requirement in order for us to move forward.  Would appreciate your pre plan on these balances, and post after your refinancing is completed as requested no later than 09.16.19.

Look forward to hearing from you....thanks Jeff.

Best Regards,


Sharon Murphy | sharon.vet@gfs.com
Director of Credit | Office 800-905-3012 | Cell 616-446-8938
1300 Gezon Parkway SW | Wyoming, MI  49509

*This email may contain confidential information. If you are not the intended recipient, please promptly notify the sender, then dispose of the email.*



On Tue, Sep 10, 2019 at 2:47 PM Jeff Neely <jneely@inspiredcpts.com> wrote:

> Bill,
>
> We have been 100% focused on dealing with the Bank to allow the company to move forward.
>
> At this time the Bank(s) are working with us to re-finance our debt and extend our payment terms, however has indicated that we cannot enter into any new structured payments or programs until we complete this re-finance.
>
> I would be willing to sit back down with you and Sharon at any time,
>
> Jeff
>
> **Jeffrey Neely, CFE**
> Chief Executive Officer
> Inspired Concepts, LLC
> 555 S Mission Street
> Mt. Pleasant, MI  48858
> O:  989.817.4790 x100
>
>
> *Our Mission is to Inspire a Positive Guest Experience by Delivering High-Quality Food and Beverage, Outstanding Service and a Clean Safe Environment*

**From:** Bill Denhof <bill.denhof@gfs.com>
**Sent:** Monday, September 9, 2019 12:33 PM
**To:** Jeff Neely <jneely@inspiredcpts.com>; Josh Neely <joshneely@inspiredcpts.com>; Sharon Murphy <sharon.vet@gfs.com>; Bil Denhof <bill.denhof@gfs.com>
**Subject:** Update / Status

Jeff / Josh,

We have sent multiple messages following up on our last meeting and it is at a critical point.  It is imperative that we hear back from you on or before the end of day - 09.16.19, otherwise we will need to seek alternative actions to collect on the outstanding AR balances.

I have included a copy of the accounts receivable for your reference.  We would like to resolve this and look forward to your response.


--



**Bill Denhof** | bill.denhof@gfs.com
Credit Manager | 616-717-6372
8040 Kensington Ct. | Brighton, MI  48116

# EXHIBIT G

ℹ️ Cited
As of: September 7, 2020 7:38 PM Z

## *J & S Produce v. Bahadur, Balan & Kazerski, Ltd.*

United States District Court for the Eastern District of Michigan, Southern Division

October 31, 1989, Decided ; October 31, 1989, Filed

CIVIL ACTION No. 89-0495

**Reporter**
1989 U.S. Dist. LEXIS 17737 *

J & S PRODUCE, RUBY ROBINSON COMPANY, INC., and BUD COMPANY OF CALIFORNIA, Plaintiffs, v. BAHADUR, BALAN AND KAZERSKI, LTD., Defendant.

## Core Terms

Collateral, notice, judicata, commodities, automatic, estoppel, staff, perishable, laches

## Case Summary

### Procedural Posture

Plaintiffs, sellers of perishable commodities, filed suit against defendant accounting firm alleging that the accounting firm was paid for services it rendered to a bankruptcy examiner with money subject to a statutory trust imposed by the Perishable Agricultural Commodities Act of 1980, 7 U.S.C.S. § 499 et seq. The parties filed cross motions for summary judgment.

### Overview

A dealer of perishable commodities purchased perishable commodities from the sellers. The sellers were not paid. The dealer then filed for Chapter 11 bankruptcy. The bankruptcy judge allowed the dealer to use cash collateral, and the sellers did not object to the cash collateral order. Pursuant to the cash collateral order an examiner was appointed. The examiner hired the accounting firm to provide accounting services. The bankruptcy court approved the accounting firm's

application for fees. In ruling on the cross motions for summary judgment, the court found that the sellers' claims were barred under the doctrines of res judicata and/or collateral estoppel because they never objected to the bankruptcy court's orders. The court also found that the sellers' claims were barred under the doctrine of laches because the sellers waited one year after the bankruptcy court approved the accounting firm's fees before filing suit.

### Outcome

The court granted the accounting firm's motion for summary judgment, and denied the sellers' motion for summary judgment in the sellers' action that alleged that the accounting firm had been improperly paid for services rendered with money subject to a statutory trust.

## LexisNexis® Headnotes

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Genuine Disputes

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Legal

Entitlement

Civil Procedure > ... > Summary
Judgment > Entitlement as Matter of
Law > Materiality of Facts

*HN1*[ ↧ ] **Entitlement as Matter of Law, Genuine Disputes**

Under *Fed. R. Civ. P. 56(c)*, summary judgment may be granted when there is no genuine issue as to any material fact and when the moving party is entitled to judgment as a matter of law.

Civil Procedure > ... > Summary
Judgment > Entitlement as Matter of
Law > Appropriateness

Civil Procedure > ... > Summary
Judgment > Motions for Summary
Judgment > General Overview

Civil Procedure > ... > Summary
Judgment > Opposing Materials > General
Overview

Civil Procedure > ... > Summary
Judgment > Entitlement as Matter of Law > General
Overview

Civil Procedure > ... > Summary
Judgment > Entitlement as Matter of
Law > Materiality of Facts

*HN2*[ ↧ ] **Entitlement as Matter of Law, Appropriateness**

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; summary judgment may properly be granted when there is merely a colorable dispute as to a material fact.

Civil Procedure > ... > Summary
Judgment > Supporting Materials > General
Overview

Civil Procedure > ... > Discovery > Methods of
Discovery > General Overview

Civil Procedure > ... > Methods of

Discovery > Interrogatories > General Overview

Civil Procedure > ... > Summary
Judgment > Burdens of Proof > General Overview

*HN3*[ ↧ ] **Summary Judgment, Supporting Materials**

There is no express or implied requirement that the moving party support its motion with affidavits or similar materials negating the opponent's claim; the movant need only point out the absence of evidence supporting the nonmovant's claim. After such a showing is made, the nonmoving party must go beyond the pleadings to designate, by affidavit, deposition, interrogatory, or otherwise, specific facts showing that there is a genuine issue for trial.

Civil Procedure > Judgments > Summary
Judgment > Evidentiary Considerations

Civil Procedure > Judgments > Summary
Judgment > General Overview

*HN4*[ ↧ ] **Summary Judgment, Evidentiary Considerations**

However, when determining a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Evidence, together with all reasonable inferences to be drawn therefrom, must be construed in the nonmoving party's favor.

Civil Procedure > ... > Preclusion of
Judgments > Estoppel > Collateral Estoppel

Civil Procedure > Judgments > Preclusion of
Judgments > General Overview

Civil Procedure > ... > Preclusion of
Judgments > Estoppel > General Overview

Civil Procedure > Judgments > Preclusion of
Judgments > Res Judicata

*HN5*[ ↧ ] **Estoppel, Collateral Estoppel**

Under the doctrine of res judicata and/or collateral estoppel, a judgment on the merits in a prior or related suit involving the same parties bars a second suit based on the same cause of action. Thus, the principles of res

judicata and/or collateral estoppel bar not only those claims or defenses that were litigated in an earlier action, but also those claims arising out of the same transactions which the plaintiff could have raised, but did not.

Bankruptcy Law > Procedural Matters > Jurisdiction > Federal District Courts

Business & Corporate Compliance > ... > Governments > Agriculture & Food > Perishable Agricultural Commodities Act

Governments > Federal Government > Elections

Governments > Agriculture & Food > General Overview

**HN6**[⬇] **Jurisdiction, Federal District Courts**

*7 U.S.C.S. § 499e(a)* of the Perishable Agricultural Commodities Act of 1980, 7 U.S.C.S. § 499 et seq., provides that if any commission merchant, dealer, or broker violates any provision of section 2 (*7 U.S.C.S. §499b*) he shall be liable to the person or persons injured thereby. Such liability may be enforced either (1) by complaint to the Secretary, or (2) by suit in any court of competent jurisdiction. *7 U.S.C.S. § 499e(b)*. 7 U.S.C.S. § 399e(c) of the Perishable Agricultural Commodities Act of 1980, 7 U.S.C.S. § 499 et seq., specifies that the court of competent jurisdiction referenced in *7 U.S.C.S. § 499e(a)* is the district court.

Bankruptcy Law > Administrative Powers > Automatic Stay > General Overview

Estate, Gift & Trust Law > Trusts > General Overview

Business & Corporate Compliance > ... > Governments > Agriculture & Food > Perishable Agricultural Commodities Act

Governments > Agriculture & Food > General Overview

**HN7**[⬇] **Administrative Powers, Automatic Stay**

A statutory trust created under the provisions of the Perishable Agricultural Commodities Act of 1980, 7

U.S.C.S. § 499 et seq., which is properly and timely perfected, is not part of the debtor's estate. Notwithstanding, trust funds would still be subject to the automatic stay, which protects not only property of the estate, but property in possession of the debtor.

Civil Procedure > ... > Defenses, Demurrers & Objections > Affirmative Defenses > General Overview

Governments > Local Governments > Claims By & Against

**HN8**[⬇] **Defenses, Demurrers & Objections, Affirmative Defenses**

The doctrine of laches is applicable if: (1) the plaintiffs delay filing suit, (2) the delay results in prejudice or harm to the defendant, and (3) the delay is not excusable.

**Judges:** [*1] SUHRHEINRICH

**Opinion by:** RICHARD F. SUHRHEINRICH

# Opinion

HON. RICHARD F. SUHRHEINRICH

*MEMORANDUM OPINION AND ORDER*

This matter is before the Court on the parties' cross-motions for summary judgment. Pursuant to Local Rule 17(1)(2), the matter will be decided without oral argument.

I.

FACTS

A detailed statement of the facts is in order. Plaintiffs J & S Produce and Ruby Robinson, Inc. were suppliers and sellers of perishable commodities, as those terms are defined in the Perishable Agricultural Commodities Act of 1980, 7 U.S.C. § 499 *et seq.* ("PACA"). Palermo

Meat Market, Inc. ("Palermo" or "Debtor") was a dealer and broker of perishable commodities as defined under PACA. Palermo purchased perishable commodities from plaintiffs, who allegedly were not paid for said commodities. The balance allegedly owing on these claims is $ 5,867.08 to J & S Produce, $ 37,837.01 to Ruby Robinson, and $ 27,976.34 to Bud Company of California. [1]

Sometime [*2] in early 1987, Palermo filed for reorganization under Chapter 11 of the Bankruptcy Act in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, Case No. 87-00385-R. On February 10, 1987, in furtherance of Palermo's reorganization efforts, Judge Steven Rhodes of the Bankruptcy Court entered an order permitting the Debtor to use "cash collateral" as defined by 11 U.S.C. § 363(a), but appointed an examiner to act in conjunction with the Debtor-in-Possession ("Cash Collateral Order"). The Bankruptcy Court entered the Cash Collateral with the proviso that the stipulation underlying the Cash Collateral Order and the Cash Collateral Order itself were to be served upon Palermo's 20 largest creditors, giving those creditors an opportunity to object, and for a hearing to be held on any such objections. It is undisputed that the plaintiffs each received notice of and the opportunity to object to the Cash Collateral Order, and that none of them filed an objection.

Pursuant to the Cash Collateral Order, an Examiner, James V. McTevia ("McTevia"), was appointed. McTevia was granted expanded powers to "operate debtor's business, to sign all checks and to [*3] make all deposits on behalf of the debtor, to make all purchases and sales of inventory and to have complete control over all aspects of the debtor's affairs." See February 10, 1987 Order Permitting Debtor's Use of Cash Collateral and Appointment of Examiner.

The February 10, 1987 Order further provided that "the staff of James D. McTevia shall be compensated on a weekly basis and that said compensation shall be subject to a final order of this Court" approving said fees. See February 10, 1987 Order. Defendant Bahadur, Balan and Kazerski, Ltd. ("B.B. & K.") was a member of McTevia's "staff," employed from February 1, 1987 through approximately September 14, 1987. McTevia hired defendant to provide accounting services and monitor daily cash receipts and disbursements.

McTevia paid B.B. & K. on a weekly basis from the Palermo operating account, pursuant to the Cash Collateral Order, from February 1, 1987, its date of hire, to September 14, 1987, when its services were no longer required.

In response to objections from creditors to the Examiner's application for approval of the fees and expenses of his "staff," Judge Rhodes held a hearing November 3, 1987. At the hearing, [*4] Judge Rhodes clarified portions of the Cash Collateral Order. In denying McTevia's petition for court approval for payment of fees to "staff," Judge Rhodes stated in pertinent part that ". . . it is abundantly clear to the court that the payment of the fees which has been undertaken here by McTevia is not payment of fees to staff . . . [but rather] payment of fees to an independent professional entity [B.B. & K.] which McTevia retained to perform services for him. . . ." Judge Rhodes stated, however, that a separate application would have to be filed to determine the reasonableness and necessity of "professional fees" of B.B. & K. pursuant to 11 U.S.C. § 330.

B.B. & K. subsequently filed an application for approval of its fees and expenses in the Palermo bankruptcy proceedings. A hearing on B.B. & K.'s application was held on January 7, 1988, after notice to all creditors. Plaintiffs have stipulated that they each received notice of that hearing. Following the hearing, Judge Rhodes approved the professional fees and disbursements made to B.B. & K. in the amount of $ 69,605.50 for professional services rendered and $ 3,359.36 for disbursements incurred.

Defendant points out that [*5] despite the fact that plaintiffs are creditors of Palermo and members of the Unsecured Creditors Committee, at no time did any of the plaintiffs file an objection to any weekly payments made to B.B. & K. for fees and expenses. Nor was any appeal filed to any of these Bankruptcy orders.

The services of McTevia and B.B. & K. were terminated on or about September 14, 1987. On March 7, 1988, Palermo was subsequently converted to a Chapter 7 proceeding. Defendant asserts that plaintiffs once again had an opportunity to assert their respective PACA claims when the Chapter 7 Trustee, Paul Borock, filed an application for authority to make a distribution to priority claimants and to allow the trustee to surcharge the estate for administrative fees and expenses. The Bankruptcy Court, after notice to all creditors, held a hearing on the Chapter 7 Trustee's application and,

---

[1] Plaintiff Bud Company of California has not filed any motion before this Court.

subsequently, entered an order allowing distribution of Chapter 7 administrative fees and expenses totaling $ 13,525.02. J & S Produce, Ruby Robinson, and Bud all signed the order, approving it as to form only. [2]

[*6] The U.S. Department of Agriculture filed its notice of intent to preserve trust benefits for J & S Produce and Ruby Robinson during the course of the Palermo Chapter 11 proceedings. Bud demonstrated a "perfected floating trust" to the Bankruptcy Court, which resulted in an order granting Bud's motion for relief from stay and turnover of property not part of the Debtor's estate.

On February 15, 1989, plaintiffs filed the instant complaint, alleging that B.B. & K. was paid for the services it rendered to McTevia in the Palermo bankruptcy proceedings with money subject to the statutory trust imposed by PACA. Plaintiffs further contend that their claims can be satisfied from the monies paid to B.B. & K. pursuant to the Bankruptcy Court order.

In its motion to dismiss and/or for summary judgment, B.B. & K. raises four arguments: 1) that plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel since payment to defendant was specifically authorized by a Bankruptcy Court order after notice and hearing to the parties; 2) that plaintiffs' failure to timely pursue their respective claims in the Palermo Bankruptcy proceeding and failure to act has prejudiced [*7] defendant; 3) that PACA does not authorize the plaintiffs to trace funds from a debtor's sale of perishable commodities into the hands of a third party where the third party was paid in the ordinary course of business, and 4) that plaintiffs' claims are barred as a matter of law because they have failed to join a necessary party or allege a breach of fiduciary duty.

II.

SUMMARY JUDGMENT STANDARDS [3]

HN1[↑] Under _Fed. R. Civ. P. 56(c)_, summary judgment may be granted when there is no genuine

issue as to any material fact and when the moving party is entitled to judgment as a matter of law. _Stephens v. Norfolk and Western Railroad Co., 792 F.2d 576, 579 (6th Cir. 1986)_; _Atlas Concrete Pipe, Inc. v. Roger J. Au & Sons, Inc., 668 F.2d 905, 908 (6th Cir. 1982)._ HN2[↑] The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; summary judgment may properly be granted when there is merely a colorable dispute as to a material fact. _Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)._ HN3[↑] There is no express or implied requirement that the moving [*8] party support its motion with affidavits or similar materials negating the opponent's claim; the movant need only point out the absence of evidence supporting the nonmovant's claim. _Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)._ After such a showing is made, the nonmoving party must go beyond the pleadings to designate, by affidavit, deposition, interrogatory, or otherwise, "specific facts showing that there is a genuine issue for trial." _Id. at 324._ HN4[↑] However, when determining a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. _Watkins v. Northwestern Ohio Tractor Pullers Association, 630 F.2d 1155, 1158 (6th Cir. 1980)_. Evidence, together with all reasonable inferences to be drawn therefrom, must be construed in the nonmoving party's favor. _Adickes v. Kress & Co., 398 U.S. 144, 159 (1970)._

[*9] III.

ANALYSIS

_A. Res Judicata/Collateral Estoppel_

HN5[↑] Under the doctrine of res judicata and/or collateral estoppel, a judgment on the merits in a prior or related suit involving the same parties bars a second suit based on the same cause of action. _Lawlor v. National Screen Services Corp., 349 U.S. 322 (1955)._ Thus, the principles of res judicata and/or collateral estoppel bar not only those claims or defenses that were litigated in an earlier action, but also those claims arising out of the same transactions which the plaintiff could have raised, but did not. _Dow Chemical Co. v. Curtis, 158 Mich. App. 347 (1987)._

Defendant points out that as "parties in interest," as defined by _11 U.S.C. § 1109_, plaintiffs were parties to all the proceedings in the Palermo bankruptcy. As parties in interest, plaintiffs were directed by the Bankruptcy

---

[2] In that order the Bankruptcy Judge indicated that he was entering the order over the objections filed by the PACA trust fund claimants. _See_ Order dated July 28, 1988.

[3] Because defendant has submitted materials in addition to the pleadings, the Court will construe the motion as one for summary judgment. _See Fed. R. Civ. P. 12(b)_.

Court to file any objections they may have had to the Cash Collateral Order and to the application for approval of B.B. & K.'s fees and expenses. The plaintiffs concede in the Pre-trial Order that they each received notice of these and filed no objection.

Defendant contends that this failure to object **[*10]** to the Cash Collateral Order or to defendant's petition for approval of its fees and expenses bars this subsequent action. Defendant argues that plaintiffs' PACA claims to the Palermo funds should have first been raised as an objection to defeat the entry of the Cash Collateral Order. Defendant continues that plaintiffs had at least one additional opportunity to assert their respective claims and possibly defeat B.B. & K.'s ability to be paid in the Palermo bankruptcy proceedings. They did not object and a judgment was entered. Defendant cites *Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371 (1940)*, for the proposition that final orders of a bankruptcy court are res judicata of all matters that were or could have been litigated before the Bankruptcy Court.

In further support of its argument that plaintiffs' failure to raise these claims in the Palermo bankruptcy proceeding precludes the instant suit, defendant relies on the principle that a bankruptcy court adjudicates interests in the *res* and by issuing a judgment in rem, binds all parties in the world who have notice of the proceeding as to their interests in the res. *In re W.T. Grant Co., 20 BR 186 (Bankr. S.D. N.Y. 1982)*. **[*11]** Further, defendant points out that in *Chicot County Drainage Dist., supra*, the Supreme Court held that the decision of the bankruptcy court was *res judicata* as to bondholders with notice of a municipal bankruptcy proceeding who never participated in the proceeding and later attempted to challenge the bankruptcy court's adjudication.

Plaintiffs respond to defendant's arguments by stating that the Bankruptcy Court order authorizing defendant's fees was not a judgment on the merits of anything. Rather, it disposed of the following issues: 1) the validity of defendant's services to the Bankruptcy estate of Palermo, when the only prior Order had appointed McTevia as examiner, allowing his staff to be paid, and 2) the value of those services to the estate. Plaintiffs point out that the notice of hearing on defendant's fees did not state that defendant was seeking a ruling that the money it was being paid was PACA trust fund money, or that defendant was claiming the trust did not apply to money used to pay its fees.

Plaintiffs counter that the central issue of this case, not disposed of by the Bankruptcy Court, is whether the dollars actually paid were PACA trust funds, **[*12]** which they claim are not even subject to bankruptcy court jurisdiction. Plaintiffs assert that PACA jurisdiction is given to the federal district court, 7 U.S.C. § 489(e)(C)(4) and therefore the Bankruptcy Court lacked subject matter jurisdiction to adjudicate the claims plaintiffs raise in this lawsuit. Since plaintiffs' claims could not have been litigated before that court, plaintiffs filed their lawsuit in this Court. In this regard, plaintiffs note that the *Sunnen* case [4], cited by defendant, states with respect to res judicata: "The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound. . . ." 33 U.S. at 597. It therefore would follow that since the Bankruptcy Court was not a court of competent jurisdiction as to the PACA trust funds, there was no final judgment as to plaintiffs' claims.

 **[*13]** In 1984, Congress amended PACA in *Section 499e* by creating a trust for the benefit of creditors designed after the trust provisions of the Packers and Stockyard Act (PSA). *In re Tanner, 77 BR 897, 900 (Bankr. N.D. Ala. 1987)*. *HN6*[⬆] Subsection (a) of *Section 499e* provides that "if any commission merchant, dealer, or broker violates any provision of Section 2 [*7 U.S.C.S. Section 499b*] he shall be liable to the person or persons injured thereby . . . [*7 U.S.C.S. Section 499e(a)*]." "Such liability may be enforced either (1) by complaint to the Secretary . . ., or (2) by suit in any court of competent jurisdiction . . . *7 U.S.C.S. Section 499e(b)*." *Tanner, 77 BR at 900*. Section 399e(c) specifies that the court of competent jurisdiction referenced in 499e(a) is the district court. *Id. at 900 n.8*. *See also Tanner, 77 BR at 898 n.1*. (". . . *Section 499e(C)(4)* of Title 7 is unequivocal in placing jurisdiction in the district court").

The case authority supports plaintiffs' claim that *HN7*[⬆] a statutory trust created under the provisions of PACA, which is properly and timely perfected, is not part of the debtor's estate. **[*14]** *In re Asinelli, Inc., 93 BR 433, 435 (Bankr. M.D. N.C. 1988)*. *See also In re Milton Poulos, Inc., 94 BR 648 (Bankr. M.D. Fla. 1988)*; *In re Spud, 77 BR 930 (Bankr. M.D. Fla. 1987)*; *In re Fresh Approach, Inc., 48 BR 926 (Bankr. N.D. Tex. 1985)*. Notwithstanding, trust funds would still be subject to the

_____

[4] *Commissioner of Internal Revenue Service v. Sunnen, 33 U.S. 591 (1947)*.

automatic stay, which protects not only property of the estate, but property in possession of the debtor. *In re 48th Street Steakhouse, Inc., 835 F.2d 427 (2d Cir. 1977)*, cert. denied, sub nom, *Rockerfeller Group, Inc. v. 48th Street Steakhouse, 108 S.Ct. 1596 (1987)* (holding that debtors mere possessory interest in property without any corresponding legal interest, is alone sufficient to trigger protection of automatic stay). For example, in *In re W.L. Bradley, Inc., 75 BR 505 (Bankr. E.D. Pa. 1987)*,the court stated that "as the corpus of a trust in favor of a non-debtor beneficiary, those funds are not property of the debtor's estate. . . . Nevertheless [the non-debtor beneficiary] concedes that it must obtain relief from the automatic **[*15]** stay in order to take action to obtain payment from the debtor of the trust proceeds. *Id. at 513* (citations omitted). *See also In re Milton Poulas, supra*; *In re Tanner, supra*; *In re Bradley Co., Inc., supra*; *In re Fresh Approach, supra*; (each explicitly or implicitly recognizing that no automatic stay provision requires a PACA claimant to seek relief from automatic stay before proceeding with collection efforts).

The Court finds that plaintiffs' failure to seek the necessary order from the Bankruptcy Court lifting the automatic stay precludes them from collaterally attacking the Bankruptcy Court's orders in this proceeding. Plaintiffs received several opportunities to object to that court's orders but did not do so. Finding that all the prerequisites for the application of the doctrines of res judicata and/or collateral estoppel have been met the Court rules that plaintiffs' claims are therefore barred.

### B. Laches

Defendant next asserts that plaintiffs' claims are barred by laches in that plaintiffs made no attempt to assert their PACA priority claims throughout the entire cause of the Palermo bankruptcy despite the **[*16]** fact that the opportunity to raise their claim was consistently available. Defendant further argues that rather than raising their claims in the bankruptcy proceeding, plaintiffs inexplicably elected instead to file a complaint in this Court one year after the Bankruptcy Court entered its order approving B.B. & K.'s fees and expenses.

HN8[↑] The doctrine of laches is applicable if: (1) the plaintiffs delay filing suit, (2) the delay results in prejudice or harm to the defendant, and (3) the delay is not excusable. *Detroit Audobon Society v. City of Detroit, 696 F.Supp. 249, 253 (E.D. Mich. 1988)* (citations omitted). In that case, the court held that

plaintiffs claims were untimely and barred by the equitable doctrine of laches after plaintiffs sat on their rights while the city stripped and leveled land and expended significant sums of money in preparation of construction of the Detroit trash incinerator. *Id.*

Defendant argues that similar to *Detroit Audobon Society*, plaintiffs allowed nearly two years to go by without taking any action to enforce their PACA claims. Defendant asserts that plaintiffs merely watched as B.B. & K., under the direction of the **[*17]** Examiner, monitored the daily cash received and expended by Palermo, made monthly reports to the Bankruptcy Court of the status of Palermo's operations, received weekly payments from the Palermo operating account and ultimately, court approved fees.

B.B. & K. claims that the inexcusable delay by plaintiffs in seeking to pursue their respective claims has been prejudicial to defendant. Specifically, defendant states that plaintiffs are in essence asking the Court to require defendant to shoulder the entire burden of defending all the payments made in the ordinary course of Palermo's Chapter 11 bankruptcy proceedings. B.B. & K. further alleges that it relied on plaintiffs' failure to assert their PACA claims in the bankruptcy proceeding. Defendant states that had it been aware of plaintiffs' intent to assert their claims to the funds from which it was being paid, B.B. & K. could have evaluated its chances of receiving payment and determined whether it would continue its work for the estate. As a result of the delay, that option no longer exists.

Plaintiffs respond to this argument by stating that defendant has conveniently ignored several facts and misstated others. Plaintiffs **[*18]** state that they pursued Liberty State Bank for money it received from Palermo pursuant to a Bankruptcy Court Cash Collateral Order, and received a judgment of $ 12,000.00 on September 7, 1988. Plaintiffs further point out that they objected, in writing, and at the Bankruptcy Court hearing, to the Order entered July 28, 1988, approving that Order only as to form.

The instant complaint was filed less than seven months after plaintiffs received a judgment against the Liberty State Bank for the money received by that defendant pursuant to the Bankruptcy Court Order. Plaintiffs, therefore, contend that it was and is, in the interest of judicial economy and defendant's interest, for plaintiffs to attempt to collect first from Palermo itself, then Liberty State Bank, before filing this lawsuit. Further, plaintiffs allege that defendant remains free to implead third-party

defendants.

Finally, plaintiffs take issue with defendant's characterization of its role as an innocent third party. Plaintiffs allege that in actuality, B. B. & K. was the overseer of the day-to-day operations of Palermo in the Chapter 11 proceeding, and not an operator in the ordinary course of business. Also, at **[*19]** this time plaintiff Bud Co. was asserting PACA trust claims. [5] Therefore, plaintiffs contend that defendant was in fact in the same position as the Trustee or Examiner McTevia with the same duty to pay plaintiffs.

As noted in the preceding section, the Court finds plaintiffs' delay in its collection efforts inexcusable. Nor is the Court persuaded by plaintiffs' belated attempts to pursue Liberty State Bank. Plaintiffs' claims should have been raised after they received notice of and opportunity to object to the Cash Collateral Order and to the application for approval of B. B. & K.'s fees and expenses. Further, the Court finds that defendant has adequately **[*20]** demonstrated prejudice as a result of that delay.

In sum, the Court holds that plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel and laches. Because resolution of these two issues disposes of plaintiffs' claim, the Court need not address any remaining arguments raised by the parties.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment is DENIED.

DATED: October 31, 1989

RICHARD F. SUHRHEINRICH, United States District Judge

**End of Document**

---

[5] Plaintiff Bud Company's PACA claim was asserted in its complaint filed in the Bankruptcy Court in March 1987 and upheld by the Order of April 10, 1987. In that order Judge Rhodes stated that Bud had demonstrated a "perfected floating trust" and accordingly, granted Bud's motion for relief from stay and turnover of property not part of the Debtor's estate.

# EXHIBIT H

| Fiscal Day | Invoice Number | Item ID | Item DESC | Product Type | Product Sub Group | Item Net | Net Cases | Net Invoice | Days Late | Accrued Interest | Product Eligible? |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/29/2018 | 189725077 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.38 | 662 | $7.31 | No |
| 10/29/2018 | 189725077 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 0 | $0.00 | 662 | $0.00 | No |
| 10/29/2018 | 189725077 | 256770 | PEACH SLCD XL/S 6-10 P/L | GROCERY | Shelf Stable Fruits | 39.65 | 1 | $34.09 | 662 | $11.13 | No |
| 2/19/2019 | 837315900 | 267100 | ONION RING BATRD 3/8" 6-2.5# GCHC | FROZEN | Frozen Coated Vegetables | 15 | 1 | $5.99 | 549 | $1.62 | No |
| 3/9/2019 | 827268201 | 275263 | OLIVE GRN SLCD GRN 4-1GAL GCHC | GROCERY | Olives | 41 | 0 | $38.98 | 531 | $10.21 | No |
| 3/18/2019 | 192881154 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 522 | $4.98 | No |
| 3/18/2019 | 192881154 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 522 | $11.29 | No |
| 3/18/2019 | 192876385 | 132381 | BEAN KIDNEY DARK RED 6-10 | GROCERY | Controlled Usage Grocery Products | 41.25 | 1 | $22.53 | 522 | $5.80 | No |
| 3/18/2019 | 192876385 | 285660 | PEAS GREEN IQF 30# GCHC | FROZEN | Frozen Vegetables | 30 | 1 | $25.20 | 522 | $6.49 | No |
| 3/18/2019 | 192876385 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 522 | $11.29 | No |
| 3/18/2019 | 192876382 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 522 | $6.35 | No |
| 3/18/2019 | 192876382 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 522 | $4.98 | No |
| 3/18/2019 | 192876382 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.38 | 522 | $5.76 | No |
| 3/18/2019 | 192876382 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.25 | 522 | $8.82 | No |
| 3/18/2019 | 192876382 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 522 | $22.58 | No |
| 3/18/2019 | 192890521 | 112747 | COCONUT SNOWFLAKE 5-2# GCHC | GROCERY | Baking Supplies & Chocolate | 10 | 1 | $22.37 | 522 | $5.76 | No |
| 3/19/2019 | 192901764 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 521 | $12.67 | No |
| 3/19/2019 | 192901764 | 118575 | POTATO AUGRATIN CLASSIC R/SOD 6-2.25# | GROCERY | Shelf Stable Potato Products | 13.5 | 1 | $52.75 | 521 | $13.55 | No |
| 3/19/2019 | 192901764 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 521 | $22.53 | No |
| 3/19/2019 | 192893219 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $26.72 | 521 | $6.87 | No |
| 3/19/2019 | 192893219 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 521 | $12.67 | No |
| 3/19/2019 | 192893219 | 132381 | BEAN KIDNEY DARK RED 6-10 | GROCERY | Controlled Usage Grocery Products | 41.25 | 1 | $22.53 | 521 | $5.79 | No |
| 3/19/2019 | 192893219 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 521 | $4.97 | No |
| 3/19/2019 | 192893219 | 173250 | HASHBROWN SHRED SUPREME 6-3# LMBSUPR | FROZEN | Controlled Usage Frozen Products | 18 | 1 | $15.98 | 521 | $4.11 | No |
| 3/19/2019 | 192893219 | 324531 | OLIVE RIPE SLCD BLK SPAIN 6-10 GCHC | GROCERY | Olives | 41.38 | 1 | $44.18 | 521 | $11.35 | No |
| 3/19/2019 | 192893219 | 422169 | POTATO DCD PLD FRSH 2-10# GCHC | PRODUCE | Value-Add Potatoes | 20 | 1 | $16.11 | 521 | $4.14 | No |
| 3/19/2019 | 192893219 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 521 | $11.27 | No |
| 3/19/2019 | 192892024 | 118869 | BEET DCD 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $25.67 | 521 | $6.60 | No |
| 3/19/2019 | 192892024 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $30.74 | 521 | $7.90 | No |
| 3/19/2019 | 192892024 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 521 | $11.27 | No |
| 3/21/2019 | 192962719 | 173250 | HASHBROWN SHRED SUPREME 6-3# LMBSUPR | FROZEN | Controlled Usage Frozen Products | 18 | 1 | $15.98 | 519 | $4.09 | No |
| 3/21/2019 | 192962719 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 1 | $34.35 | 519 | $8.79 | No |
| 3/21/2019 | 192962719 | 597082 | PEPPERS RED 5# P/L | PRODUCE | Fresh Peppers | 5 | 1 | $14.20 | 519 | $3.63 | No |
| 3/21/2019 | 192962719 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.05 | 519 | $6.67 | No |
| 3/21/2019 | 192962719 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 519 | $22.45 | No |
| 3/21/2019 | 192962715 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 519 | $6.31 | No |
| 3/21/2019 | 192962715 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $28.87 | 519 | $7.39 | No |
| 3/21/2019 | 192962715 | 422169 | POTATO DCD PLD FRSH 2-10# GCHC | PRODUCE | Value-Add Potatoes | 20 | 1 | $16.11 | 519 | $4.12 | No |
| 3/22/2019 | 192979816 | 328251 | BEAN GREEN CUT XTRA GRN 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 44.1 | 1 | $28.94 | 518 | $7.39 | No |
| 3/22/2019 | 192979816 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 518 | $4.95 | No |
| 3/22/2019 | 192979816 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 1 | $34.35 | 518 | $8.77 | No |
| 3/22/2019 | 192979816 | 262706 | PEAR SLCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 44.1 | 1 | $39.79 | 518 | $10.16 | No |
| 3/22/2019 | 192979816 | 422169 | POTATO DCD PLD FRSH 2-10# GCHC | PRODUCE | Value-Add Potatoes | 20 | 1 | $16.11 | 518 | $4.12 | No |
| 3/22/2019 | 192979816 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 518 | $11.20 | No |
| 3/22/2019 | 192979816 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.93 | 518 | $5.35 | No |
| 3/22/2019 | 192979816 | 282057 | TOMATO STEWED SLCD 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43 | 1 | $21.13 | 518 | $5.40 | No |
| 3/22/2019 | 192988771 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 518 | $12.60 | No |
| 3/22/2019 | 192988771 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 518 | $4.95 | No |
| 3/22/2019 | 192988771 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.25 | 518 | $8.75 | No |
| 3/22/2019 | 192988771 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 1 | $34.35 | 518 | $8.77 | No |
| 3/22/2019 | 192988771 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $30.74 | 518 | $7.85 | No |
| 3/22/2019 | 192988771 | 149195 | PICKLE DILL SLCD HAMB 4-1GAL GCHC | GROCERY | Pickles & Peppers | 33.26 | 1 | $25.19 | 518 | $6.43 | No |
| 3/22/2019 | 192988771 | 118575 | POTATO AUGRATIN CLASSIC R/SOD 6-2.25# | GROCERY | Shelf Stable Potato Products | 13.5 | 1 | $52.75 | 518 | $13.48 | No |
| 3/22/2019 | 192988771 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 518 | $11.20 | No |
| 3/22/2019 | 192988771 | 282057 | TOMATO STEWED SLCD 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43 | 1 | $21.13 | 518 | $5.40 | No |
| 3/22/2019 | 192981261 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 518 | $6.30 | No |

| Date | Inv | Item | Dept | Category | Size | Qty | Price | Store | Ext | Rcvd |
|---|---|---|---|---|---|---|---|---|---|---|
| 3/22/2019 | 192981261 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 518 | $4.95 | No |
| 3/22/2019 | 192981261 | 324124 | HASHBROWN SHRD FRSH 2-10# GCHC | PRODUCE | Value-Add Potatoes | 20 | 1 | $16.11 | 518 | $4.12 | No |
| 3/22/2019 | 192981261 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.25 | 518 | $8.75 | No |
| 3/22/2019 | 192981261 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.05 | 518 | $6.65 | No |
| 3/22/2019 | 192981261 | 422169 | POTATO DCD PLD FRSH 2-10# GCHC | PRODUCE | Value-Add Potatoes | 20 | 1 | $16.11 | 518 | $4.12 | No |
| 3/22/2019 | 192981261 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 518 | $22.40 | No |
| 3/22/2019 | 192981261 | 426288 | SPROUT BRUSSEL MED 12-2# GCHC | FROZEN | Frozen Vegetables | 24 | 1 | $27.46 | 518 | $7.01 | No |
| 3/25/2019 | 193035898 | 328251 | BEAN GREEN CUT XTRA GRN 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 44.1 | 1 | $28.94 | 515 | $7.35 | No |
| 3/25/2019 | 193035898 | 285660 | PEAS GREEN IQF 30# GCHC | FROZEN | Frozen Vegetables | 30 | 1 | $25.20 | 515 | $6.40 | No |
| 3/25/2019 | 193035898 | 132594 | PEPPERS JALAP SLCD 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 38.21 | 1 | $29.11 | 515 | $7.39 | No |
| 3/25/2019 | 193035898 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 515 | $11.14 | No |
| 3/25/2019 | 193030713 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 515 | $6.26 | No |
| 3/25/2019 | 193030713 | 324531 | OLIVE RIPE SLCD BLK SPAIN 6-10 GCHC | GROCERY | Olives | 41.38 | 1 | $44.18 | 515 | $11.22 | No |
| 3/25/2019 | 193030719 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.38 | 515 | $5.68 | No |
| 3/25/2019 | 193030719 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.25 | 515 | $8.70 | No |
| 3/25/2019 | 193030719 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 1 | $34.35 | 515 | $8.72 | No |
| 3/25/2019 | 193030719 | 612120 | PINEAPPLE TIDBITS IN JCE 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $23.65 | 515 | $6.01 | No |
| 3/25/2019 | 193030719 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 515 | $22.27 | No |
| 3/26/2019 | 193048039 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $22.26 | 514 | $5.64 | No |
| 3/26/2019 | 193048062 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 514 | $12.50 | No |
| 3/26/2019 | 193048062 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $28.87 | 514 | $7.32 | No |
| 3/26/2019 | 193048062 | 612120 | PINEAPPLE TIDBITS IN JCE 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $23.65 | 514 | $5.99 | No |
| 3/26/2019 | 193048062 | 422169 | POTATO DCD PLD FRSH 2-10# GCHC | PRODUCE | Value-Add Potatoes | 20 | 1 | $16.11 | 514 | $4.08 | No |
| 3/26/2019 | 193048062 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 514 | $22.23 | No |
| 3/26/2019 | 193047571 | 324531 | OLIVE RIPE SLCD BLK SPAIN 6-10 GCHC | GROCERY | Olives | 41.38 | 1 | $44.18 | 514 | $11.20 | No |
| 3/26/2019 | 193047571 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 1 | $34.35 | 514 | $8.71 | No |
| 3/26/2019 | 193047571 | 285660 | PEAS GREEN IQF 30# GCHC | FROZEN | Frozen Vegetables | 30 | 1 | $25.20 | 514 | $6.39 | No |
| 3/26/2019 | 193047571 | 132594 | PEPPERS JALAP SLCD 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 38.21 | 1 | $29.11 | 514 | $7.38 | No |
| 3/26/2019 | 193047571 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 514 | $11.12 | No |
| 3/26/2019 | 193047571 | 426288 | SPROUT BRUSSEL MED 12-2# GCHC | FROZEN | Frozen Vegetables | 24 | 1 | $27.46 | 514 | $6.96 | No |
| 3/26/2019 | 193047571 | 282057 | TOMATO STEWED SLCD 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43 | 1 | $21.13 | 514 | $5.36 | No |
| 3/26/2019 | 193056195 | 275263 | OLIVE GRN SLCD GRN 4-1GAL GCHC | GROCERY | Olives | 41 | 1 | $51.76 | 514 | $13.12 | No |
| 3/26/2019 | 193056195 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $32.85 | 514 | $8.33 | No |
| 3/27/2019 | 193076957 | 184667 | PICKLE KOSH WHL 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $27.11 | 513 | $6.86 | No |
| 3/28/2019 | 785205185 | 189952 | PINEAPPLE CHUNKS IN JCE 6-10 GCHC | GROCERY | Shelf Stable Fruits | 39.71 | 0 | $6.79 | 512 | $1.71 | No |
| 3/29/2019 | 193132641 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 511 | $15.88 | No |
| 3/29/2019 | 193132641 | 261475 | BEAN PINTO 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 40.5 | 1 | $23.94 | 511 | $6.03 | No |
| 3/29/2019 | 193132641 | 504122 | HASHBROWN CUBES SEAS CRISPY 6-6# LAMB | FROZEN | Frozen Potato Products | 36 | 1 | $48.60 | 511 | $12.25 | No |
| 3/29/2019 | 193132641 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.48 | 511 | $4.91 | No |
| 3/29/2019 | 193132641 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $22.26 | 511 | $5.61 | No |
| 3/29/2019 | 193132641 | 103853 | PINEAPPLE SLCD IN JCE 24-20Z GCHC | GROCERY | Shelf Stable Fruits | 29.97 | 1 | $36.99 | 511 | $9.32 | No |
| 3/29/2019 | 193132641 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.73 | 511 | $5.22 | No |
| 3/29/2019 | 193132635 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $26.72 | 511 | $6.73 | No |
| 3/29/2019 | 193132635 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 511 | $6.21 | No |
| 3/29/2019 | 193132635 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 511 | $4.88 | No |
| 3/29/2019 | 193132635 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $28.87 | 511 | $7.28 | No |
| 3/29/2019 | 193132635 | 316334 | HASHBROWN SHRD IQF 6-3# GCHC | FROZEN | Frozen Potato Products | 18 | 1 | $22.72 | 511 | $5.73 | No |
| 3/29/2019 | 193132635 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 1 | $34.35 | 511 | $8.66 | No |
| 3/29/2019 | 193132635 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.05 | 511 | $6.56 | No |
| 3/29/2019 | 193132635 | 118575 | POTATO AUGRATIN CLASSIC R/SOD 6-2.25# | GROCERY | Shelf Stable Potato Products | 13.5 | 1 | $52.75 | 511 | $13.29 | No |
| 3/29/2019 | 193132635 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 3 | $131.55 | 511 | $33.15 | No |
| 3/29/2019 | 193132639 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $68.61 | 511 | $17.29 | No |
| 3/29/2019 | 193132639 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $27.42 | 511 | $6.91 | No |
| 3/29/2019 | 193132639 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 511 | $13.17 | No |
| 3/29/2019 | 193132639 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 2 | $77.74 | 511 | $19.59 | No |
| 3/29/2019 | 193132639 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 511 | $9.07 | No |
| 3/29/2019 | 193132644 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $32.85 | 511 | $8.28 | No |

| Date | Invoice | Item | Description | Category | Subcategory | Col1 | Qty | Price | Col2 | Ext | Flag |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/1/2019 | 193181690 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 2 | $126.04 | 508 | $31.58 | No |
| 4/1/2019 | 193181690 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.38 | 508 | $6.11 | No |
| 4/1/2019 | 193181690 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $44.52 | 508 | $11.15 | No |
| 4/2/2019 | 193201377 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 2 | $126.04 | 507 | $31.51 | No |
| 4/2/2019 | 193201377 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $22.26 | 507 | $5.57 | No |
| 4/2/2019 | 193201377 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.73 | 507 | $5.18 | No |
| 4/2/2019 | 193209266 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 2 | $104.56 | 507 | $26.14 | No |
| 4/2/2019 | 193209266 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 4 | $155.48 | 507 | $38.87 | No |
| 4/2/2019 | 193209266 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 507 | $9.00 | No |
| 4/2/2019 | 193209283 | 325473 | ARTICHOKE HRT QTRD SAL 6-88.25Z GCHC | GROCERY | Shelf Stable Vegetables | 33 | 2 | $131.32 | 507 | $32.83 | No |
| 4/2/2019 | 193209283 | 324531 | OLIVE RIPE SLCD BLK SPAIN 6-10 GCHC | GROCERY | Olives | 41.38 | 1 | $47.70 | 507 | $11.93 | No |
| 4/2/2019 | 193209283 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $35.45 | 507 | $8.86 | No |
| 4/2/2019 | 193209283 | 793469 | PEPPERS RED RSTD 117CT 6-10 GCHC | GROCERY | White Tablecloth Foods | 39 | 1 | $49.28 | 507 | $12.32 | No |
| 4/4/2019 | 193258453 | 109071 | AVOCADO PULP CHNKY 4-3# CALA | FROZEN | Frozen Fruits | 12 | 1 | $62.46 | 505 | $15.56 | No |
| 4/5/2019 | 193289543 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 504 | $15.66 | No |
| 4/5/2019 | 193289543 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $22.48 | 504 | $5.59 | No |
| 4/5/2019 | 193289543 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.73 | 504 | $5.15 | No |
| 4/5/2019 | 193287531 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 504 | $15.66 | No |
| 4/5/2019 | 193287531 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $22.48 | 504 | $5.59 | No |
| 4/5/2019 | 193289537 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 504 | $12.99 | No |
| 4/5/2019 | 193289537 | 860514 | APTZR PICKLE SPICY BATRD 6-2.5# BRWCT | FROZEN | Frozen Coated Vegetables | 15 | 1 | $44.96 | 504 | $11.17 | No |
| 4/5/2019 | 193289537 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 3 | $116.61 | 504 | $28.98 | No |
| 4/5/2019 | 827269413 | 610802 | PEAS GREEN 6-4# GCHC | FROZEN | Frozen Vegetables | 24 | 0 | $5.99 | 504 | $1.49 | No |
| 4/5/2019 | 193289535 | 612464 | PINEAPPLE TIDBITS IN WTR 6-10 GCHC | GROCERY | Shelf Stable Fruits | 40.5 | 1 | $39.50 | 504 | $9.82 | No |
| 4/5/2019 | 193289535 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $32.85 | 504 | $8.16 | No |
| 4/8/2019 | 193340731 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 501 | $15.57 | No |
| 4/8/2019 | 193340731 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $44.96 | 501 | $11.11 | No |
| 4/8/2019 | 193340731 | 272078 | PINEAPPLE CRUSHED IN JCE 6-10 GCHC | GROCERY | Shelf Stable Fruits | 40.46 | 1 | $33.70 | 501 | $8.33 | No |
| 4/8/2019 | 193333327 | 109071 | AVOCADO PULP CHNKY 4-3# CALA | FROZEN | Frozen Fruits | 12 | 1 | $62.46 | 501 | $15.43 | No |
| 4/9/2019 | 193368745 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 2 | $38.96 | 500 | $9.61 | No |
| 4/9/2019 | 193368745 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $22.48 | 500 | $5.54 | No |
| 4/9/2019 | 193368745 | 272078 | PINEAPPLE CRUSHED IN JCE 6-10 GCHC | GROCERY | Shelf Stable Fruits | 40.46 | 1 | $33.70 | 500 | $8.31 | No |
| 4/9/2019 | 193375262 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 500 | $12.16 | No |
| 4/9/2019 | 193375262 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.58 | 500 | $6.06 | No |
| 4/9/2019 | 193375262 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.38 | 500 | $5.52 | No |
| 4/9/2019 | 193375262 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.25 | 500 | $8.45 | No |
| 4/9/2019 | 193375262 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.05 | 500 | $6.42 | No |
| 4/9/2019 | 193375262 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 3 | $131.55 | 500 | $32.44 | No |
| 4/9/2019 | 193375262 | 282057 | TOMATO STEWED SLCD 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43 | 1 | $21.13 | 500 | $5.21 | No |
| 4/9/2019 | 193375254 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $68.61 | 500 | $16.92 | No |
| 4/9/2019 | 193375254 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 500 | $12.89 | No |
| 4/9/2019 | 193375254 | 860514 | APTZR PICKLE SPICY BATRD 6-2.5# BRWCT | FROZEN | Frozen Coated Vegetables | 15 | 1 | $44.96 | 500 | $11.09 | No |
| 4/9/2019 | 193375254 | 163760 | CORN & BLK BEAN FLME RSTD 6-2.5# | FROZEN | Frozen Vegetables | 15 | 1 | $30.48 | 500 | $7.52 | No |
| 4/9/2019 | 193375254 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 3 | $116.61 | 500 | $28.75 | No |
| 4/9/2019 | 193375254 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 500 | $8.87 | No |
| 4/9/2019 | 193375274 | 415952 | ORANGES NAVEL/VALENCIA FCY 5# P/L | PRODUCE | Fresh Citrus | 5 | 1 | $9.19 | 500 | $2.27 | No |
| 4/9/2019 | 193375274 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $32.85 | 500 | $8.10 | No |
| 4/10/2019 | 193397852 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.14 | 499 | $6.43 | No |
| 4/10/2019 | 193397087 | 499943 | PEPPERS JALAP SLCD 6- 5GAL GRSZ | GROCERY | Mexican Foods | 22.5 | 1 | $30.98 | 499 | $7.62 | No |
| 4/12/2019 | 193461340 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 497 | $15.45 | No |
| 4/12/2019 | 193461340 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.38 | 497 | $5.98 | No |
| 4/12/2019 | 193461340 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $22.26 | 497 | $5.46 | No |
| 4/12/2019 | 193461340 | 517186 | RELISH SWT PICKLE 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $31.72 | 497 | $7.77 | No |
| 4/12/2019 | 193461340 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.40 | 497 | $5.00 | No |
| 4/12/2019 | 193460335 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 497 | $15.45 | No |
| 4/12/2019 | 193460335 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $22.26 | 497 | $5.46 | No |
| 4/12/2019 | 193461341 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.38 | 497 | $5.49 | No |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 4/12/2019 | 193461346 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $68.61 | 497 | $16.82 | No |
| 4/12/2019 | 193461346 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $27.42 | 497 | $6.72 | No |
| 4/12/2019 | 193461346 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 2 | $104.56 | 497 | $25.63 | No |
| 4/12/2019 | 193461346 | 860514 | APTZR PICKLE SPICY BATRD 6-2.5# BRWCT | FROZEN | Frozen Coated Vegetables | 15 | 1 | $44.96 | 497 | $11.02 | No |
| 4/12/2019 | 193461346 | 163760 | CORN & BLK BEAN FLME RSTD 6-2.5# | FROZEN | Frozen Vegetables | 15 | 1 | $30.50 | 497 | $7.48 | No |
| 4/12/2019 | 193461346 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 3 | $116.61 | 497 | $28.58 | No |
| 4/12/2019 | 193461346 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 497 | $8.82 | No |
| 4/12/2019 | 193461339 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $32.85 | 497 | $8.05 | No |
| 4/15/2019 | 193514477 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 494 | $15.35 | No |
| 4/15/2019 | 193514477 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.48 | 494 | $4.75 | No |
| 4/15/2019 | 193514477 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $22.26 | 494 | $5.42 | No |
| 4/16/2019 | 193536191 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $25.05 | 493 | $6.09 | No |
| 4/16/2019 | 193536191 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.95 | 493 | $5.09 | No |
| 4/16/2019 | 193542928 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 493 | $11.99 | No |
| 4/16/2019 | 193542928 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.05 | 493 | $6.33 | No |
| 4/16/2019 | 193542928 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 5 | $219.25 | 493 | $53.30 | No |
| 4/16/2019 | 193542907 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $27.42 | 493 | $6.67 | No |
| 4/16/2019 | 193542907 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $35.45 | 493 | $8.62 | No |
| 4/16/2019 | 193542937 | 234494 | TOMATO DCD SUNDRD CHEF RDY 5-1# P/L | GROCERY | Dehydrated Fruits & Vegetables | 5 | 1 | $44.10 | 493 | $10.72 | No |
| 4/17/2019 | 837319339 | 504122 | HASHBROWN CUBES SEAS CRISPY 6-6# LAMB | FROZEN | Frozen Potato Products | 36 | 1 | $48.43 | 492 | $11.75 | No |
| 4/17/2019 | 193563556 | 499943 | PEPPERS JALAP SLCD 6- 5GAL GRSZ | GROCERY | Mexican Foods | 22.5 | 1 | $30.98 | 492 | $7.52 | No |
| 4/19/2019 | 193625677 | 132594 | PEPPERS JALAP SLCD 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 38.21 | 1 | $27.36 | 490 | $6.61 | No |
| 4/19/2019 | 193625677 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $22.26 | 490 | $5.38 | No |
| 4/19/2019 | 193625219 | 261475 | BEAN PINTO 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 40.5 | 1 | $24.37 | 490 | $5.89 | No |
| 4/19/2019 | 193625219 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $22.66 | 490 | $5.48 | No |
| 4/19/2019 | 193625219 | 517186 | RELISH SWT PICKLE 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $32.29 | 490 | $7.80 | No |
| 4/19/2019 | 193625219 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.77 | 490 | $5.02 | No |
| 4/19/2019 | 193625678 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $26.72 | 490 | $6.46 | No |
| 4/19/2019 | 193625678 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 490 | $5.96 | No |
| 4/19/2019 | 193625678 | 316334 | HASHBROWN SHRD IQF 6-3# GCHC | FROZEN | Frozen Potato Products | 18 | 1 | $22.72 | 490 | $5.49 | No |
| 4/19/2019 | 193625678 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $30.74 | 490 | $7.43 | No |
| 4/19/2019 | 193625680 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 3 | $116.61 | 490 | $28.18 | No |
| 4/19/2019 | 193625680 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 490 | $8.69 | No |
| 4/19/2019 | 193625670 | 275263 | OLIVE GRN SLCD GRN 4-1GAL GCHC | GROCERY | Olives | 41 | 1 | $51.76 | 490 | $12.51 | No |
| 4/19/2019 | 193625670 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $32.85 | 490 | $7.94 | No |
| 4/20/2019 | 827270249 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $21.49 | 489 | $5.18 | No |
| 4/20/2019 | 827270223 | 440809 | OLIVE RIPE PTTD MED 6-10 GCHC | GROCERY | Olives | 41.36 | 0 | $31.47 | 489 | $7.59 | No |
| 4/20/2019 | 827270223 | 156892 | OLIVE STFD QN 4-1GAL GCHC | GROCERY | Olives | 41.36 | 0 | $77.97 | 489 | $18.80 | No |
| 4/22/2019 | 193678937 | 451360 | APTZR JALAP BTL CAP BEER BATRD 6-2.5# | FROZEN | Frozen Coated Vegetables | 15 | 1 | $48.45 | 487 | $11.64 | No |
| 4/22/2019 | 193678937 | 261475 | BEAN PINTO 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 40.5 | 1 | $23.94 | 487 | $5.75 | No |
| 4/22/2019 | 193678937 | 233101 | HASHBROWN STARZ .36Z 6-5# LAMB | FROZEN | Frozen Potato Products | 30 | 1 | $39.76 | 487 | $9.55 | No |
| 4/22/2019 | 193678937 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.40 | 487 | $4.90 | No |
| 4/22/2019 | 193678937 | 234494 | TOMATO DCD SUNDRD CHEF RDY 5-1# P/L | GROCERY | Dehydrated Fruits & Vegetables | 5 | 1 | $41.35 | 487 | $9.93 | No |
| 4/23/2019 | 193697094 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 2 | $126.04 | 486 | $30.21 | No |
| 4/23/2019 | 193697094 | 274046 | CHERRY MARASCH W/STEM 4-1GAL GCHC | GROCERY | Shelf Stable Fruits | 41.4 | 1 | $67.72 | 486 | $16.23 | No |
| 4/23/2019 | 193697094 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $44.52 | 486 | $10.67 | No |
| 4/23/2019 | 193697094 | 103853 | PINEAPPLE SLCD IN JCE 24-20Z GCHC | GROCERY | Shelf Stable Fruits | 29.97 | 1 | $36.99 | 486 | $8.87 | No |
| 4/23/2019 | 193704672 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 486 | $11.82 | No |
| 4/23/2019 | 193704672 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.58 | 486 | $5.89 | No |
| 4/23/2019 | 193704672 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 3 | $131.55 | 486 | $31.53 | No |
| 4/23/2019 | 193704655 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 2 | $104.56 | 486 | $25.06 | No |
| 4/23/2019 | 193704655 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 3 | $116.61 | 486 | $27.95 | No |
| 4/23/2019 | 193704655 | 100242 | TOMATO PUREE 1.045 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.34 | 1 | $22.82 | 486 | $5.47 | No |
| 4/23/2019 | 193704681 | 415952 | ORANGES NAVEL/VALENCIA FCY 5# P/L | PRODUCE | Fresh Citrus | 5 | 1 | $8.88 | 486 | $2.13 | No |
| 4/23/2019 | 193704681 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $32.85 | 486 | $7.87 | No |
| 4/24/2019 | 193725419 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.14 | 485 | $6.25 | No |
| 4/24/2019 | 193724352 | 184667 | PICKLE KOSH WHL 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $27.11 | 485 | $6.48 | No |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 4/26/2019 | 193785236 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 483 | $15.01 | No |
| 4/26/2019 | 193785236 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.38 | 483 | $5.81 | No |
| 4/26/2019 | 193785236 | 156892 | OLIVE STFD QN 4-1GAL GCHC | GROCERY | Olives | 41.36 | 1 | $87.41 | 483 | $20.82 | No |
| 4/26/2019 | 193785236 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.23 | 483 | $6.01 | No |
| 4/26/2019 | 193785236 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.40 | 483 | $4.86 | No |
| 4/26/2019 | 193785233 | 163760 | CORN & BLK BEAN FLME RSTD 6-2.5# | FROZEN | Frozen Vegetables | 15 | 1 | $29.54 | 483 | $7.04 | No |
| 4/26/2019 | 193785233 | 316334 | HASHBROWN SHRD IQF 6-3# GCHC | FROZEN | Frozen Potato Products | 18 | 1 | $22.72 | 483 | $5.41 | No |
| 4/26/2019 | 193785233 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.38 | 483 | $5.33 | No |
| 4/26/2019 | 193785233 | 285660 | PEAS GREEN IQF 30# GCHC | FROZEN | Frozen Vegetables | 30 | 1 | $25.20 | 483 | $6.00 | No |
| 4/26/2019 | 193785233 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 483 | $10.44 | No |
| 4/26/2019 | 193785239 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 1 | $38.87 | 483 | $9.26 | No |
| 4/26/2019 | 193785234 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $35.45 | 483 | $8.44 | No |
| 4/26/2019 | 193785234 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $32.85 | 483 | $7.82 | No |
| 4/27/2019 | 827270586 | 117897 | ORANGES MAND WHL L/S 6-10 GFS | GROCERY | Shelf Stable Fruits | 40 | 0 | $32.97 | 482 | $7.84 | No |
| 4/29/2019 | 193839933 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 480 | $14.92 | No |
| 4/29/2019 | 193839933 | 152240 | APTZR CHS CUBE HOT PEPR BRD 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $72.49 | 480 | $17.16 | No |
| 4/29/2019 | 193839933 | 103853 | PINEAPPLE SLCD IN JCE 24-20Z GCHC | GROCERY | Shelf Stable Fruits | 29.97 | 1 | $36.99 | 480 | $8.76 | No |
| 4/30/2019 | 193861053 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 479 | $14.89 | No |
| 4/30/2019 | 193861053 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.48 | 479 | $4.60 | No |
| 4/30/2019 | 193861053 | 132594 | PEPPERS JALAP SLCD 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 38.21 | 1 | $27.36 | 479 | $6.46 | No |
| 4/30/2019 | 193867776 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 3 | $73.98 | 479 | $17.48 | No |
| 4/30/2019 | 193867776 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.25 | 479 | $8.09 | No |
| 4/30/2019 | 193867776 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.58 | 479 | $6.04 | No |
| 4/30/2019 | 193867776 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 3 | $131.55 | 479 | $31.07 | No |
| 5/1/2019 | 193899922 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 478 | $12.32 | No |
| 5/1/2019 | 193899922 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 2 | $77.74 | 478 | $18.33 | No |
| 5/1/2019 | 193887990 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.14 | 478 | $6.16 | No |
| 5/3/2019 | 193950744 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 476 | $14.79 | No |
| 5/3/2019 | 193950744 | 274046 | CHERRY MARASCH W/STEM 4-1GAL GCHC | GROCERY | Shelf Stable Fruits | 41.4 | 1 | $67.72 | 476 | $15.90 | No |
| 5/3/2019 | 193950744 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.48 | 476 | $4.57 | No |
| 5/3/2019 | 193950744 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.46 | 476 | $11.84 | No |
| 5/3/2019 | 193950141 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $64.27 | 476 | $15.09 | No |
| 5/3/2019 | 193950141 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.86 | 476 | $4.66 | No |
| 5/3/2019 | 193950141 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.73 | 476 | $6.04 | No |
| 5/3/2019 | 193950745 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $26.72 | 476 | $6.27 | No |
| 5/3/2019 | 193950745 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 476 | $5.79 | No |
| 5/3/2019 | 193950745 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $28.67 | 476 | $6.73 | No |
| 5/3/2019 | 193950745 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.58 | 476 | $5.77 | No |
| 5/3/2019 | 193950745 | 316334 | HASHBROWN SHRD IQF 6-3# GCHC | FROZEN | Frozen Potato Products | 18 | 2 | $45.44 | 476 | $10.67 | No |
| 5/3/2019 | 193950745 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.38 | 476 | $5.25 | No |
| 5/3/2019 | 193950745 | 485543 | PICKLE GHERKIN SWT 6-.5GAL GCHC | GROCERY | Pickles & Peppers | 28.14 | 1 | $51.94 | 476 | $12.19 | No |
| 5/3/2019 | 193950745 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 476 | $10.29 | No |
| 5/3/2019 | 193950743 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $68.61 | 476 | $16.11 | No |
| 5/3/2019 | 193950743 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $27.42 | 476 | $6.44 | No |
| 5/3/2019 | 193950743 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 2 | $104.56 | 476 | $24.54 | No |
| 5/3/2019 | 193950743 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 6 | $233.22 | 476 | $54.75 | No |
| 5/3/2019 | 193950743 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 2 | $71.96 | 476 | $16.89 | No |
| 5/3/2019 | 193950749 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $32.85 | 476 | $7.71 | No |
| 5/4/2019 | 827270927 | 429201 | ONION RED DCD 1/4" 2-5# RSS | PRODUCE | Value-Add Onions | 10 | 1 | $20.34 | 475 | $4.76 | No |
| 5/4/2019 | 827270927 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $32.85 | 475 | $7.70 | No |
| 5/6/2019 | 194004911 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 473 | $14.70 | No |
| 5/6/2019 | 194004911 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.23 | 473 | $5.89 | No |
| 5/6/2019 | 193998759 | 109071 | AVOCADO PULP CHNKY 4-3# CALA | FROZEN | Frozen Fruits | 12 | 1 | $62.46 | 473 | $14.57 | No |
| 5/7/2019 | 194026996 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $64.52 | 472 | $15.02 | No |
| 5/7/2019 | 194033869 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 472 | $11.48 | No |
| 5/7/2019 | 194033869 | 262706 | PEAR SLCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 44.1 | 1 | $39.79 | 472 | $9.26 | No |
| 5/7/2019 | 194033869 | 118575 | POTATO AUGRATIN CLASSIC R/SOD 6-2.25# | GROCERY | Shelf Stable Potato Products | 13.5 | 2 | $105.50 | 472 | $24.56 | No |

| Date | Invoice | Item | Description | Category | Subcategory | Col1 | Qty | Price | Num | Total | Flag |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/7/2019 | 194033869 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 3 | $131.55 | 472 | $30.62 | No |
| 5/7/2019 | 194033852 | 499943 | PEPPERS JALAP SLCD 6- 5GAL GRSZ | GROCERY | Mexican Foods | 22.5 | 1 | $30.98 | 472 | $7.21 | No |
| 5/8/2019 | 194055069 | 184667 | PICKLE KOSH WHL 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $27.11 | 471 | $6.30 | No |
| 5/10/2019 | 194125442 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 469 | $14.58 | No |
| 5/10/2019 | 194125442 | 132594 | PEPPERS JALAP SLCD 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 38.21 | 1 | $27.36 | 469 | $6.33 | No |
| 5/10/2019 | 194125442 | 103853 | PINEAPPLE SLCD IN JCE 24-20Z GCHC | GROCERY | Shelf Stable Fruits | 29.97 | 1 | $37.13 | 469 | $8.59 | No |
| 5/10/2019 | 194125442 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.40 | 469 | $4.72 | No |
| 5/10/2019 | 194123482 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 469 | $14.58 | No |
| 5/10/2019 | 194123482 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.23 | 469 | $5.84 | No |
| 5/10/2019 | 194125440 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $26.72 | 469 | $6.18 | No |
| 5/10/2019 | 194125440 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 469 | $5.70 | No |
| 5/10/2019 | 194125440 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 469 | $4.48 | No |
| 5/10/2019 | 194125440 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $28.67 | 469 | $6.63 | No |
| 5/10/2019 | 194125440 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.25 | 469 | $7.92 | No |
| 5/10/2019 | 194125440 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $30.74 | 469 | $7.11 | No |
| 5/10/2019 | 194125440 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.58 | 469 | $5.92 | No |
| 5/10/2019 | 194125440 | 118567 | POTATO SCALLOPED CLSC R/SOD 6-2.25# | GROCERY | Shelf Stable Potato Products | 13.5 | 1 | $52.75 | 469 | $12.20 | No |
| 5/10/2019 | 194125440 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 469 | $20.28 | No |
| 5/10/2019 | 194125440 | 282057 | TOMATO STEWED SLCD 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43 | 1 | $21.13 | 469 | $4.89 | No |
| 5/10/2019 | 194125438 | 860514 | APTZR PICKLE SPICY BATRD 6-2.5# BRWCT | FROZEN | Frozen Coated Vegetables | 15 | 1 | $44.96 | 469 | $10.40 | No |
| 5/10/2019 | 194125438 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 3 | $116.61 | 469 | $26.97 | No |
| 5/10/2019 | 194125438 | 100242 | TOMATO PUREE 1.045 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43.4 | 1 | $22.82 | 469 | $5.28 | No |
| 5/10/2019 | 194125443 | 325473 | ARTICHOKE HRT QTRD SAL 6-88.25Z GCHC | GROCERY | Shelf Stable Vegetables | 33 | 1 | $65.66 | 469 | $15.19 | No |
| 5/10/2019 | 194125443 | 275263 | OLIVE GRN SLCD GRN 4-1GAL GCHC | GROCERY | Olives | 41 | 1 | $47.22 | 469 | $10.92 | No |
| 5/10/2019 | 194125443 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $35.45 | 469 | $8.20 | No |
| 5/10/2019 | 194125443 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $33.02 | 469 | $7.64 | No |
| 5/11/2019 | 827271331 | 107484 | CHERRY MARASCH W/STEM 6- 5GAL GCHC | GROCERY | Shelf Stable Fruits | 23.97 | 0 | $9.79 | 468 | $2.26 | No |
| 5/11/2019 | 827271331 | 518552 | Dry Produce Markdown | PRODUCE | Gordon Food Service Store: Produce | 1 | 2 | $1.25 | 468 | $0.29 | No |
| 5/11/2019 | 827271354 | 440809 | OLIVE RIPE PTTD MED 6-10 GCHC | GROCERY | Olives | 41.36 | 0 | $41.96 | 468 | $9.68 | No |
| 5/11/2019 | 827271354 | 156892 | OLIVE STFD QN 4-1GAL GCHC | GROCERY | Olives | 41.36 | 0 | $51.98 | 468 | $12.00 | No |
| 5/11/2019 | 827271378 | 189979 | PINEAPPLE TIDBITS IN JCE 6-10 GCHC | GROCERY | Shelf Stable Fruits | 40.13 | 0 | $12.98 | 468 | $3.00 | No |
| 5/11/2019 | 827271353 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 468 | $12.07 | No |
| 5/11/2019 | 827271353 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 1 | $38.87 | 468 | $8.97 | No |
| 5/13/2019 | 194181497 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 466 | $14.48 | No |
| 5/13/2019 | 194181497 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.38 | 466 | $5.60 | No |
| 5/13/2019 | 194181497 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.48 | 466 | $4.48 | No |
| 5/13/2019 | 194181497 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.46 | 466 | $11.60 | No |
| 5/13/2019 | 194181497 | 272078 | PINEAPPLE CRUSHED IN JCE 6-10 GCHC | GROCERY | Shelf Stable Fruits | 40.46 | 1 | $34.13 | 466 | $7.84 | No |
| 5/13/2019 | 194181497 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.40 | 466 | $4.69 | No |
| 5/14/2019 | 194208048 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 3 | $73.98 | 465 | $16.96 | No |
| 5/14/2019 | 194208048 | 132381 | BEAN KIDNEY DARK RED 6-10 | GROCERY | Controlled Usage Grocery Products | 41.25 | 1 | $22.58 | 465 | $5.18 | No |
| 5/14/2019 | 194208048 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.58 | 465 | $5.64 | No |
| 5/14/2019 | 194208048 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.25 | 465 | $7.85 | No |
| 5/14/2019 | 194208048 | 612120 | PINEAPPLE TIDBITS IN JCE 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $23.65 | 465 | $5.42 | No |
| 5/14/2019 | 194208048 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 465 | $10.06 | No |
| 5/14/2019 | 194208041 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $27.42 | 465 | $6.29 | No |
| 5/14/2019 | 194208041 | 207578 | APTZR MUSHRM BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 465 | $11.99 | No |
| 5/14/2019 | 194208041 | 860514 | APTZR PICKLE SPICY BATRD 6-2.5# BRWCT | FROZEN | Frozen Coated Vegetables | 15 | 1 | $44.96 | 465 | $10.31 | No |
| 5/14/2019 | 194208041 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 465 | $8.25 | No |
| 5/14/2019 | 194208030 | 325473 | ARTICHOKE HRT QTRD SAL 6-88.25Z GCHC | GROCERY | Shelf Stable Vegetables | 33 | 1 | $65.66 | 465 | $15.06 | No |
| 5/14/2019 | 194208030 | 324531 | OLIVE RIPE SLCD BLK SPAIN 6-10 GCHC | GROCERY | Olives | 41.38 | 1 | $40.90 | 465 | $9.38 | No |
| 5/14/2019 | 194208030 | 793469 | PEPPERS RED RSTD 117CT 6-10 GCHC | GROCERY | White Tablecloth Foods | 39 | 1 | $49.28 | 465 | $11.30 | No |
| 5/15/2019 | 837321044 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 464 | $14.42 | No |
| 5/15/2019 | 837321044 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.40 | 464 | $4.67 | No |
| 5/15/2019 | 194231523 | 499943 | PEPPERS JALAP SLCD 6-.5GAL GRSZ | GROCERY | Mexican Foods | 22.5 | 1 | $30.98 | 464 | $7.09 | No |
| 5/15/2019 | 194231523 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.14 | 464 | $6.14 | No |
| 5/15/2019 | 194230729 | 499943 | PEPPERS JALAP SLCD 6-.5GAL GRSZ | GROCERY | Mexican Foods | 22.5 | 1 | $30.98 | 464 | $7.09 | No |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 5/17/2019 | 194291892 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 462 | $14.36 | No |
| 5/17/2019 | 194291892 | 261475 | BEAN PINTO 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 40.5 | 1 | $23.94 | 462 | $5.45 | No |
| 5/17/2019 | 194291200 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 2 | $126.04 | 462 | $28.72 | No |
| 5/17/2019 | 194291200 | 261475 | BEAN PINTO 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 40.5 | 1 | $23.94 | 462 | $5.45 | No |
| 5/17/2019 | 194291200 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.23 | 462 | $5.75 | No |
| 5/17/2019 | 194291200 | 272078 | PINEAPPLE CRUSHED IN JCE 6-10 GCHC | GROCERY | Shelf Stable Fruits | 40.46 | 1 | $34.13 | 462 | $7.78 | No |
| 5/17/2019 | 194291890 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 2 | $40.80 | 462 | $9.30 | No |
| 5/17/2019 | 194291890 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 462 | $5.62 | No |
| 5/17/2019 | 194291890 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 462 | $4.41 | No |
| 5/17/2019 | 194291890 | 316334 | HASHBROWN SHRD IQF 6-3# GCHC | FROZEN | Frozen Potato Products | 18 | 1 | $22.72 | 462 | $5.18 | No |
| 5/17/2019 | 194291890 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.38 | 462 | $5.10 | No |
| 5/17/2019 | 194291890 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.58 | 462 | $5.83 | No |
| 5/17/2019 | 194291890 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 3 | $131.55 | 462 | $29.97 | No |
| 5/17/2019 | 194291893 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $68.61 | 462 | $15.63 | No |
| 5/17/2019 | 194291893 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 462 | $11.91 | No |
| 5/17/2019 | 194291893 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 6 | $233.22 | 462 | $53.14 | No |
| 5/17/2019 | 194291893 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 462 | $8.20 | No |
| 5/17/2019 | 194291883 | 415952 | ORANGES NAVEL/VALENCIA FCY 5# P/L | PRODUCE | Fresh Citrus | 5 | 1 | $9.41 | 462 | $2.14 | No |
| 5/18/2019 | 827271708 | 504122 | HASHBROWN CUBES SEAS CRISPY 6-6# LAMB | FROZEN | Frozen Potato Products | 36 | 1 | $48.47 | 461 | $11.02 | No |
| 5/18/2019 | 827271663 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 0 | $17.97 | 461 | $4.09 | No |
| 5/20/2019 | 194347746 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 459 | $14.26 | No |
| 5/20/2019 | 194347746 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.23 | 459 | $5.71 | No |
| 5/20/2019 | 194347746 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.40 | 459 | $4.62 | No |
| 5/20/2019 | 194339904 | 109071 | AVOCADO PULP CHNKY 4-3# CALA | FROZEN | Frozen Fruits | 12 | 1 | $63.28 | 459 | $14.32 | No |
| 5/21/2019 | 194365177 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.38 | 458 | $5.51 | No |
| 5/21/2019 | 194365177 | 504122 | HASHBROWN CUBES SEAS CRISPY 6-6# LAMB | FROZEN | Frozen Potato Products | 36 | 1 | $48.47 | 458 | $10.95 | No |
| 5/21/2019 | 194365177 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.48 | 458 | $4.40 | No |
| 5/21/2019 | 194365177 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.46 | 458 | $11.40 | No |
| 5/21/2019 | 194365177 | 103853 | PINEAPPLE SLCD IN JCE 24-20Z GCHC | GROCERY | Shelf Stable Fruits | 29.97 | 1 | $37.13 | 458 | $8.39 | No |
| 5/21/2019 | 194373821 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 458 | $5.57 | No |
| 5/21/2019 | 194373821 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 458 | $9.90 | No |
| 5/21/2019 | 194373787 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $27.42 | 458 | $6.19 | No |
| 5/21/2019 | 194373787 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 458 | $11.81 | No |
| 5/21/2019 | 194373787 | 768154 | GARLIC CRSHD FRESH 6-2# P/L | PRODUCE | Fresh Onions | 12 | 1 | $41.90 | 458 | $9.46 | No |
| 5/21/2019 | 827271781 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $33.02 | 458 | $7.46 | No |
| 5/22/2019 | 194394766 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.14 | 457 | $5.89 | No |
| 5/24/2019 | 194455945 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.46 | 455 | $11.32 | No |
| 5/24/2019 | 194455941 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $26.72 | 455 | $6.00 | No |
| 5/24/2019 | 194455941 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 455 | $5.53 | No |
| 5/24/2019 | 194455941 | 132381 | BEAN KIDNEY DARK RED 6-10 | GROCERY | Controlled Usage Grocery Products | 41.25 | 1 | $22.58 | 455 | $5.07 | No |
| 5/24/2019 | 194455941 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 455 | $4.34 | No |
| 5/24/2019 | 194455941 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $28.67 | 455 | $6.43 | No |
| 5/24/2019 | 194455941 | 316334 | HASHBROWN SHRD IQF 6-3# GCHC | FROZEN | Frozen Potato Products | 18 | 1 | $22.72 | 455 | $5.10 | No |
| 5/24/2019 | 194455941 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 2 | $44.76 | 455 | $10.04 | No |
| 5/24/2019 | 194455941 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 2 | $68.70 | 455 | $15.42 | No |
| 5/24/2019 | 194455941 | 262706 | PEAR SLCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 44.1 | 1 | $39.79 | 455 | $8.93 | No |
| 5/24/2019 | 194455941 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $30.74 | 455 | $6.90 | No |
| 5/24/2019 | 194455941 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 3 | $131.55 | 455 | $29.52 | No |
| 5/24/2019 | 194455941 | 282057 | TOMATO STEWED SLCD 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43 | 1 | $21.13 | 455 | $4.74 | No |
| 5/24/2019 | 194455943 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $68.61 | 455 | $15.39 | No |
| 5/24/2019 | 194455943 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 455 | $11.73 | No |
| 5/24/2019 | 194455943 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 3 | $116.61 | 455 | $26.17 | No |
| 5/24/2019 | 194455944 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 2 | $66.04 | 455 | $14.82 | No |
| 5/24/2019 | 811151055 | 244650 | PEACH SLCD IQF 4-5# GFS | FROZEN | Frozen Fruits | 20 | 1 | $39.96 | 455 | $8.97 | No |
| 5/27/2019 | 194506349 | 942684 | 4-1LTR MOMIN GRANNY APPLE - M-FR049F | GROCERY | Grocery Non-Stock Products | 12.8 | 1 | $29.58 | 452 | $6.59 | No |
| 5/27/2019 | 194506351 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 452 | $14.05 | No |
| 5/27/2019 | 194506351 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.38 | 452 | $5.43 | No |

| Date | | | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/27/2019 | 194506351 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.48 | 452 | $4.34 | No |
| 5/27/2019 | 194506351 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.23 | 452 | $5.62 | No |
| 5/27/2019 | 194497173 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.17 | 452 | $4.27 | No |
| 5/28/2019 | 194522192 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 451 | $14.02 | No |
| 5/28/2019 | 194528742 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 451 | $10.97 | No |
| 5/28/2019 | 194528742 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.58 | 451 | $5.47 | No |
| 5/28/2019 | 194528742 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.58 | 451 | $5.69 | No |
| 5/28/2019 | 194528742 | 612120 | PINEAPPLE TIDBITS IN JCE 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $23.65 | 451 | $5.26 | No |
| 5/28/2019 | 194528742 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 451 | $9.75 | No |
| 5/28/2019 | 194528704 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $68.61 | 451 | $15.26 | No |
| 5/28/2019 | 194528704 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $27.42 | 451 | $6.10 | No |
| 5/28/2019 | 194528704 | 860514 | APTZR PICKLE SPICY BATRD 6-2.5# BRWCT | FROZEN | Frozen Coated Vegetables | 15 | 1 | $44.96 | 451 | $10.00 | No |
| 5/28/2019 | 194528704 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 451 | $8.00 | No |
| 5/28/2019 | 194528704 | 100242 | TOMATO PUREE 1.045 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43.4 | 1 | $22.82 | 451 | $5.08 | No |
| 5/28/2019 | 194528731 | 275263 | OLIVE GRN SLCD GRN 4-1GAL GCHC | GROCERY | Olives | 41 | 1 | $47.22 | 451 | $10.50 | No |
| 5/28/2019 | 194528731 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $33.02 | 451 | $7.34 | No |
| 5/29/2019 | 194546691 | 499943 | PEPPERS JALAP SLCD 6- 5GAL GRSZ | GROCERY | Mexican Foods | 22.5 | 1 | $30.98 | 450 | $6.88 | No |
| 5/29/2019 | 194545927 | 184667 | PICKLE KOSH WHL 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $27.11 | 450 | $6.02 | No |
| 5/31/2019 | 194602462 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 448 | $13.92 | No |
| 5/31/2019 | 194602462 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.48 | 448 | $4.30 | No |
| 5/31/2019 | 194602462 | 103853 | PINEAPPLE SLCD IN JCE 24-20Z GCHC | GROCERY | Shelf Stable Fruits | 29.97 | 1 | $37.13 | 448 | $8.20 | No |
| 5/31/2019 | 194602462 | 517186 | RELISH SWT PICKLE 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $35.33 | 448 | $7.81 | No |
| 5/31/2019 | 194602462 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.40 | 448 | $4.51 | No |
| 5/31/2019 | 194602464 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $26.72 | 448 | $5.90 | No |
| 5/31/2019 | 194602464 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 448 | $10.90 | No |
| 5/31/2019 | 194602464 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $28.67 | 448 | $6.33 | No |
| 5/31/2019 | 194602464 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.25 | 448 | $7.57 | No |
| 5/31/2019 | 194602464 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 448 | $19.38 | No |
| 5/31/2019 | 194602460 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 2 | $104.56 | 448 | $23.10 | No |
| 5/31/2019 | 194602460 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 3 | $116.61 | 448 | $25.76 | No |
| 5/31/2019 | 194602460 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $35.45 | 448 | $7.83 | No |
| 5/31/2019 | 194602460 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 448 | $7.95 | No |
| 5/31/2019 | 194602460 | 517186 | RELISH SWT PICKLE 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $36.96 | 448 | $8.17 | No |
| 5/31/2019 | 194602458 | 324531 | OLIVE RIPE SLCD BLK SPAIN 6-10 GCHC | GROCERY | Olives | 41.38 | 1 | $40.90 | 448 | $9.04 | No |
| 5/31/2019 | 194602458 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $35.45 | 448 | $7.83 | No |
| 6/1/2019 | 827272384 | 610802 | PEAS GREEN 6-4# GCHC | FROZEN | Frozen Vegetables | 24 | 1 | $26.73 | 447 | $5.89 | No |
| 6/3/2019 | 194657105 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 445 | $13.83 | No |
| 6/3/2019 | 194657105 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.38 | 445 | $5.35 | No |
| 6/3/2019 | 194657105 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.72 | 445 | $11.13 | No |
| 6/4/2019 | 194671875 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 2 | $126.04 | 444 | $27.60 | No |
| 6/4/2019 | 194671875 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.48 | 444 | $4.27 | No |
| 6/4/2019 | 194671875 | 132594 | PEPPERS JALAP SLCD 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 38.21 | 1 | $27.36 | 444 | $5.99 | No |
| 6/4/2019 | 194671875 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.72 | 444 | $11.11 | No |
| 6/4/2019 | 194670923 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 444 | $10.80 | No |
| 6/4/2019 | 194670923 | 285660 | PEAS GREEN IQF 30# GCHC | FROZEN | Frozen Vegetables | 30 | 1 | $30.35 | 444 | $6.65 | No |
| 6/4/2019 | 194670923 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 444 | $19.20 | No |
| 6/4/2019 | 194681636 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $33.02 | 444 | $7.23 | No |
| 6/4/2019 | 811151417 | 268348 | PEACH DCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 39.75 | 0 | $8.49 | 444 | $1.86 | No |
| 6/5/2019 | 194700939 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.14 | 443 | $5.71 | No |
| 6/5/2019 | 194700419 | 499943 | PEPPERS JALAP SLCD 6- 5GAL GRSZ | GROCERY | Mexican Foods | 22.5 | 1 | $30.98 | 443 | $6.77 | No |
| 6/6/2019 | 194728858 | 109071 | AVOCADO PULP CHNKY 4-3# CALA | FROZEN | Frozen Fruits | 12 | 1 | $63.28 | 442 | $13.79 | No |
| 6/7/2019 | 194758441 | 261475 | BEAN PINTO 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 40.5 | 1 | $22.84 | 441 | $4.97 | No |
| 6/7/2019 | 194758441 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.72 | 441 | $11.03 | No |
| 6/7/2019 | 194758441 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.73 | 441 | $4.51 | No |
| 6/7/2019 | 194757972 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 2 | $126.04 | 441 | $27.41 | No |
| 6/7/2019 | 194757972 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.36 | 441 | $5.52 | No |
| 6/7/2019 | 194757972 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.73 | 441 | $4.51 | No |

| Date | Invoice | Item | Description | Type | Category | Weight | Qty | Amount | Code | Unit | Flag |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/7/2019 | 194758434 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 441 | $5.36 | No |
| 6/7/2019 | 194758434 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 441 | $4.21 | No |
| 6/7/2019 | 194758434 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $28.67 | 441 | $6.24 | No |
| 6/7/2019 | 194758434 | 316334 | HASHBROWN SHRD IQF 6-3# GCHC | FROZEN | Frozen Potato Products | 18 | 2 | $45.48 | 441 | $9.89 | No |
| 6/7/2019 | 194758434 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.38 | 441 | $4.87 | No |
| 6/7/2019 | 194758434 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 1 | $34.35 | 441 | $7.47 | No |
| 6/7/2019 | 194758434 | 262706 | PEAR SLCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 44.1 | 1 | $39.79 | 441 | $8.65 | No |
| 6/7/2019 | 194758434 | 485543 | PICKLE GHERKIN SWT 6-.5GAL GCHC | GROCERY | Pickles & Peppers | 28.14 | 1 | $51.94 | 441 | $11.30 | No |
| 6/7/2019 | 194758434 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $87.70 | 441 | $19.07 | No |
| 6/7/2019 | 194758434 | 444588 | TOMATO CRSHD 6-10 ANGM | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $25.73 | 441 | $5.60 | No |
| 6/7/2019 | 194758434 | 282057 | TOMATO STEWED SLCD 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43 | 1 | $21.13 | 441 | $4.60 | No |
| 6/7/2019 | 194758436 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 2 | $137.22 | 441 | $29.84 | No |
| 6/7/2019 | 194758436 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 441 | $11.37 | No |
| 6/7/2019 | 194758436 | 860514 | APTZR PICKLE SPICY BATRD 6-2.5# BRWCT | FROZEN | Frozen Coated Vegetables | 15 | 1 | $44.96 | 441 | $9.78 | No |
| 6/7/2019 | 194758436 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 6 | $233.22 | 441 | $50.72 | No |
| 6/7/2019 | 194758438 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 441 | $7.82 | No |
| 6/10/2019 | 194817002 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $33.02 | 441 | $7.18 | No |
| 6/10/2019 | 194817002 | 132594 | PEPPERS JALAP SLCD 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 38.21 | 1 | $27.36 | 438 | $5.91 | No |
| 6/10/2019 | 194817002 | 272078 | PINEAPPLE CRUSHED IN JCE 6-10 GCHC | GROCERY | Shelf Stable Fruits | 40.46 | 1 | $33.70 | 438 | $7.28 | No |
| 6/11/2019 | 194841140 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 437 | $10.63 | No |
| 6/11/2019 | 194841140 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.58 | 437 | $5.30 | No |
| 6/11/2019 | 194841140 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.58 | 437 | $5.51 | No |
| 6/11/2019 | 194841140 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 3 | $131.55 | 437 | $28.35 | No |
| 6/11/2019 | 194841105 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $27.42 | 437 | $5.91 | No |
| 6/11/2019 | 194841105 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 2 | $104.56 | 437 | $22.53 | No |
| 6/11/2019 | 194841105 | 860514 | APTZR PICKLE SPICY BATRD 6-2.5# BRWCT | FROZEN | Frozen Coated Vegetables | 15 | 1 | $44.96 | 437 | $9.69 | No |
| 6/11/2019 | 194841105 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 6 | $233.22 | 437 | $50.26 | No |
| 6/11/2019 | 194841126 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 437 | $7.75 | No |
| 6/11/2019 | 194841126 | 275263 | OLIVE GRN SLCD GRN 4-1GAL GCHC | GROCERY | Olives | 41 | 1 | $47.22 | 437 | $10.18 | No |
| 6/11/2019 | 194841126 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $33.24 | 437 | $7.16 | No |
| 6/11/2019 | 194841126 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $33.02 | 437 | $7.12 | No |
| 6/13/2019 | 194886321 | 109071 | AVOCADO PULP CHNKY 4-3# CALA | FROZEN | Frozen Fruits | 12 | 1 | $63.28 | 435 | $13.57 | No |
| 6/14/2019 | 194916143 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 2 | $126.04 | 434 | $26.98 | No |
| 6/14/2019 | 194916143 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.73 | 434 | $4.44 | No |
| 6/14/2019 | 194916143 | 100196 | TOMATO PASTE CALIF 26% 6-10 GCHC | GROCERY | Shelf Stable Tomato Products | 41.63 | 1 | $32.52 | 434 | $6.96 | No |
| 6/14/2019 | 194915648 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 434 | $13.49 | No |
| 6/14/2019 | 194915648 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.36 | 434 | $5.43 | No |
| 6/14/2019 | 194916140 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 2 | $53.44 | 434 | $11.44 | No |
| 6/14/2019 | 194916140 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 434 | $5.28 | No |
| 6/14/2019 | 194916140 | 132381 | BEAN KIDNEY DARK RED 6-10 | GROCERY | Controlled Usage Grocery Products | 41.25 | 1 | $22.58 | 434 | $4.83 | No |
| 6/14/2019 | 194916140 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $28.67 | 434 | $6.14 | No |
| 6/14/2019 | 194916140 | 316334 | HASHBROWN SHRD IQF 6-3# GCHC | FROZEN | Frozen Potato Products | 18 | 1 | $22.74 | 434 | $4.87 | No |
| 6/14/2019 | 194916140 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 434 | $18.77 | No |
| 6/14/2019 | 194916133 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $68.61 | 434 | $14.68 | No |
| 6/14/2019 | 194916133 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 434 | $11.19 | No |
| 6/14/2019 | 194916133 | 860514 | APTZR PICKLE SPICY BATRD 6-2.5# BRWCT | FROZEN | Frozen Coated Vegetables | 15 | 1 | $44.96 | 434 | $9.62 | No |
| 6/14/2019 | 194916133 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 3 | $116.61 | 434 | $24.96 | No |
| 6/15/2019 | 827273106 | 440809 | OLIVE RIPE PTTD MED 6-10 GCHC | GROCERY | Olives | 41.36 | 0 | $10.49 | 433 | $2.24 | No |
| 6/15/2019 | 827273106 | 156892 | OLIVE STFD QN 4-1GAL GCHC | GROCERY | Olives | 41.36 | 0 | $77.97 | 433 | $16.65 | No |
| 6/15/2019 | 811151790 | 107336 | PICKLE KOSH DILL SLCD C/C 4-1GAL GCHC | GROCERY | Pickles & Peppers | 32.94 | 1 | $8.79 | 433 | $1.88 | No |
| 6/17/2019 | 194959312 | 109071 | AVOCADO PULP CHNKY 4-3# CALA | FROZEN | Frozen Fruits | 12 | 1 | $63.28 | 431 | $13.45 | No |
| 6/18/2019 | 194991899 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 3 | $73.98 | 430 | $15.69 | No |
| 6/18/2019 | 194991899 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 430 | $4.11 | No |
| 6/18/2019 | 194991899 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.25 | 430 | $7.26 | No |
| 6/18/2019 | 194991899 | 285660 | PEAS GREEN IQF 30# GCHC | FROZEN | Frozen Vegetables | 30 | 1 | $26.35 | 430 | $5.59 | No |
| 6/18/2019 | 194991899 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.58 | 430 | $5.42 | No |
| 6/18/2019 | 194991899 | 612120 | PINEAPPLE TIDBITS IN JCE 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $23.65 | 430 | $5.02 | No |

| Date | | | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/18/2019 | 194991899 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 430 | $18.60 | No |
| 6/18/2019 | 194991901 | 325473 | ARTICHOKE HRT QTRD SAL 6-88.25Z GCHC | GROCERY | Shelf Stable Vegetables | 33 | 1 | $65.66 | 430 | $13.92 | No |
| 6/18/2019 | 194991901 | 415952 | ORANGES NAVEL/VALENCIA FCY 5# P/L | PRODUCE | Fresh Citrus | 5 | 1 | $9.75 | 430 | $2.07 | No |
| 6/18/2019 | 194991901 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $33.02 | 430 | $7.00 | No |
| 6/19/2019 | 195012970 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.14 | 429 | $5.53 | No |
| 6/19/2019 | 195012533 | 184667 | PICKLE KOSH WHL 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $27.11 | 429 | $5.74 | No |
| 6/21/2019 | 195067008 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 2 | $126.04 | 427 | $26.54 | No |
| 6/21/2019 | 195067008 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.36 | 427 | $5.34 | No |
| 6/21/2019 | 195067008 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.73 | 427 | $4.37 | No |
| 6/21/2019 | 195066584 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 427 | $13.27 | No |
| 6/21/2019 | 195066584 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.36 | 427 | $5.34 | No |
| 6/21/2019 | 195066584 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.73 | 427 | $4.37 | No |
| 6/21/2019 | 195066584 | 234494 | TOMATO DCD SUNDRD CHEF RDY 5-1# P/L | GROCERY | Dehydrated Fruits & Vegetables | 5 | 1 | $41.35 | 427 | $8.71 | No |
| 6/21/2019 | 195067012 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $26.72 | 427 | $5.63 | No |
| 6/21/2019 | 195067012 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $28.67 | 427 | $6.04 | No |
| 6/21/2019 | 195067012 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.58 | 427 | $5.18 | No |
| 6/21/2019 | 195067012 | 316334 | HASHBROWN SHRD IQF 6-3# GCHC | FROZEN | Frozen Potato Products | 18 | 1 | $22.74 | 427 | $4.79 | No |
| 6/21/2019 | 195067012 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.38 | 427 | $4.71 | No |
| 6/21/2019 | 195067012 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 1 | $34.35 | 427 | $7.23 | No |
| 6/21/2019 | 195067012 | 262706 | PEAR SLCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 44.1 | 1 | $39.79 | 427 | $8.38 | No |
| 6/21/2019 | 195067012 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $30.74 | 427 | $6.47 | No |
| 6/21/2019 | 195067012 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 427 | $18.47 | No |
| 6/21/2019 | 195067012 | 444588 | TOMATO CRSHD 6-10 ANGM | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $25.73 | 427 | $5.42 | No |
| 6/21/2019 | 195067012 | 282057 | TOMATO STEWED SLCD 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43 | 1 | $21.13 | 427 | $4.45 | No |
| 6/21/2019 | 195067010 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 427 | $11.01 | No |
| 6/21/2019 | 195067010 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 1 | $38.87 | 427 | $8.19 | No |
| 6/21/2019 | 195067010 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 427 | $7.58 | No |
| 6/21/2019 | 195067014 | 793469 | PEPPERS RED RSTD 117CT 6-10 GCHC | GROCERY | White Tablecloth Foods | 39 | 1 | $49.28 | 427 | $10.38 | No |
| 6/21/2019 | 195067014 | 612464 | PINEAPPLE TIDBITS IN WTR 6-10 GCHC | GROCERY | Shelf Stable Fruits | 40.5 | 1 | $39.50 | 427 | $8.32 | No |
| 6/21/2019 | 195067014 | 234494 | TOMATO DCD SUNDRD CHEF RDY 5-1# P/L | GROCERY | Dehydrated Fruits & Vegetables | 5 | 1 | $44.10 | 427 | $9.29 | No |
| 6/21/2019 | 195067014 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $33.02 | 427 | $6.95 | No |
| 6/24/2019 | 195119524 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 424 | $13.18 | No |
| 6/24/2019 | 195119524 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.38 | 424 | $5.10 | No |
| 6/24/2019 | 195119524 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.48 | 424 | $4.07 | No |
| 6/24/2019 | 195119524 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.72 | 424 | $10.61 | No |
| 6/24/2019 | 195119524 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.73 | 424 | $4.33 | No |
| 6/25/2019 | 195142865 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 3 | $73.98 | 423 | $15.43 | No |
| 6/25/2019 | 195142865 | 132381 | BEAN KIDNEY DARK RED 6-10 | GROCERY | Controlled Usage Grocery Products | 41.25 | 1 | $22.58 | 423 | $4.71 | No |
| 6/25/2019 | 195142865 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.36 | 423 | $4.04 | No |
| 6/25/2019 | 195142865 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 423 | $18.29 | No |
| 6/25/2019 | 195142854 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $68.61 | 423 | $14.31 | No |
| 6/25/2019 | 195142854 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 1 | $38.87 | 423 | $8.11 | No |
| 6/25/2019 | 195142860 | 324531 | OLIVE RIPE SLCD BLK SPAIN 6-10 GCHC | GROCERY | Olives | 41.38 | 1 | $40.90 | 423 | $8.53 | No |
| 6/25/2019 | 195142860 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $33.02 | 423 | $6.89 | No |
| 6/26/2019 | 837323495 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.36 | 422 | $5.28 | No |
| 6/26/2019 | 195164403 | 499943 | PEPPERS JALAP SLCD 6- 5GAL GRSZ | GROCERY | Mexican Foods | 22.5 | 1 | $30.98 | 422 | $6.45 | No |
| 6/26/2019 | 195164403 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.14 | 422 | $5.44 | No |
| 6/26/2019 | 195163882 | 499943 | PEPPERS JALAP SLCD 6- 5GAL GRSZ | GROCERY | Mexican Foods | 22.5 | 1 | $30.98 | 422 | $6.45 | No |
| 6/28/2019 | 195216999 | 261475 | BEAN PINTO 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 40.5 | 1 | $22.84 | 420 | $4.73 | No |
| 6/28/2019 | 195216614 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.38 | 420 | $5.05 | No |
| 6/28/2019 | 195216614 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.46 | 420 | $10.45 | No |
| 6/28/2019 | 195216614 | 272078 | PINEAPPLE CRUSHED IN JCE 6-10 GCHC | GROCERY | Shelf Stable Fruits | 40.46 | 1 | $33.70 | 420 | $6.98 | No |
| 6/28/2019 | 195216614 | 517186 | RELISH SWT PICKLE 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $34.94 | 420 | $7.24 | No |
| 6/28/2019 | 195217002 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $26.72 | 420 | $5.54 | No |
| 6/28/2019 | 195217002 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 420 | $5.11 | No |
| 6/28/2019 | 195217002 | 316334 | HASHBROWN SHRD IQF 6-3# GCHC | FROZEN | Frozen Potato Products | 18 | 1 | $22.74 | 420 | $4.71 | No |
| 6/28/2019 | 195217002 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.38 | 420 | $4.64 | No |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 6/28/2019 | 195217002 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.25 | 420 | $7.09 | No |
| 6/28/2019 | 195217002 | 285660 | PEAS GREEN IQF 30# GCHC | FROZEN | Frozen Vegetables | 30 | 1 | $26.35 | 420 | $5.46 | No |
| 6/28/2019 | 195217002 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.58 | 420 | $5.30 | No |
| 6/28/2019 | 195217002 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $43.85 | 420 | $9.08 | No |
| 6/28/2019 | 195217002 | 282057 | TOMATO STEWED SLCD 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43 | 1 | $21.13 | 420 | $4.38 | No |
| 6/28/2019 | 195216993 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $27.42 | 420 | $5.68 | No |
| 6/28/2019 | 195216993 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 2 | $104.56 | 420 | $21.66 | No |
| 6/28/2019 | 195216993 | 275263 | OLIVE GRN SLCD GRN 4-1GAL GCHC | GROCERY | Olives | 41 | 1 | $47.22 | 420 | $9.78 | No |
| 6/28/2019 | 195216993 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 6 | $233.22 | 420 | $48.31 | No |
| 6/28/2019 | 195216993 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 420 | $7.45 | No |
| 6/28/2019 | 195217000 | 275263 | OLIVE GRN SLCD GRN 4-1GAL GCHC | GROCERY | Olives | 41 | 1 | $47.22 | 420 | $9.78 | No |
| 6/28/2019 | 195217000 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $33.24 | 420 | $6.88 | No |
| 7/1/2019 | 195269321 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 417 | $12.96 | No |
| 7/1/2019 | 195269321 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.46 | 417 | $10.38 | No |
| 7/2/2019 | 195294559 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 416 | $10.12 | No |
| 7/2/2019 | 195294559 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 416 | $17.99 | No |
| 7/2/2019 | 195294385 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 416 | $10.73 | No |
| 7/2/2019 | 195294385 | 860514 | APTZR PICKLE SPICY BATRD 6-2.5# BRWCT | FROZEN | Frozen Coated Vegetables | 15 | 1 | $44.96 | 416 | $9.22 | No |
| 7/2/2019 | 195294385 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 1 | $38.87 | 416 | $7.97 | No |
| 7/2/2019 | 195294385 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 416 | $7.38 | No |
| 7/2/2019 | 195294548 | 415952 | ORANGES NAVEL/VALENCIA FCY 5# P/L | PRODUCE | Fresh Citrus | 5 | 1 | $9.57 | 416 | $1.96 | No |
| 7/2/2019 | 195294548 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $33.02 | 416 | $6.77 | No |
| 7/3/2019 | 837323922 | 103853 | PINEAPPLE SLCD IN JCE 24-20Z GCHC | GROCERY | Shelf Stable Fruits | 29.97 | 1 | $36.99 | 415 | $7.57 | No |
| 7/3/2019 | 195315105 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.14 | 415 | $5.35 | No |
| 7/4/2019 | 195339379 | 109071 | AVOCADO PULP CHNKY 4-3# CALA | FROZEN | Frozen Fruits | 12 | 1 | $63.28 | 414 | $12.92 | No |
| 7/4/2019 | 195339379 | 793477 | OLIVE KALAMT PTTD JMBO 2KG P/L | GROCERY | Olives | 7.5 | 1 | $25.23 | 414 | $5.15 | No |
| 7/5/2019 | 195362896 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $64.14 | 413 | $13.06 | No |
| 7/5/2019 | 195362896 | 103853 | PINEAPPLE SLCD IN JCE 24-20Z GCHC | GROCERY | Shelf Stable Fruits | 29.97 | 1 | $37.64 | 413 | $7.67 | No |
| 7/5/2019 | 195362896 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $21.10 | 413 | $4.30 | No |
| 7/5/2019 | 195362502 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 2 | $126.04 | 413 | $25.67 | No |
| 7/5/2019 | 195362502 | 274046 | CHERRY MARASCH W/STEM 4-1GAL GCHC | GROCERY | Shelf Stable Fruits | 41.4 | 1 | $69.86 | 413 | $14.23 | No |
| 7/5/2019 | 195362502 | 156892 | OLIVE STFD QN 4-1GAL GCHC | GROCERY | Olives | 41.36 | 1 | $86.79 | 413 | $17.68 | No |
| 7/5/2019 | 195362502 | 132594 | PEPPERS JALAP SLCD 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 38.21 | 1 | $27.36 | 413 | $5.57 | No |
| 7/5/2019 | 195362502 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.72 | 413 | $10.33 | No |
| 7/5/2019 | 195362502 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.73 | 413 | $4.22 | No |
| 7/5/2019 | 195362895 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $24.66 | 413 | $5.02 | No |
| 7/5/2019 | 195362895 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $28.67 | 413 | $5.84 | No |
| 7/5/2019 | 195362895 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.58 | 413 | $5.01 | No |
| 7/5/2019 | 195362895 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.93 | 413 | $4.67 | No |
| 7/5/2019 | 195362895 | 324531 | OLIVE RIPE SLCD BLK SPAIN 6-10 GCHC | GROCERY | Olives | 41.38 | 1 | $38.18 | 413 | $7.78 | No |
| 7/5/2019 | 195362895 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 1 | $34.35 | 413 | $7.00 | No |
| 7/5/2019 | 195362895 | 262706 | PEAR SLCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 44.1 | 0 | $0.00 | 413 | $0.00 | No |
| 7/5/2019 | 195362895 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.58 | 413 | $5.21 | No |
| 7/5/2019 | 195362895 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 3 | $131.55 | 413 | $26.79 | No |
| 7/5/2019 | 195362890 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 413 | $10.65 | No |
| 7/5/2019 | 195362890 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 3 | $116.61 | 413 | $23.75 | No |
| 7/5/2019 | 195362890 | 100242 | TOMATO PUREE 1.045 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43.4 | 2 | $45.64 | 413 | $9.30 | No |
| 7/5/2019 | 195362891 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 2 | $66.04 | 413 | $13.45 | No |
| 7/8/2019 | 195408855 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.38 | 410 | $4.93 | No |
| 7/8/2019 | 195408855 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.48 | 410 | $3.94 | No |
| 7/8/2019 | 195408855 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.36 | 410 | $5.13 | No |
| 7/9/2019 | 195431493 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 409 | $9.95 | No |
| 7/9/2019 | 195431493 | 132381 | BEAN KIDNEY DARK RED 6-10 | GROCERY | Controlled Usage Grocery Products | 41.25 | 1 | $23.03 | 409 | $4.65 | No |
| 7/9/2019 | 195431493 | 262706 | PEAR SLCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 44.1 | 0 | $0.00 | 409 | $0.00 | No |
| 7/9/2019 | 195431493 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $87.70 | 409 | $17.69 | No |
| 7/9/2019 | 195431366 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 409 | $10.54 | No |
| 7/9/2019 | 195431366 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 2 | $77.74 | 409 | $15.68 | No |

| Date | Invoice | Item | Category | Sub-Category | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 7/9/2019 | 195431492 | 466240 | PEPPERS JALAP SLCD 128CT 4-1GAL GRSZ | GROCERY | Mexican Foods | 33.3 | 1 | $39.39 | 409 | $7.94 | No |
| 7/10/2019 | 195460006 | 499943 | PEPPERS JALAP SLCD 6- 5GAL GRSZ | GROCERY | Mexican Foods | 22.5 | 1 | $31.03 | 408 | $6.24 | No |
| 7/12/2019 | 195534964 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 406 | $12.62 | No |
| 7/12/2019 | 195534964 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.72 | 406 | $10.16 | No |
| 7/12/2019 | 195534964 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.73 | 406 | $4.15 | No |
| 7/12/2019 | 195520636 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.02 | 406 | $12.62 | No |
| 7/12/2019 | 195520636 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.88 | 406 | $3.98 | No |
| 7/12/2019 | 195520636 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.36 | 406 | $5.08 | No |
| 7/12/2019 | 195534958 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 2 | $53.44 | 406 | $10.70 | No |
| 7/12/2019 | 195534958 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $49.32 | 406 | $9.87 | No |
| 7/12/2019 | 195534958 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $28.67 | 406 | $5.74 | No |
| 7/12/2019 | 195534958 | 316334 | HASHBROWN SHRD IQF 6-3# GCHC | FROZEN | Frozen Potato Products | 18 | 2 | $45.48 | 406 | $9.11 | No |
| 7/12/2019 | 195534958 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $22.93 | 406 | $4.59 | No |
| 7/12/2019 | 195534958 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.25 | 406 | $6.86 | No |
| 7/12/2019 | 195534958 | 262706 | PEAR SLCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 44.1 | 0 | $0.00 | 406 | $0.00 | No |
| 7/12/2019 | 195534958 | 485543 | PICKLE GHERKIN SWT 6- 5GAL GCHC | GROCERY | Pickles & Peppers | 28.14 | 1 | $51.94 | 406 | $10.40 | No |
| 7/12/2019 | 195534958 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $87.70 | 406 | $17.56 | No |
| 7/12/2019 | 195534958 | 444588 | TOMATO CRSHD 6-10 ANGM | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $25.73 | 406 | $5.15 | No |
| 7/12/2019 | 195534958 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.93 | 406 | $4.19 | No |
| 7/12/2019 | 195534958 | 282057 | TOMATO STEWED SLCD 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43 | 1 | $21.13 | 406 | $4.23 | No |
| 7/12/2019 | 195534961 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 2 | $137.22 | 406 | $27.47 | No |
| 7/12/2019 | 195534961 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $27.42 | 406 | $5.49 | No |
| 7/12/2019 | 195534961 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $52.28 | 406 | $10.47 | No |
| 7/12/2019 | 195534961 | 860514 | APTZR PICKLE SPICY BATRD 6-2.5# BRWCT | FROZEN | Frozen Coated Vegetables | 15 | 1 | $44.96 | 406 | $9.00 | No |
| 7/12/2019 | 195534961 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 5 | $194.35 | 406 | $38.91 | No |
| 7/12/2019 | 195534961 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $35.98 | 406 | $7.20 | No |
| 7/12/2019 | 195534956 | 325473 | ARTICHOKE HRT QTRD SAL 6-88.25Z GCHC | GROCERY | Shelf Stable Vegetables | 33 | 1 | $65.66 | 406 | $13.15 | No |
| 7/12/2019 | 195534956 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $33.02 | 406 | $6.61 | No |
| 7/13/2019 | 827274426 | 522368 | PICKLE SPEAR 160CT 2GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 19.1 | 1 | $16.52 | 405 | $3.30 | No |
| 8/10/2019 | 912245505 | 143641 | ONION RING BEER BATRD THK 6-2.5# GCHC | FROZEN | Frozen Coated Vegetables | 15 | 0 | $23.37 | 377 | $4.34 | No |
| 11/25/2019 | 835182180 | 417180 | MUSHROOM FCY 6-24Z MRKN | PRODUCE | Fresh Mushrooms | 9 | 0 | $4.99 | 270 | $0.66 | No |
| 12/30/2019 | 195544036 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.23 | 235 | $2.92 | No |
| 12/31/2019 | 199569817 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 1 | $25.54 | 234 | $2.95 | No |
| 12/31/2019 | 199569817 | 132381 | BEAN KIDNEY DARK RED 6-10 | GROCERY | Controlled Usage Grocery Products | 41.25 | 1 | $23.11 | 234 | $2.67 | No |
| 12/31/2019 | 199569817 | 790310 | BEANS NAVY 6-10 | GROCERY | Controlled Usage Grocery Products | 40.5 | 1 | $19.89 | 234 | $2.30 | No |
| 12/31/2019 | 199569817 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $30.49 | 234 | $3.52 | No |
| 12/31/2019 | 199569817 | 324531 | OLIVE RIPE SLCD BLK SPAIN 6-10 GCHC | GROCERY | Olives | 41.38 | 1 | $38.26 | 234 | $4.42 | No |
| 12/31/2019 | 199569817 | 201413 | ONION FRIED 6-24Z FRENC | GROCERY | Croutons & Salad Toppers | 9 | 1 | $26.81 | 234 | $3.09 | No |
| 12/31/2019 | 199569817 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.33 | 234 | $3.96 | No |
| 12/31/2019 | 199569817 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 1 | $34.43 | 234 | $3.97 | No |
| 12/31/2019 | 199569817 | 149195 | PICKLE DILL SLCD HAMB 4-1GAL GCHC | GROCERY | Pickles & Peppers | 33.26 | 1 | $25.27 | 234 | $2.92 | No |
| 12/31/2019 | 199569817 | 485543 | PICKLE GHERKIN SWT 6- 5GAL GCHC | GROCERY | Pickles & Peppers | 28.14 | 1 | $52.02 | 234 | $6.00 | No |
| 12/31/2019 | 199569817 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.66 | 234 | $2.96 | No |
| 12/31/2019 | 199569817 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $45.49 | 234 | $5.25 | No |
| 12/31/2019 | 199569817 | 444588 | TOMATO CRSHD 6-10 ANGM | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $26.56 | 234 | $3.06 | No |
| 12/31/2019 | 199569784 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $69.18 | 234 | $7.98 | No |
| 12/31/2019 | 199569811 | 466220 | PEPPERS BAN RING MILD 4-1GAL GCHC | GROCERY | Pickles & Peppers | 36.5 | 1 | $33.86 | 234 | $3.91 | No |
| 1/2/2020 | 199589794 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $26.14 | 232 | $2.99 | No |
| 1/2/2020 | 199590214 | 149414 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 44 | 1 | $27.20 | 232 | $3.11 | No |
| 1/3/2020 | 199618240 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.78 | 231 | $7.27 | No |
| 1/3/2020 | 199618240 | 878920 | ORANGES MAND IN JCE 36-4Z DOLE | GROCERY | Shelf Stable Fruits | 9 | 1 | $19.66 | 231 | $2.24 | No |
| 1/3/2020 | 199618233 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 3 | $76.62 | 231 | $8.73 | No |
| 1/3/2020 | 199618233 | 262706 | PEAR SLCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 44.1 | 1 | $44.82 | 231 | $5.11 | No |
| 1/3/2020 | 199618233 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 2 | $90.98 | 231 | $10.36 | No |
| 1/3/2020 | 199629605 | 152190 | APTZR CHED CHS & JALAP BRD 6-2.5#ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $69.18 | 231 | $7.88 | No |
| 1/4/2020 | 827282693 | 316334 | HASHBROWN SHRD IQF 6-3# GCHC | FROZEN | Frozen Potato Products | 18 | 1 | $23.59 | 230 | $2.68 | No |
| 1/6/2020 | 199675379 | 152260 | APTZR BROCC & CHS BRD 6-2.5# ANCH | FROZEN | Frozen Coated Vegetables | 15 | 1 | $63.78 | 228 | $7.17 | No |

| Date | Invoice | Item | Description | Dept | Category | Qty1 | Qty2 | Price | Num | Unit | Flag |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/6/2020 | 199675379 | 242667 | PICKLE KOSH DILL CHIP C/C 5GAL BRICKS | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 2 | $50.72 | 228 | $5.70 | No |
| 1/6/2020 | 199675379 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $20.35 | 228 | $2.29 | No |
| 1/7/2020 | 199702534 | 132381 | BEAN KIDNEY DARK RETD 6-10 | GROCERY | Controlled Usage Grocery Products | 41.25 | 1 | $23.11 | 227 | $2.59 | No |
| 1/7/2020 | 199702534 | 350882 | CRANBERRY DRIED SWTND 10# OCSPR | GROCERY | Dehydrated Fruits & Vegetables | 10 | 1 | $24.66 | 227 | $2.76 | No |
| 1/7/2020 | 199702534 | 201413 | ONION FREN FRIED 6-24Z FRENC | GROCERY | Croutons & Salad Toppers | 9 | 1 | $26.81 | 227 | $3.00 | No |
| 1/7/2020 | 199702534 | 118605 | POTATO SWT CUT 40-55CT L/S 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 40.5 | 5 | $193.40 | 227 | $21.65 | No |
| 1/7/2020 | 199702534 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 3 | $136.47 | 227 | $15.28 | No |
| 1/7/2020 | 199702534 | 282057 | TOMATO STEWED SLCD 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 43 | 1 | $21.48 | 227 | $2.40 | No |
| 1/7/2020 | 199702528 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $27.88 | 227 | $3.12 | No |
| 1/7/2020 | 199702528 | 207578 | APTZR MUSHRM BRD BAG 6-3# ANCH | FROZEN | Frozen Coated Vegetables | 18 | 1 | $53.02 | 227 | $5.94 | No |
| 1/7/2020 | 199702528 | 238463 | APTZR PCKL FRIES DIPT'N DUSTD 6-2# | FROZEN | Frozen Coated Vegetables | 12 | 2 | $106.40 | 227 | $11.91 | No |
| 1/7/2020 | 199702528 | 785024 | BEAN CHILI HOT 6-10 BROOKS | GROCERY | Shelf Stable Vegetables | 40.46 | 1 | $30.39 | 227 | $3.40 | No |
| 1/7/2020 | 199702528 | 163760 | CORN & BLK BEAN FLME RSTD 6-2.5# | FROZEN | Frozen Vegetables | 15 | 1 | $30.50 | 227 | $3.41 | No |
| 1/7/2020 | 199702528 | 143600 | ONION RING BATRD 6-2.5# MOORES | FROZEN | Frozen Coated Vegetables | 15 | 1 | $39.49 | 227 | $4.42 | No |
| 1/7/2020 | 199702532 | 149209 | PICKLE DILL SLCD HAMB 2900CT 5GAL | GROCERY | Pickles & Peppers | 45.86 | 1 | $31.57 | 227 | $3.53 | No |
| 1/7/2020 | 199702532 | 793469 | PEPPERS RED RSTD 117CT 6-10 GCHC | GROCERY | White Tablecloth Foods | 39 | 1 | $49.28 | 227 | $5.52 | No |
| 1/7/2020 | 199702532 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 1 | $33.75 | 227 | $3.78 | No |
| 1/8/2020 | 199723062 | 499943 | PEPPERS JALAP SLCD 6- 5GAL GRSZ | GROCERY | Mexican Foods | 22.5 | 1 | $31.03 | 226 | $3.46 | No |
| 1/10/2020 | 199789762 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | 1 | $27.20 | 224 | $3.00 | No |
| 1/10/2020 | 199789762 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | 2 | $51.08 | 224 | $5.64 | No |
| 1/10/2020 | 199789762 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | 1 | $30.43 | 224 | $3.36 | No |
| 1/10/2020 | 199789762 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | 1 | $23.01 | 224 | $2.54 | No |
| 1/10/2020 | 199789762 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | 1 | $34.33 | 224 | $3.79 | No |
| 1/10/2020 | 199789762 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 1 | $34.43 | 224 | $3.80 | No |
| 1/10/2020 | 199789762 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | 1 | $25.66 | 224 | $2.83 | No |
| 1/10/2020 | 199789762 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | 1 | $45.49 | 224 | $5.03 | No |
| 1/10/2020 | 199789762 | 246131 | TOMATO DCD I/JCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | 1 | $21.19 | 224 | $2.34 | No |

# EXHIBIT I

| Date | Number | Item | Description | Category | Sub-Category | Qty | | Price | Days | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/29/2018 | 189725077 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | 0 | $0.00 | 662 | $0.00 |
| 2/19/2019 | 837315900 | 267100 | ONION RING BATRD 3/8" 6-2.5# GCHC | FROZEN | Frozen Coated Vegetables | 15 | 0 | $5.99 | 549 | $1.62 |
| 3/9/2019 | 827268201 | 275263 | OLIVE GRN SLCD GRN 4-1GAL GCHC | GROCERY | Olives | 41 | 0 | $38.98 | 531 | $10.21 |
| 3/28/2019 | 785205185 | 189952 | PINEAPPLE CHUNKS IN JCE 6-10 GCHC | GROCERY | Shelf Stable Fruits | 39.71 | 0 | $6.79 | 512 | $1.71 |
| 4/5/2019 | 827269413 | 610802 | PEAS GREEN 6-4# GCHC | FROZEN | Frozen Vegetables | 24 | 0 | $5.99 | 504 | $1.49 |
| 4/20/2019 | 827270223 | 440809 | OLIVE RIPE PTTD MED 6-10 GCHC | GROCERY | Olives | 41.36 | 0 | $31.47 | 489 | $7.59 |
| 4/20/2019 | 827270223 | 156892 | OLIVE STFD QN 4-1GAL GCHC | GROCERY | Olives | 41.36 | 0 | $77.97 | 489 | $18.80 |
| 4/27/2019 | 827270586 | 117897 | ORANGES MAND WHL L/S 6-10 GFS | GROCERY | Shelf Stable Fruits | 40 | 0 | $32.97 | 482 | $7.84 |
| 5/11/2019 | 827271331 | 107484 | CHERRY MARASCH W/STEM 6-.5GAL GCHC | GROCERY | Shelf Stable Fruits | 23.97 | 0 | $9.79 | 468 | $2.26 |
| 5/11/2019 | 827271354 | 440809 | OLIVE RIPE PTTD MED 6-10 GCHC | GROCERY | Olives | 41.36 | 0 | $41.96 | 468 | $9.68 |
| 5/11/2019 | 827271354 | 156892 | OLIVE STFD QN 4-1GAL GCHC | GROCERY | Olives | 41.36 | 0 | $51.98 | 468 | $12.00 |
| 5/11/2019 | 827271378 | 189979 | PINEAPPLE TIDBITS IN JCE 6-10 GCHC | GROCERY | Shelf Stable Fruits | 40.13 | 0 | $12.98 | 468 | $3.00 |
| 5/18/2019 | 827271663 | 522302 | TOMATO PUREE 6-10 FULLRD | GROCERY | Shelf Stable Tomato Products | 45.54 | 0 | $17.97 | 461 | $4.09 |
| 6/4/2019 | 811151417 | 268348 | PEACH DCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 39.75 | 0 | $8.49 | 444 | $1.86 |
| 6/15/2019 | 827273106 | 440809 | OLIVE RIPE PTTD MED 6-10 GCHC | GROCERY | Olives | 41.36 | 0 | $10.49 | 433 | $2.24 |
| 6/15/2019 | 827273106 | 156892 | OLIVE STFD QN 4-1GAL GCHC | GROCERY | Olives | 41.36 | 0 | $77.97 | 433 | $16.65 |
| 6/15/2019 | 811151790 | 107336 | PICKLE KOSH DILL SLCD C/C 4-1GAL GCHC | GROCERY | Pickles & Peppers | 32.94 | 0 | $8.79 | 433 | $1.88 |
| 7/5/2019 | 195362895 | 262706 | PEAR SLCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 44.1 | 0 | $0.00 | 413 | $0.00 |
| 7/9/2019 | 195431493 | 262706 | PEAR SLCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 44.1 | 0 | $0.00 | 409 | $0.00 |
| 7/12/2019 | 195534958 | 262706 | PEAR SLCD XL/S 6-10 GCHC | GROCERY | Shelf Stable Fruits | 44.1 | 0 | $0.00 | 406 | $0.00 |
| 8/10/2019 | 912245505 | 143641 | ONION RING BEER BATRD THK 6-2.5# GCHC | FROZEN | Frozen Coated Vegetables | 15 | 0 | $23.37 | 377 | $4.34 |
| 11/25/2019 | 835182180 | 417180 | MUSHROOM FCY 6-24Z MRKN | PRODUCE | Fresh Mushrooms | 9 | 0 | $4.99 | 270 | $0.66 |
| 3/2/2019 | 837316616 | 735787 | LETTUCE ROMAINE CHOP 6-2# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 12 | 0 | $7.58 | 538 | $2.01 |
| 3/18/2019 | 192881154 | 238460 | POTATO RED "B" SZ #2 50# MRKN | PRODUCE | Fresh Potatoes | 50 | 0 | $0.00 | 522 | $0.00 |
| 3/18/2019 | 192876385 | 238460 | POTATO RED "B" SZ #2 50# MRKN | PRODUCE | Fresh Potatoes | 50 | 0 | $0.00 | 522 | $0.00 |
| 3/29/2019 | 193132635 | 219550 | CILANTRO CLEANED 4-1# RSS | PRODUCE | Fresh Herbs | 4 | 0 | $4.29 | 511 | $1.08 |
| 3/30/2019 | 827269189 | 402481 | SPRING MIX CONVENTIONAL 6-1# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 6 | 0 | $11.97 | 510 | $3.01 |
| 4/1/2019 | 823158646 | 166720 | BLUEBERRY IQF 4-5# GFS | FROZEN | Frozen Fruits | 20 | 0 | $12.99 | 508 | $3.25 |
| 4/2/2019 | 827269254 | 644482 | BANANA 13-3# P/L | PRODUCE | Fresh Bananas | 40 | 0 | $7.45 | 507 | $1.86 |
| 4/3/2019 | 827269300 | 644482 | BANANA 13-3# P/L | PRODUCE | Fresh Bananas | 40 | 0 | $7.45 | 506 | $1.86 |
| 4/5/2019 | 193289536 | 238460 | POTATO RED "B" SZ #2 50# MRKN | PRODUCE | Fresh Potatoes | 50 | 0 | $0.00 | 504 | $0.00 |
| 4/6/2019 | 827269498 | 644482 | BANANA 13-3# P/L | PRODUCE | Fresh Bananas | 40 | 0 | $11.92 | 503 | $2.96 |
| 4/6/2019 | 823158810 | 361510 | CUCUMBER SELECT 4-6CT MRKN | PRODUCE | Fresh Gourds | 20 | 0 | $5.79 | 503 | $1.44 |
| 4/6/2019 | 827269464 | 361510 | CUCUMBER SELECT 4-6CT MRKN | PRODUCE | Fresh Gourds | 20 | 0 | $17.37 | 503 | $4.31 |
| 4/11/2019 | 827269687 | 781592 | CELERY STIX 4-3# RSS | PRODUCE | Value-Add Celery | 12 | 0 | $19.98 | 498 | $4.91 |
| 4/11/2019 | 827269686 | 836672 | WATERMELON SDLSS 12#AVG 60CT P/L | PRODUCE | Fresh Melons | 699.98 | 0 | $5.99 | 498 | $1.47 |
| 4/12/2019 | 193461339 | 434720 | EGGPLANT RND BRD 2-5# CARLA | FROZEN | Controlled Usage Frozen Products | 10 | 0 | $0.00 | 497 | $0.00 |
| 4/13/2019 | 827269867 | 644482 | BANANA 13-3# P/L | PRODUCE | Fresh Bananas | 40 | 0 | $11.92 | 496 | $2.92 |
| 4/15/2019 | 827269903 | 644482 | BANANA 13-3# P/L | PRODUCE | Fresh Bananas | 40 | 0 | $1.49 | 494 | $0.36 |
| 4/15/2019 | 827269903 | 761764 | ONION RED 12-2# P/L | PRODUCE | Fresh Onions | 24 | 0 | $2.99 | 494 | $0.73 |
| 4/20/2019 | 827270249 | 644482 | BANANA 13-3# P/L | PRODUCE | Fresh Bananas | 40 | 0 | $1.49 | 489 | $0.36 |
| 4/20/2019 | 827270223 | 184710 | CELERY HEARTS 18-2CT P/L | PRODUCE | Fresh Stalk Vegetables | 16 | 0 | $29.94 | 489 | $7.22 |
| 4/20/2019 | 827270185 | 781592 | CELERY STIX 4-3# RSS | PRODUCE | Value-Add Celery | 12 | 0 | $19.98 | 489 | $4.82 |
| 4/20/2019 | 823159179 | 361510 | CUCUMBER SELECT 4-6CT MRKN | PRODUCE | Fresh Gourds | 20 | 0 | $5.99 | 489 | $1.44 |
| 4/20/2019 | 827270166 | 361501 | PEPPERS GREEN LRG 4-5# MRKN | PRODUCE | Fresh Peppers | 20 | 0 | $11.99 | 489 | $2.89 |
| 4/22/2019 | 193678937 | 897320 | AVOCADO HAAS RIPE LAYR 48CT P/L | PRODUCE | Fresh Tree Fruit | 27 | 0 | $0.00 | 487 | $0.00 |
| 4/23/2019 | 193704672 | 510637 | CARROT BABY WHL CLEANED 12-2# RSS | PRODUCE | Value-Add Carrots | 24 | 0 | $8.82 | 486 | $2.11 |
| 4/26/2019 | 193785233 | 219550 | CILANTRO CLEANED 4-1# RSS | PRODUCE | Fresh Herbs | 4 | 0 | $4.28 | 483 | $1.02 |
| 4/26/2019 | 193785233 | 272396 | PARSLEY CALIF CLND 4-1# RSS | PRODUCE | Fresh Herbs | 4 | 0 | $4.39 | 483 | $1.05 |
| 4/27/2019 | 827270595 | 184710 | CELERY HEARTS 18-2CT P/L | PRODUCE | Fresh Stalk Vegetables | 16 | 0 | $4.99 | 482 | $1.19 |
| 4/27/2019 | 827270621 | 184710 | CELERY HEARTS 18-2CT P/L | PRODUCE | Fresh Stalk Vegetables | 16 | 0 | $4.99 | 482 | $1.19 |
| 4/27/2019 | 827270595 | 693078 | ONION YEL 16-3# P/L | PRODUCE | Fresh Onions | 48 | 0 | $7.47 | 482 | $1.78 |

| 4/29/2019 | 827270632 | 211782 | LETTUCE ROMAINE HRTS 7-6CT MRKN | PRODUCE | Value-Add Lettuce & Salad Greens | 27 | 0 | $11.58 | 480 | $2.74 |
| 4/30/2019 | 827270676 | 644482 | BANANA 13-3# P/L | PRODUCE | Fresh Bananas | 40 | 0 | $4.47 | 479 | $1.06 |
| 4/30/2019 | 193867776 | 219550 | CILANTRO CLEANED 4-1# RSS | PRODUCE | Fresh Herbs | 4 | 0 | $8.56 | 479 | $2.02 |
| 4/30/2019 | 193867776 | 272396 | PARSLEY CALIF CLND 4-1# RSS | PRODUCE | Fresh Herbs | 4 | 0 | $8.78 | 479 | $2.07 |
| 5/3/2019 | 827270875 | 570095 | LIME 6-12CT MRKN | PRODUCE | Fresh Citrus | 13.5 | 0 | $23.16 | 476 | $5.44 |
| 5/4/2019 | 827270960 | 361501 | PEPPERS GREEN LRG 4-5# MRKN | PRODUCE | Fresh Peppers | 20 | 0 | $8.49 | 475 | $1.99 |
| 5/4/2019 | 827270960 | 671332 | PEPPERS RED XL 4-6CT P/L | PRODUCE | Fresh Peppers | 11 | 0 | $9.49 | 475 | $2.22 |
| 5/11/2019 | 827271330 | 677558 | LEMON FCY 18-2# | PRODUCE | Fresh Citrus | 36 | 0 | $13.96 | 468 | $3.22 |
| 5/11/2019 | 827271330 | 735787 | LETTUCE ROMAINE CHOP 6-2# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 12 | 0 | $15.96 | 468 | $3.68 |
| 5/11/2019 | 827271344 | 242489 | LETTUCE SHRD TACO 1/8CUT 4-5# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 20 | 0 | $11.58 | 468 | $2.67 |
| 5/11/2019 | 827271330 | 570095 | LIME 6-12CT MRKN | PRODUCE | Fresh Citrus | 13.5 | 0 | $11.58 | 468 | $2.67 |
| 5/11/2019 | 827271344 | 671332 | PEPPERS RED XL 4-6CT P/L | PRODUCE | Fresh Peppers | 11 | 0 | $8.99 | 468 | $2.07 |
| 5/11/2019 | 827271330 | 402481 | SPRING MIX CONVENTIONAL 6-1# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 6 | 0 | $7.98 | 468 | $1.84 |
| 5/20/2019 | 827271740 | 671332 | PEPPERS RED XL 4-6CT P/L | PRODUCE | Fresh Peppers | 11 | 0 | $8.99 | 459 | $2.03 |
| 5/21/2019 | 194373821 | 510637 | CARROT BABY WHL CLEANED 12-2# RSS | PRODUCE | Value-Add Carrots | 24 | 0 | $8.64 | 458 | $1.95 |
| 5/21/2019 | 194373821 | 412201 | MELON MUSK CANTALOUPE 12-18CT MFC | PRODUCE | Fresh Melons | 37.97 | 0 | $0.00 | 458 | $0.00 |
| 5/23/2019 | 827271919 | 417190 | MUSHROOM SLCD 1/4" SEL 6-24Z P/L | PRODUCE | Fresh Mushrooms | 9 | 0 | $4.99 | 456 | $1.12 |
| 5/25/2019 | 827272098 | 198226 | COLE SLAW SHRED SEP BAG 1/8" 4-5# RSS | PRODUCE | Value-Add Cabbage | 20 | 0 | $11.58 | 454 | $2.59 |
| 5/25/2019 | 811151139 | 644482 | BANANA 13-3# P/L | PRODUCE | Fresh Bananas | 40 | 0 | $1.49 | 454 | $0.33 |
| 5/25/2019 | 811151139 | 600504 | LETTUCE BLND ICEBERG/ROMN 4-5# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 20 | 0 | $13.98 | 454 | $3.08 |
| 5/31/2019 | 827272295 | 198307 | ONION DCD 1/4" 2-5# RSS | PRODUCE | Value-Add Onions | 10 | 0 | $9.99 | 448 | $2.21 |
| 6/4/2019 | 827272489 | 206504 | LETTUCE SALAD MXD 4-5# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 20 | 0 | $5.99 | 444 | $1.31 |
| 6/4/2019 | 194681636 | 560715 | PEPPERS RED DOMESTIC 23# MRKN | PRODUCE | Fresh Peppers | 23 | 0 | $0.00 | 444 | $0.00 |
| 6/7/2019 | 194758434 | 272396 | PARSLEY CALIF CLND 4-1# RSS | PRODUCE | Fresh Herbs | 4 | 0 | $4.38 | 441 | $0.95 |
| 6/11/2019 | 194841140 | 510637 | CARROT BABY WHL CLEANED 12-2# RSS | PRODUCE | Value-Add Carrots | 24 | 0 | $8.76 | 437 | $1.89 |
| 6/11/2019 | 827272816 | 206504 | LETTUCE SALAD MXD 4-5# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 20 | 0 | $11.98 | 437 | $2.58 |
| 6/14/2019 | 194916140 | 272396 | PARSLEY CALIF CLND 4-1# RSS | PRODUCE | Fresh Herbs | 4 | 0 | $4.38 | 434 | $0.94 |
| 6/15/2019 | 827273098 | 735787 | LETTUCE ROMAINE CHOP 6-2# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 12 | 0 | $15.96 | 433 | $3.41 |
| 6/15/2019 | 827273098 | 242489 | LETTUCE SHRD TACO 1/8CUT 4-5# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 20 | 0 | $11.58 | 433 | $2.47 |
| 6/15/2019 | 827273098 | 402481 | SPRING MIX CONVENTIONAL 6-1# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 6 | 0 | $7.98 | 433 | $1.70 |
| 6/15/2019 | 827273106 | 184710 | CELERY HEARTS 18-2CT P/L | PRODUCE | Fresh Stalk Vegetables | 16 | 0 | $29.94 | 433 | $6.39 |
| 6/15/2019 | 827273106 | 781592 | CELERY STIX 4-3# RSS | PRODUCE | Value-Add Celery | 12 | 0 | $18.98 | 433 | $4.05 |
| 6/17/2019 | 827273128 | 735787 | LETTUCE ROMAINE CHOP 6-2# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 12 | 0 | $3.99 | 431 | $0.85 |
| 6/18/2019 | 194991899 | 510637 | CARROT BABY WHL CLEANED 12-2# RSS | PRODUCE | Value-Add Carrots | 24 | 0 | $5.80 | 430 | $1.23 |
| 6/19/2019 | 827273234 | 761764 | ONION RED 12-2# P/L | PRODUCE | Fresh Onions | 24 | 0 | $2.79 | 429 | $0.59 |
| 6/21/2019 | 827273325 | 206059 | PEPPERS GREEN MED 20# MRKN | PRODUCE | Fresh Peppers | 20 | 0 | $1.50 | 427 | $0.32 |
| 6/22/2019 | 827273392 | 671332 | PEPPERS RED XL 4-6CT P/L | PRODUCE | Fresh Peppers | 11 | 0 | $21.98 | 426 | $4.62 |
| 6/28/2019 | 195217002 | 219550 | CILANTRO CLEANED 4-1# RSS | PRODUCE | Fresh Herbs | 4 | 0 | $4.27 | 420 | $0.88 |
| 6/28/2019 | 195217002 | 272396 | PARSLEY CALIF CLND 4-1# RSS | PRODUCE | Fresh Herbs | 4 | 0 | $4.38 | 420 | $0.91 |
| 7/5/2019 | 827273990 | 211782 | LETTUCE ROMAINE HRTS 7-6CT MRKN | PRODUCE | Value-Add Lettuce & Salad Greens | 27 | 0 | $9.49 | 413 | $1.93 |
| 7/8/2019 | 827274118 | 211782 | LETTUCE ROMAINE HRTS 7-6CT MRKN | PRODUCE | Value-Add Lettuce & Salad Greens | 27 | 0 | $8.49 | 410 | $1.72 |
| 7/12/2019 | 195534958 | 272396 | PARSLEY CALIF CLND 4-1# RSS | PRODUCE | Fresh Herbs | 4 | 0 | $4.38 | 406 | $0.91 |
| 7/13/2019 | 933055549 | 211782 | LETTUCE ROMAINE HRTS 7-6CT MRKN | PRODUCE | Value-Add Lettuce & Salad Greens | 27 | 0 | $33.96 | 405 | $6.78 |
| 8/10/2019 | 930088925 | 361510 | CUCUMBER SELECT 4-6CT MRKN | PRODUCE | Fresh Gourds | 20 | 0 | $20.37 | 377 | $3.79 |
| 12/31/2019 | 827282554 | 644482 | BANANA 13-3# P/L | PRODUCE | Fresh Bananas | 40 | 0 | $7.95 | 234 | $0.92 |
| 12/31/2019 | 199569817 | 588381 | TOMATO ROMA #2 1-25# MRKN | PRODUCE | Fresh Tomatoes | 25 | 0 | $0.00 | 234 | $0.00 |
| 1/3/2020 | 199618233 | 272396 | PARSLEY CALIF CLND 4-1# RSS | PRODUCE | Fresh Herbs | 4 | 0 | $4.57 | 231 | $0.52 |
| 1/4/2020 | 827282721 | 781592 | CELERY STIX 4-3# RSS | PRODUCE | Value-Add Celery | 12 | 0 | $6.99 | 230 | $0.79 |
| 1/4/2020 | 827282721 | 417190 | MUSHROOM SLCD 1/4" SEL 6-24Z P/L | PRODUCE | Fresh Mushrooms | 9 | 0 | $19.96 | 230 | $2.26 |
| 1/4/2020 | 827282660 | 761764 | ONION RED 12-2# P/L | PRODUCE | Fresh Onions | 24 | 0 | $5.97 | 230 | $0.68 |
| 1/4/2020 | 827282722 | 510637 | CARROT BABY WHL CLEANED 12-2# RSS | PRODUCE | Value-Add Carrots | 24 | 0 | $2.69 | 230 | $0.31 |
| 1/4/2020 | 827282722 | 725701 | CAULIFLOWER 12CT P/L | PRODUCE | Fresh Stalk Vegetables | 22 | 0 | $3.98 | 230 | $0.45 |

| 1/4/2020 | 827282722 | 184710 | CELERY HEARTS 18-2CT P/L | PRODUCE | Fresh Stalk Vegetables | 16 | 0 | $2.79 | 230 | $0.32 |
| 1/4/2020 | 827282722 | 757242 | POTATO RED "A/B" SZ 10-5# P/L | PRODUCE | Fresh Potatoes | 50 | 0 | $3.99 | 230 | $0.45 |
| 1/7/2020 | 827282782 | 198889 | ONION GREEN BUNCHES 4-2# RSS | PRODUCE | Fresh Onions | 8 | 0 | $11.58 | 227 | $1.30 |
| 1/7/2020 | 827282777 | 361510 | CUCUMBER SELECT 4-6CT MRKN | PRODUCE | Fresh Gourds | 20 | 0 | $7.99 | 227 | $0.89 |
| 1/10/2020 | 199789762 | 219550 | CILANTRO CLEANED 4-1# RSS | PRODUCE | Fresh Herbs | 4 | 0 | $4.49 | 224 | $0.50 |

# EXHIBIT J

| Customer ID | Customer DESC | Fiscal Day | Invoice Number | Item ID | Item DESC | Product Type | Product Sub Group | Item Net | Net Invoice | Days Late | Accrued Interest | Invoice Match |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 694590 | APTZR CORN NUGGETS BATRD 6-2# GCHC | FROZEN | Frozen Coated Vegetables | 12 | $27.20 | 224 | $3.00 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 273856 | BEAN GREEN CUT MXD SV 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 38.25 | $51.08 | 224 | $5.64 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 148393 | BEET SLCD MED PICKLED 6-10 GCHC | GROCERY | Shelf Stable Vegetables | 39 | $30.43 | 224 | $3.36 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 219550 | CILANTRO CLEANED 4-1# RSS | PRODUCE | Fresh Herbs | 4 | $4.49 | 224 | $0.50 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 159620 | OKRA CUT BRD SOUTHERN STYL 4-5# | FROZEN | Frozen Coated Vegetables | 20 | $23.01 | 224 | $2.54 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 539491 | ORANGES MAND L/S 6-10 EMPRESS | GROCERY | Controlled Usage Grocery Products | 40 | $34.33 | 224 | $3.79 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 120480 | PEACH SLCD L/S 6-10 EMPRS | GROCERY | Controlled Usage Grocery Products | 45 | $34.43 | 224 | $3.80 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 429295 | PICKLE KOSH DILL SPEAR 5GAL BRICK | PRODUCE | Refrigerated Pickles & Sauerkraut | 45.6 | $25.66 | 224 | $2.83 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 160931 | POTATOES MASHED DEHY 24-13Z | GROCERY | Shelf Stable Potato Products | 19.5 | $45.49 | 224 | $5.03 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 246131 | TOMATO DICD IJCE MW 6-10 GFS | GROCERY | Shelf Stable Tomato Products | 38.25 | $21.19 | 224 | $2.34 | Paid/Wrong Company |
| 100153847 | SMASHBURGER ROCHESTER HILLS | 11/25/2019 | 835182180 | 417180 | MUSHROOM FCY 6-24Z MRKN | PRODUCE | Fresh Mushrooms | 9 | $4.99 | 270 | $0.66 | Paid/Wrong Company |
| 100187743 | OLD CHICAGO #7071 | 8/10/2019 | 930088925 | 361510 | CUCUMBER SELECT 4-6CT MRKN | PRODUCE | Fresh Gourds | 20 | $20.37 | 377 | $3.79 | Paid/Wrong Company |
| 100187755 | OLD CHICAGO #7074 | 8/10/2019 | 912245505 | 143641 | ONION RING BEER BATRD THK 6-2.5# GCHC | FROZEN | Frozen Coated Vegetables | 15 | $23.37 | 377 | $4.34 | Paid/Wrong Company |
| 100211339 | CRACKED | 3/18/2019 | 192890521 | 112747 | COCONUT SNOWFLAKE 1-5# GCHC | GROCERY | Baking Supplies & Chocolate | 10 | $22.37 | 522 | $5.76 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 201367 | APPLE DELICIOUS RED 125CT MRKN | PRODUCE | Fresh Apples | 40 | $26.63 | 224 | $2.94 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 313408 | CARROT SHRD MED 2-5# RSS | PRODUCE | Value-Add Carrots | 10 | $11.39 | 224 | $1.26 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 285750 | CARROT SLCD SMTH MED 30# GCHC | FROZEN | Frozen Vegetables | 30 | $22.60 | 224 | $2.50 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 358991 | CORN SUPER SWT 30# GCHC | FROZEN | Frozen Vegetables | 30 | $47.78 | 224 | $5.28 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 198587 | CUCUMBER SELECT SUPER 45# MRKN | PRODUCE | Fresh Gourds | 45 | $39.18 | 224 | $4.33 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 516058 | FRIES STEAK MW/SKIN 6-5# PRVTRES | FROZEN | Frozen French Fries & Potatoes | 30 | $22.74 | 224 | $2.51 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 457558 | FRIES WEDGE SEAS 6-5# LAMB | FROZEN | Frozen French Fries & Potatoes | 30 | $40.45 | 224 | $4.47 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 280895 | GRAPES RED LUNCH BUNCH 21#AVG MRKN | PRODUCE | Value-Add Fruit | 21 | $34.55 | 224 | $3.82 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 206504 | LETTUCE SALAD MXD 4-5# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 20 | $20.55 | 224 | $2.27 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 200565 | MELON MUSK CANTALOUPE 12CT P/L | PRODUCE | Fresh Melons | 41 | $25.12 | 224 | $2.77 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 261904 | MUSHROOM BUTTON SML 10# MRKN | PRODUCE | Fresh Mushrooms | 10 | $59.43 | 224 | $6.56 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 759309 | MUSHROOM SLCD 3/16" 10# MRKN | PRODUCE | Fresh Mushrooms | 10 | $19.87 | 224 | $2.19 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 198722 | ONION RED JUMBO 25# MRKN | PRODUCE | Fresh Onions | 25 | $17.85 | 224 | $1.97 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 280437 | PEPPERS GREEN #2 20# P/L | PRODUCE | Fresh Peppers | 20 | $22.53 | 224 | $2.49 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 233277 | POTATO BAKER IDAHO 90CT MRKN | PRODUCE | Fresh Potatoes | 50 | $24.06 | 224 | $2.66 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 238460 | POTATO RED "B" SZ #2 50# MRKN | PRODUCE | Fresh Potatoes | 50 | $28.97 | 224 | $3.20 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 604925 | POTATO SWT 10-14Z 40# P/L | PRODUCE | Fresh Potatoes | 40 | $32.79 | 224 | $3.62 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 329401 | SPINACH LEAF FLAT CLND 4-2.5# RSS | PRODUCE | Value-Add Lettuce & Salad Greens | 10 | $18.55 | 224 | $2.05 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 129631 | TOMATO GRAPE SWT 10# MRKN | PRODUCE | Fresh Tomatoes | 10 | $28.19 | 224 | $3.11 | Paid/Wrong Company |
| 100121805 | PONDEROSA #1238 MT. PLEASANT | 1/10/2020 | 199789762 | 588381 | TOMATO ROMA #2 1-25# MRKN | PRODUCE | Fresh Tomatoes | 25 | $41.67 | 224 | $4.60 | Paid/Wrong Company |
| 100153847 | SMASHBURGER ROCHESTER HILLS | 11/25/2019 | 835182180 | 614084 | FRIES 5/16" R/C 6-5# STLTH | FROZEN | Frozen French Fries & Potatoes | 30 | $42.40 | 270 | $5.65 | Paid/Wrong Company |
| 100211339 | CRACKED | 11/25/2019 | 198771672 | 457566 | FRIES CRISSCUT SEAS 6-4.5# LAMB | FROZEN | Frozen French Fries & Potatoes | 27 | $40.66 | 270 | $5.41 | Paid/Wrong Company |
| 100211339 | CRACKED | 11/21/2019 | 198701042 | 457566 | FRIES CRISSCUT SEAS 6-4.5# LAMB | FROZEN | Frozen French Fries & Potatoes | 27 | $40.66 | 274 | $5.49 | Paid/Wrong Company |
| 100211339 | CRACKED | 11/21/2019 | 198701042 | 428353 | GARLIC PLD FRESH 5# RSS | PRODUCE | Value-Add Onions | 5 | $17.95 | 274 | $2.43 | Paid/Wrong Company |
| 100211339 | CRACKED | 11/18/2019 | 198600114 | 457566 | FRIES CRISSCUT SEAS 6-4.5# LAMB | FROZEN | Frozen French Fries & Potatoes | 27 | $81.32 | 277 | $11.11 | Paid/Wrong Company |
| 100187755 | OLD CHICAGO #7074 | 8/10/2019 | 912245505 | 741299 | FRIES 3/8" R/C W/SKIN 6-5# STLTHNAT | FROZEN | Frozen French Fries & Potatoes | 30 | $44.99 | 377 | $8.36 | Paid/Wrong Company |

# EXHIBIT K

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 100187743 | OLD CHICAGO #7071 | 8/10/2019 | 930088925 | 361510 | CUCUMBER SELECT 4-6CT MRKN | PRODUCE | Fresh Gourds | 20 | 0 | $20.37 | 377 | $3.79 |
| 100187755 | OLD CHICAGO #7074 | 8/10/2019 | 912245505 | 143641 | ONION RING BEER BATRD THK 6-2.5# GCHC | FROZEN | Frozen Coated Vegetables | 15 | 0 | $23.37 | 377 | $4.34 |
| 100187755 | OLD CHICAGO #7074 | 8/10/2019 | 912245505 | 741299 | FRIES 3/8" R/C W/SKIN 6-5# STLTHNAT | FROZEN | Frozen French Fries & Potatoes | 30 | 1 | $44.99 | 377 | $8.36 |